**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WIGGLESWORTH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAIDEN HOLDINGS, LTD., ARTURO M. RASCHBAUM, KAREN L. SCHMITT AND JOHN M. MARSHALECK,<br><br>Defendants. | No.: 1:19-cv-05296-RMB-JS<br><br>**MEMORANDUM OF LAW OF TAISHIN BANK IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>**MOTION DATE: May 20, 2019** |
| JOHN DOUGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAIDEN HOLDINGS, LTD., ARTURO M. RASCHBAUM, KAREN L. SCHMITT AND JOHN M. MARSHALECK,<br><br>Defendants. | No.: 1:19-cv-08105-RMB-JS<br><br><u>CLASS ACTION</u> |

i

# TABLE OF CONTENTS

**Page**

**INTRODUCTION**..................................................................................................1

**ARGUMENT** ......................................................................................................2

**I.    TAISHIN SHOULD BE APPOINTED AS LEAD PLAINTIFF**…………2

    **A.    Taishin Has Triggered The Most Adequate Plaintiff Presumption 3**

        **i.    Taishin Has The Largest Financial Interest**…………………3

    **B.    Taishin Has Demonstrated Its Typicality and Adequacy** ................4

    **C.    Competing Movants Cannot Rebut the Presumption in Favor of Taishin** ........................................................................................................4

**II.   TAISHIN'S SELECTION OF COUNSEL SHOULD BE APPROVED**……………………………………………………………………………..5

**III.  COMPETING MOTIONS SHOULD BE DENIED**………………………6

**CONCLUSION**...................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Constance Sczesny Trust v. KPMG LLP*,
  223 F.R.D. 319, 324 (S.D.N.Y. 2004)................................................................5
*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ......................................................................1, 2, 5
*Roby v. Ocean Power Techs., Inc.*,
  No. 14-CV-3799 FLW LHG, 2015 WL 1334320 (D.N.J. Mar. 17, 2015) .........3, 4
*Sofran v. LaBranche & Co.*,
  220 F.R.D. 398 (S.D.N.Y.2004)...............................................................5

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................1, 2, 5

**RULES**

Fed. R. Civ. P. 23 ........................................................................1

Taishin Bank ("Taishin") respectfully submits this Memorandum of Law in Opposition to the Competing Lead Plaintiff Motions. *See* Dkt. Nos. 13 and 15.[1]

## INTRODUCTION

On April 12, 2019, Taishin and three other movants filed motions seeking appointment as lead plaintiff on behalf of purchasers of Maiden Holdings, Ltd. ("Maiden" or the "Company") securities between March 4, 2014 and November 9, 2018, both dates inclusive (the "Class Period"). *See* Dkt. Nos. 13-16. Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court must appoint as lead plaintiff the movant with the largest financial interest who has made a *prima facie* demonstration of typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-65 (3d Cir. 2001), *cert. denied sub nom.*, 535 U.S. 929 (2002).

Taishin, a sophisticated institutional investor, satisfies these requirements and should be appointed as Lead Plaintiff. It has by far the largest financial interest in this litigation – more than 13 times the loss of the next movant – and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as stated in its initial motion papers.

---

[1] On May 2, 2019, movants Dennis R. Johnson, Steve Owen, and Julio Queliz also known as "The Maiden Investor Group," filed a Notice of Non-Opposition stating that it does not have the largest loss and admitting that Taishin appears to have the largest loss. Dkt. No. 18.  Accordingly, since The Maiden Investor Group is not opposing Taishin's motion, its motion will not be addressed herein.

## ARGUMENT

### I.     TAISHIN SHOULD BE APPOINTED AS LEAD PLAINTIFF

The PSLRA requires that the Court appoint as lead plaintiff the movant with the largest financial interest who has made a *prima facie* demonstration of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cendant*, 264 F.3d at 263-65. "[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive." *Cendant*, 265 F.3d at 264.

