CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL WIGGLESWORTH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:19-cv-05296-RMB-JS |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) ) | THE PENSION TRUST'S REPLY TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |
| vs. | ) ) ) | |
| MAIDEN HOLDINGS, LTD., et al., | ) ) | |
| Defendants. | ) ) ) | MOTION DAY:  May 20, 2019 |

[Caption continued on following page.]

1563718_1

JOHN DOUGAN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

MAIDEN HOLDINGS, LTD., et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

No. 1:19-cv-08105-RMB-JS

<u>CLASS ACTION</u>

1563718_1

## I.    INTRODUCTION

The field of movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this case is down to two: the Boilermaker-Blacksmith National Pension Trust (the "Pension Trust") and Taishin Bank.[1]  Only one movant is substantively unopposed: the Pension Trust.

By failing to oppose the Pension Trust's motion, Taishin Bank effectively conceded that the Pension Trust is entirely typical and adequate, and is not subject to any defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii).  Indeed, unlike Taishin Bank, the Pension Trust meets all of the statutory requirements as it filed a timely motion, suffered a substantial $736,000 loss, satisfies the Rule 23 requirements, is not subject to any defenses, and, as an institutional investor with prior experience serving as lead plaintiff in a securities case that selected qualified counsel, it is the quintessential lead plaintiff candidate.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Moreover, Taishin Bank cannot trigger the PSLRA's most adequate plaintiff presumption because it suffers from a host of disqualifying defects.  Consequently, Taishin Bank's motion should be denied.

---

[1]    On May 2, 2019, the Maiden Investor Group filed a notice of non-opposition to the competing motions.  *See* ECF No. 18.  Movant John W. Kelly did not file a response brief and has presumably abandoned his motion.  *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) ("Two additional movants . . . did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn.").

1563718_1

## II.     ARGUMENT

### A.     Taishin Bank Waived Its Right to Oppose the Pension Trust's Motion

While Taishin Bank's brief is entitled an "Opposition to Competing Lead Plaintiff Motions," it actually consists of six pages of statements in further support of its own motion. *See* ECF No. 24 at 1-6. Taishin Bank made "no argument against [the Pension Trust] other than pointing out its relatively low[er] financial stake in the litigation." *Tsirekidze v. Syntax- Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing institutional investor that lacked the largest financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); *see also* ECF No. 24 at 3-4 (making no arguments against the Pension Trust other than stating its financial interest is smaller than Taishin Bank's interest).

Instead, on the final page of their brief, Taishin Bank declared – without citing any authority – that it was not "conceding or acknowledging that the competing movants are adequate or that their claims are typical" and that it was "reserv[ing] the right to address the competing movants' adequacy or typicality, should the Court reach those motions." ECF No. 24 at 6. The undersigned counsel is unaware of any authority that permits a litigant to extra-judicially "reserve" the right to oppose a motion in the future, beyond the date set by the local rules. Here, the Court's Local Civil Rules required Taishin Bank to file its opposition by May 6, 2019. *See* Civ. RULE 7.1(d)(2). Taishin Bank did not do so. Thus, irrespective of its *ipse dixit*

- 2 -

"reservation," Taishin Bank's failure to oppose the Pension Trust's motion is a sufficient basis to grant the motion. *Lawlor v. ESPN Scouts, LLC*, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant."); *Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd.*, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) ("Plaintiff has waived its opposition to this argument by failing to respond to it.").[2]

The Pension Trust is the only candidate that satisfies all of the PSLRA's requirements. Its motion should be granted.

## B. Taishin Bank Cannot Trigger the "Most Adequate Plaintiff" Presumption

As discussed in the Pension Trust's Opposition, Taishin Bank does not satisfy the Rule 23 requirements and it will be subject to a host of unique defenses that will become a significant focus of the litigation. *See* ECF No. 25.

First, Taishin Bank's PSLRA Certification is invalid because Taishin Bank is not the entity's proper name; as the stamp, or seal, on the Certification reveals, the

---

[2]   Taishin Bank should not be permitted to oppose the Pension Fund's motion for the first time in its reply brief. *See Zulauf v. Stockton Univ.*, 2017 WL 700111, at *9 n.8 (D.N.J. Feb. 22, 2017) (Bumb, J.) ("[T]he Court will not consider this argument as it was raised for the first time in Defendants' reply brief and Plaintiff has not had an opportunity to respond."); *Huertas v. Citigroup, Inc.*, 2015 WL 2226012, at *4 (D.N.J. May 11, 2015) (Bumb, J.) ("Arguments raised for the first time in a reply brief need not be considered."), *aff'd*, 639 F. App'x 798 (3d Cir. 2016).

- 3 -

corporate entity is Taishin International Bank Co., Ltd.  *See Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.*, 2012 WL 3638629, at *11 (D.N.J. Aug. 22, 2012) (denying motion by entity that failed to move or file a certification).