The Court shall then provide class members an opportunity to rebut the presumption in favor of the "most adequate plaintiff" with "*proof*" that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class. *Cendant*, 264 F.3d at 268 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). The Court must appoint the presumptive lead plaintiff if no other class member succeeds in rebutting the presumption with *proof*. *See id.* Only if the presumption has been rebutted with *proof* may the Court then start the process anew with the movant with the next largest financial interest. *See id.*

Utilizing this required procedure confirms that Taishin is the presumptive "most adequate plaintiff" as it has the largest financial interest and has made a *prima facie* showing of adequacy and typicality.

2

### A.  Taishin Has Triggered The Most Adequate Plaintiff Presumption
#### i.  Taishin Has The Largest Financial Interest

To determine which plaintiff has the "largest financial interest," the Third Circuit has held that district "courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Cendant*, 264 F.3d at 262. Courts in this Circuit have accorded the third element, the largest financial loss, the greatest weight. *See Roby v. Ocean Power Techs., Inc.*, No. 14-CV-3799 FLW LHG, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (citing cases). Applying these factors, Taishin – by far – has the largest financial interest in this action of the remaining movants:

| Movant | Shares Purchased | Shares Retained | Total Net Funds Expended | Loss |
|---|---|---|---|---|
| **Taishin Bank** | **656,946** | **350,557** | **$14,780,748.44** | **$9,678,527.73** |
| Boilermaker-Blacksmith National Pension Trust | 56,300 | 56,300 | $837,426.34 | $736,964.24 |
| John W. Kelly | 4,500 | 4,500 | $110,586.00 | $65,972.19 |

Taishin lost $9,678,527.73, the greatest loss of all movants several times over. Taishin purchased 600,646 more shares, retained 294,257 more shares, expended over $13.9 million more on Maiden shares, and lost $8,941,563.49 more

3

than Boilermaker-Blacksmith National Pension Trust, the purported next largest movant. Thus, Taishin has the largest financial interest in this litigation and is the presumptive lead plaintiff. *See Ocean Power*, 2015 WL 1334320, at *5 (appointing as lead plaintiff the movant which purchased greatest number of shares, expended most funds and had the largest financial loss).

### B.  Taishin Has Demonstrated Its Typicality and Adequacy

As set forth in Taishin's opening papers, it has made a *prima facie* showing of its adequacy and typicality. Taishin has submitted a sworn certification attesting to its willingness to serve as lead plaintiff. *See* Dkt. No. 14-5. Taishin's claims are typical of other class members because they arise from the same legal theories and nucleus of fact. Taishin's interests are aligned with other class members as it has the same incentive to prove Defendants' fraud. There are no conflicts of interest between Taishin and absent class members. In short, because Taishin, a sophisticated institutional investor, has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, it is the presumptive lead plaintiff. Movant should be appointed lead plaintiff and its selection of Lead Counsel should be approved. *See Cendant*, 264 F.3d at 265.

### C.  Competing Movants Cannot Rebut the Presumption in Favor of Taishin

The presumption that Taishin is the most adequate plaintiff "may be rebutted

4

only upon proof." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cendant*, 264 F.3d at 264; *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation"); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence ….").

Taishin has satisfied the requirements to be appointed Lead Plaintiff in this action. Other movants have not presented *proof* to rebut this presumption.

## II.   TAISHIN'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant,* 264 F.3d at 273 ("the power to 'select and retain' lead counsel belongs, at least in the first instance, to the lead plaintiff, and the court's role is confined to deciding whether to 'approv[e]' that choice.").

Here, Taishin selected The Rosen Law Firm, P.A. as Lead Counsel. As demonstrated in its opening papers, the firm has the expertise to litigate this action efficiently and aggressively. Dkt. No. 14-8. As such, Taishin selection of counsel should be approved.

## III.   COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Taishin has the greatest financial interest in the litigation and should therefore be appointed Lead Plaintiff without further analyses. In no way is Taishin conceding or acknowledging that the competing movants are adequate or that their claims are typical. Taishin reserves the right to address the competing movants' adequacy or typicality, should the Court reach those motions.

## CONCLUSION

For the reasons stated herein and in Taishin's opening papers, Taishin respectfully requests that the Court grant its motion in its entirety and deny the competing movants' motions.

Dated: May 6, 2019                   Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen

7