Second, Taishin Bank's PSLRA Certification was not "personally signed by such plaintiff" as the PSLRA requires (15 U.S.C. §78u-4(a)(2)(A)) nor does it include the requisite language "'under the laws of the United States of America'" pursuant to 28 U.S.C. §1746. *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (denying lead plaintiff motion by movant with larger loss that failed to include "under penalty of perjury" language in its certification by statutory deadline).  Taishin Bank's PSLRA Certification also contains conflicting statements suggesting that Taishin Bank does not appreciate what a lead plaintiff is. ECF No. 25 at 8-9.  Importantly, these defects cannot be cured now that the statutory deadline has run.  *See Nasin*, 2017 WL 5598214, at *3 (rejecting movant's attempt to cure deficient certification after the PSLRA's statutory deadline).

Third, the fact that Taishin Bank's PSLRA Certification's signature seal contains the name of its Head of Trust Business and contains the phrase "trust business only" indicate that it is Taishin International Bank's clients – not Taishin International Bank itself – that possess the financial interest in the relief sought by the class.  ECF No. 25 at 9-10.  Thus, given that "the alleged injury was suffered by"

- 4 -

Taishin International Bank's clients, the Bank "lacks constitutional standing to bring suit for violations of the federal securities laws in its own name." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107, 111 (2d Cir. 2008).

Fourth, Taishin Bank does "not meet the standards of a fiduciary who will 'fairly and adequately protect the interests' of the class [it] seeks to represent" given that Taishin International Bank was fined in March 2019 by the Financial Supervisory Commission, its regulator, "for contravening the Money Laundering Control Act." *Zemel Family Tr. v. Philips Int'l Realty Corp.*, 205 F.R.D. 434, 436-37 (S.D.N.Y. 2002); ECF No. 25-1; *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) ("On more than one occasion courts have found that an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary."). "Without comment or consideration of [Taishin Bank's] guilt or innocence as to the underlying charges," these facts confirm "that there is at least a potential that [Taishin Bank] will be subject to unique defenses and will not fairly and adequately protect the interests of the class." *Surebeam*, 2004 WL 5159016, at *7 (declining to appoint as lead plaintiff investor charged with securities industry misconduct).

Fifth, Taishin Bank is a Taiwanese entity, which raises a "risk that foreign courts would not give the Court's judgment res judicata effect." *Steinberg v. Ericsson LM Tel. Co.*, 2008 WL 1721484, at *1 (S.D.N.Y. Apr. 11, 2008) (denying foreign

- 5 -

1563718_1

investors' motion to reconsider court's denial of lead plaintiff application); *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 8679353, at \*10, \*12 (D. Haw. Jan. 8, 2016) (noting defendant's analysis that Taiwan, among other foreign countries, was unlikely to grant *res judicata* effect to court's judgment).  Moreover, Taishin Bank's location is situated 12 hours ahead of this Court's time zone, casting doubt on Taishin Bank's ability to monitor and participate in the litigation effectively.  Taishin Bank's ability to serve as lead plaintiff is further limited by the fact that Taiwan-based discovery would, at best, be a burdensome and expensive undertaking for the class, and, at worst, be illegal.  *See In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig.*, 2009 WL 2143764, at \*2 (N.D. Ill. July 14, 2009) ("discovery in aid of foreign litigation is a limited and cumbersome process in Taiwan, made more so by the fact that Taiwan is not a party to the Hague Convention").

And sixth, the fact that Taishin Bank's clients traded exclusively in preferred stock, not common stock, may "'introduce factual issues irrelevant to stockholder class members, like . . . duration, maturity, volatility, and interest rates, and could subject the class to unique defenses, causing unnecessary conflict.'"  *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at \*9 (S.D.N.Y. Mar. 13, 2018) (declining to appoint movant that exclusively traded in options as lead plaintiff) (citation omitted).

- 6 -

Accordingly, Taishin Bank cannot satisfy the Rule 23 typicality and adequacy requirements because it will be subject to a host of unique defenses that will become a major focus of the litigation.

## III.   CONCLUSION

The Pension Trust, the ideal and preferred lead plaintiff candidate, is the only movant that satisfies the PSLRA's lead plaintiff requirements and its motion is substantively unopposed.  In contrast, Taishin Bank cannot trigger the PSLRA's most adequate plaintiff presumption because it suffers from a host of disqualifying defects. Accordingly, Taishin Bank's motion should be denied.

DATED:  May 13, 2019                              Respectfully submitted,

                                                 CARELLA, BYRNE, CECCHI,
                                                 OLSTEIN,  BRODY & AGNELLO, P.C.
                                                 JAMES E. CECCHI
                                                 DONALD A. ECKLUND


                                                     s/ James E. Cecchi
                                                 JAMES E. CECCHI

                                                 5 Becker Farm Road
                                                 Roseland, NJ  07068
                                                 Telephone:  973/999-1700
                                                 973/994-1744 (fax)

                                                 Liaison Counsel

- 7 -

1563718_1

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
TOR GRONBORG
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

- 8 -

1563718_1