**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WIGGLESWORTH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAIDEN HOLDINGS, LTD., ARTURO M. RASCHBAUM, KAREN L. SCHMITT AND JOHN M. MARSHALECK,<br><br>Defendants. | No.: 1:19-cv-05296-RMB-JS<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF TAISHIN BANK'S MOTION TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br>**MOTION DATE: May 20, 2019** |
| JOHN DOUGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAIDEN HOLDINGS, LTD., ARTURO M. RASCHBAUM, KAREN L. SCHMITT AND JOHN M. MARSHALECK,<br><br>Defendants. | No.: 1:19-cv-08105-RMB-JS<br><br><u>CLASS ACTION</u> |

i

# TABLE OF CONTENTS

PRELIMINMARY STATEMENT ..........................................................................1

ARGUMENT...................................................................................................3

    **A.**     **Taishin's Certification is Proper**........................................................3

    **B.**     **Taishin has Standing**...................................................................5

    **C.**     **The Pension Trust's Other Arguments are Without Merit** .............7

        **i.**     **Preferred Stock Purchasers Are Not Atypical**........................7

        **ii.**     **"*Res Judicata* Concerns" are a Red Herring; Foreign Status is a Non-Issue**..................................................................9

        **iii.**     **Taishin's Regulatory Issue Does Not Disqualify It**...............11

CONCLUSION.............................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Chill v. Green Tree Fin. Corp.*,
  181 F.R.D. 398 (D. Minn. 1998) ...................................................................4

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018)................................................................................13

*Cook v. Allergan PLC*,
  2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019).............................................8

*Doral Bank Puerto Rico v. Wamu Asset Acceptance Corp.*,
  No. C09-1557MJP, 2010 WL 1180359 (W.D. Wash. Mar. 24, 2010) .................12

*Hom v. Vale, S.A.*,
  No. 1:15-CV-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .................8

*Horowitz v. SunEdison, Inc.*,
  No. 4:15 CV 1769 RWS, 2016 WL 1161600 (E.D. Mo. Mar. 24, 2016) ...............7

*Huang v. Airmedia Group, Inc.*,
  2015 WL 10846763 (S.D.N.Y. Nov. 10, 2015) ..........................................4

*Hufnagle v. Rino Corp.*,
  2011 WL 710704 (C.D. Cal. Feb. 14, 2011) .............................................10

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) .....................................................................1, 2

*In re CTI Biopharma Corp. Sec. Litig.*,
  2016 WL 7805876 (W.D. Wash. Sept. 2, 2016) .........................................7

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012)................................................................7

*In re Groupon, Inc. Sec. Litig.*,
  No. 12 C 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ................11

*In re Juniper Networks, Inc. Sec. Litig.*,
  264 F.R.D. 584 (N.D. Cal. 2009). .........................................................7, 8

*In re Northwestern Corp. Sec. Litig.*,
  299 F.Supp.2d 997 (D.S.D. 2003) .............................................................3

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998)................................................................13

*In re Vivendi Universal, S .A.*,
  381 F.Supp.2d 158 (S.D.N.Y.2003) ..........................................................6

*In re Worldcom Inc. Sec. Litig.*,

2005 WL 1793543 (S.D.N.Y. Jul.29, 2005)...............................................................6

*Khunt v. Alibaba Grp. Holding Ltd.,*
   102 F. Supp. 3d 523 (S.D.N.Y. 2015) ...................................................................11

*Kirschbaum v. Elizabeth Ortman Tr. of 1977,*
   3 Misc. 3d 1110(A), 787 N.Y.S.2d 678 (Sup. Ct. 2004)........................................6

*Marsden v. Select Med. Corp.,*
   246 F.R.D. 480 (E.D. Pa. 2007) ...........................................................................10

*Matsuda v. Wada,*
   101 F.Supp.2d 1315 (D. Haw. 1999) .....................................................................5

*Micholle v. Ophthotech Corp.,*
   2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018).....................................................8, 9

*Nasin v. Hongli Clean Energy Techs. Corp.,*
   No. CV 2:17-3244 (WJM), 2017 WL 5598214 (D.N.J. Nov. 21, 2017) ...............5

*OFI Risk Arbitrages v. Cooper Tire & Rubber Company,*
   63 F.Supp.3d 394 (D. Del. 2014) ...........................................................................9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,*
   229 F.R.D. 395 (S.D.N.Y. 2004)...........................................................................11

*Powell v. Profile Design LLC,*
   838 F. Supp. 2d 535 (S.D. Tex. 2012)....................................................................5

*Roby v. Ocean Power Techs.,*
   2015 WL 1334320 (D.N.J. Mar. 17, 2015) ........................................................3, 9

*Seidel v. Noah Educ. Holdings Ltd.,*
   2009 WL 700782 (S.D.N.Y. Mar. 9, 2009)............................................................6

*Simmons v. Spencer,*
   2014 WL 1678987 (S.D.N.Y. Apr. 25, 2014) ......................................................12

*Sklar v. Amarin Corp. PLC,*
   2014 WL 3748248 (D.N.J. July 29, 2014). ............................................................9

*Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.,*
   No. CIV.A. 11-6247 JBS, 2012 WL 3638629 (D.N.J. Aug. 22, 2012) .................4

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,*
   549 F.3d 100 (2d Cir. 2008). .................................................................................6

## STATUTES

15 U.S.C. § 78u-4(a)(3) ..........................................................................................1, 2

## OTHER AUTHORITIES

76 Am. Jur. 2d Trusts S 2 ...........................................................................................6

iv

Taishin Bank or Taishin International Bank Co. Ltd. ("Taishin") respectfully submits this reply memorandum in further support of its motion to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve Lead Plaintiff's Selection Of Counsel (Dkt. No. 14) and in response to the arguments raised by competing movant Boilermaker-Blacksmith National Pension Trust (the "Pension Trust") (Dkt. No. 25) (the "Opp.").[1]

## PRELIMINMARY STATEMENT

The standard for selecting a Lead Plaintiff is well established. First, the Court must identify the presumptive "most adequate" plaintiff by identifying the movant with the largest financial interest that has otherwise made a *prima facie* demonstration of typicality and adequacy. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-65 (3d Cir. 2001); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive." *Cendant*, 264 F.3d at 264. At this stage, "[i]n keeping with the statutory text … the court generally will not consider … any arguments by other members of the putative class; rather, such allegations should be

---

[1] On May 2, 2019, movants Dennis R. Johnson, Steve Owen, and Julio Queliz also known as "The Maiden Investor Group," filed a Notice of Non-Opposition stating that it does not have the largest loss and admitting that Taishin appears to have the largest loss. (Dkt. No. 18). John W. Kelly, another lead plaintiff movant, failed to file an opposition brief on or before the May 6, 2019 deadline.

dealt with in terms of assessing whether the lead plaintiff presumption has been rebutted rather than in terms of deciding whether it has been triggered." *Id*.

Second, the Court must provide class members an opportunity to rebut the presumption in favor of the "most adequate plaintiff." The presumption, however, may be rebutted only upon "proof" by a class member that "the presumptively most adequate plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Cendant*, 264 F.3d at 268 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). "If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Id*. If the presumption has been rebutted with proof, then the district court starts the process anew with the movant with the next largest financial interest. *Id*.

Utilizing this required procedure confirms that Taishin, who has the largest financial interest with losses in excess of $9.6 million in Maiden preferred stock, has made a *prima facie* showing of adequacy and typicality and is the presumptive "most adequate plaintiff."

In opposition, the Pension Trust advances three arguments in an effort to rebut the presumption in favor of Taishin: (A) Taishin's PSLRA certification is incorrect because it identifies and/or is signed by the wrong party (Opp. at 1-2, 6-7) and does not contain "under the laws of the United States of America" language (Opp. at 2, 7);

2

(B) Taishin lacks standing as it appears to be an investment manager (Opp. at 9-11); and (C) Taishin is atypical or inadequate because (i) it purchased only preferred stock; (ii) there are *res judicata* concerns; and (iii) it paid a regulatory fine (Opp. at 11-16). These arguments are without merit.

**ARGUMENT**

### A.  Taishin's Certification is Proper

The Pension Trust correctly notes that Taishin's certification is signed or stamped by Taishin International Bank Co. Ltd. – the proper name of the entity and Lead Plaintiff movant. Taishin merely used the short form of Taishin International Bank Co. Ltd  – "Taishin Bank" in the text of its original certification and papers – which is commonplace within Taishin and in Taiwan. *See* Declaration of Taishin Internal Bank Co. Ltd. at ¶2, attached as Exhibit 1 to the Declaration of Laurence M. Rosen ("Rosen Reply Decl."), filed herewith. To eliminate any ambiguity, Taishin submits herewith an amended certification using its full name. *See* Exhibit 2 to Rosen Reply Decl. Courts permit lead plaintiff movants to file amended documents to correct errors in certifications. *See Roby v. Ocean Power Techs.*, 2015 WL 1334320, at * 9 (D.N.J. Mar. 17, 2015) (considering subsequent certifications submitted by movant to address inadequate initial certification and appointing that movant lead plaintiff); *In re Northwestern Corp. Sec. Litig.*, 299 F.Supp.2d 997, 1006 (D.S.D. 2003) (considering supplemental certification); *Chill v. Green Tree Fin. Corp.*, 181

3

F.R.D. 398, 410-11 (D. Minn. 1998) ("technical deficiencies" in certification were corrected by supplemental submissions to the court).

*Huang v. Airmedia Group, Inc.*, 2015 WL 10846763 (S.D.N.Y. Nov. 10, 2015) ("*Huang*") is on point. There an entity, China Xiayuan Transportation Co. Ltd., sought to be lead plaintiff. *Id.* at *1. The signature on the certification translated to "Zou Da Qiang" or "Zou Tai Qiang" rather than "Michael Zou" which was the printed name on the certification. *Id.* at * 2. Through a supplemental declaration, the movant stated he was a Chinese citizen and used his Chinese name (his legal name) when signing the certification, whereas Michael Zou was an alias. *See* Exhibit 3 to the Rosen Reply Decl. The Court ultimately approved the movant after considering that supplemental declaration resolving the ambiguities. *Huang*, 2015 WL 10846763 at *2.

The Pension Trust's reliance on *Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.*, No. CIV.A. 11-6247 JBS, 2012 WL 3638629, at *1 (D.N.J. Aug. 22, 2012) is off the mark. There, the Court held that the lead plaintiff presumption was rebutted because the signatory of the certification was not the proper movant, but rather a subsidiary of the original movant was the proper movant. *Id.* at *12. Here, the proper entity signed and executed the certification from the outset. The only issue is an error using the short-form name of the entity in the body of the certification.

4

The Pension Trust also complains that since Taishin signed the certification outside the United States it was required to have the phrase "under the laws of the United States of America" following the clause that Taishin "declare[s] under penalty of perjury that the foregoing is true and correct". (Opp. at 7). This argument is without merit. Courts have held that the clause "under the laws of the United States of America" is not a rigid requirement where, as here the phrase "under penalty of perjury" language is present. *See Matsuda v. Wada*, 101 F.Supp.2d 1315, 1322-23 (D. Haw. 1999); *Powell v. Profile Design LLC*, 838 F. Supp. 2d 535, 540 (S.D. Tex. 2012). In any event, Taishin has filed herewith an amended certification containing the "under the laws of the United States of America" language. *See* Exhibit 2 to Rosen Reply Decl.

The Pension Trust cites *Nasin v. Hongli Clean Energy Techs. Corp.*, No. CV 2:17-3244 (WJM), 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017). However, *Nasin* is distinguishable since the certifications in that case contained no "penalty of perjury" clause. *See* Exhibit 4 to the Rosen Reply Decl.

In short, the Pension Trust's arguments concerning Taishin's certification are insufficient to rebut the lead plaintiff presumption in favor of Taishin.

**B. Taishin has Standing**

Contrary to the Pension Trust's assertions, Taishin is not an investment manager or advisor under *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,

5

549 F.3d 100 (2d Cir. 2008). Rather, Taishin is the Trustee of its client trusts. Taishin as Trustee has standing and is an appropriate party. Like trusts under American Law, Taishin as Trustee has the standing and authority to bring suit for the benefit of the beneficiary of a trust. *See* Exhibit 1 to Rosen Reply Decl., at ¶4. A trust "is not a legal entity" and is "not an entity distinct from its trustee" and is "not capable of legal action on its own behalf." 76 Am. Jur. 2d Trusts S 2. *See, also, Kirschbaum v. Elizabeth Ortman Tr. of 1977,* 3 Misc. 3d 1110(A), 787 N.Y.S.2d 678 (Sup. Ct. 2004) (noting that trustees are "legal owners of the trust estate" that "generally sue and are sued in their own capacity"). Thus, a trustee (and not the trust) must bring the suit on behalf of the trust.

Indeed, "[i]t is well established … that trustees have standing to sue on behalf of trust beneficiaries." *Seidel v. Noah Educ. Holdings Ltd.*, 2009 WL 700782, at * 3 (S.D.N.Y. Mar. 9, 2009) (collecting numerous cases holding that a trustee of a trust is the legal owner of the trust's assets and have standing to bring securities claims). In the context of appointment of lead plaintiff, courts have appointed trustees as lead plaintiff. *Seidel*, 2009 WL 800882, * 4 (appointing trustee of family trust as lead plaintiff); *In re Worldcom Inc. Sec. Litig.*, 2005 WL 1793543, at *1 (S.D.N.Y. Jul.29, 2005) (noting lead plaintiff status of sole trustee for the New York State Common Retirement Fund); *In re Vivendi Universal, S .A.*, 381 F.Supp.2d 158, 164 n. 2 (S.D.N.Y.2003) (noting trustee of trust as co-lead plaintiff).

6

### C. The Pension Trust's Other Arguments are Without Merit

### i. Preferred Stock Purchasers Are Not Atypical

The Pension Trust argues that because Taishin transacted solely in preferred stock it is somehow atypical (Opp. at 16-20). This argument is wrong on several levels.  First, there is nothing unique or atypical about Taishin purchasing solely preferred stock as preferred stock purchasers are part of the class.[2] Stated differently, issues and claims relating to preferred stock purchases is not unique to Taishin as the class includes preferred stock purchasers who will be subject to the same defenses. *See In re CTI Biopharma Corp. Sec. Litig.*, 2016 WL 7805876, at *3 (W.D. Wash. Sept. 2, 2016) (appointing preferred shareholder as lead plaintiff, and rejecting unique

---

[2] While the first-filed action, *Wigglesworth v. Maiden Holdings, Ltd., et al.*, Case No. 1:19-cv-05296-RMB-JS, was brought on behalf of purchasers of Maiden common stock, the second-filed action, *Dougan v. Maiden Holdings, Ltd., et al.*, Case No. 1:19-cv-08105-RMB-JS is more inclusive because it was brought on behalf of purchasers of Maiden securities which includes preferred stock. The more inclusive class should be considered. *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage.); *Horowitz v. SunEdison, Inc.*, No. 4:15 CV 1769 RWS, 2016 WL 1161600, at *3 (E.D. Mo. Mar. 24, 2016) ("'[C]lass' should be defined as the broadest, most inclusive potential class to view the facts in the light most favorable to the plaintiffs."). Since Taishin purchased Maiden securities, it has "a valid securities claim [and can] represent the interests of purchasers of other types of securities in a class action where the alleged harm stems from the same allegedly improper conduct." *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 594 (N.D. Cal. 2009).

defense arguments as such defenses were not unique to that movant but applied to other class members who purchased preferred shares); *Hom v. Vale, S.A.*, No. 1:15-CV-9539-GHW, 2016 WL 880201, at *5 (S.D.N.Y. Mar. 7, 2016) (court finding that excluding preferred stockholders would be contrary to the PSLRA's intention as it would "exclude from consideration significant losses from parties whose interests are otherwise strongly aligned with the putative class of securityholders."); *Juniper*, 264 F.R.D. at 594 (court appointing purchasers of one type of security to represent other securities purchasers where damage derived from the same conduct).

Second, if the Court would accept the logic of the Pension Trust's argument, the fact that it bought all common stock and no preferred stock would make the Pension Trust atypical of those class members who purchased preferred stock.

Moreover, the Pension Trust's cases are distinguishable. *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, * 9 (S.D.N.Y. Mar. 13, 2018) and *Cook v. Allergan PLC*, 2019 WL 1510894, at * 2 (S.D.N.Y. Mar. 21, 2019) dealt with investors who either solely or predominately purchased and sold options—not preferred stock. Here, the preferred stock is akin to the common stock, since the preferred stock incorporates the same Maiden SEC filings and public statements at issue in the case.[3] Unlike options, the preferred stock does not "introduce factual

---

[3] *See* Form 10-K filed on March 4, 2014, Form 10-Q filed on May 12, 2014, Form 10-Q filed on August 11, 2014, Form 10-Q filed on November 10, 2014, Form 10-K

8

issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and could subject the class to unique defenses, causing unnecessary conflict." *Micholle*, 2018 WL 1307285, at * 9. Thus, the claims asserted by preferred stock investors like Taishin "arise from the same conduct from which the other class members' claims and injuries arise." *Sklar v. Amarin Corp. PLC*, 2014 WL 3748248, at * 6 (D.N.J. July 29, 2014).

### ii.   *"Res Judicata* Concerns" are a Red Herring; Foreign Status is a Non-Issue

Taishin purchased preferred stock on the New York Stock Exchange. Thus, the Pension's Trust's speculation about potential "*res judicata* concerns" are without merit. As Judge Wolfson succinctly explained in *Roby*, "'*res judicata* concerns in not appointing foreign investors as lead plaintiff … ha[ve] been explicitly rejected when the foreign lead plaintiff movants are suing as a result of purchases made on a domestic securities exchange.'" 2015 WL 1334320, at * 12 (quoting *Foley v. TransOcean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011); *see, also, OFI Risk Arbitrages v. Cooper Tire & Rubber Company*, 63 F.Supp.3d 394 (D. Del. 2014) (*res*

---

filed on March 13, 2015, Form 10-Q filed on May 11, 2015, Form 10-Q filed on August 10, 2015, Form 10-Q filed on November 9, 2015, Form 10-K filed on March 1, 2016, Form 10-Q filed on May 10, 2016, and Form 10-Q filed on November 8, 2016.     (available     at:     https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001412100&owner=exclude&count=100);*see e.g.*,https://www.sec.gov/Archives/edgar/data/1412100/000157104917005873/t170 4035-424b2.htm.

*judicata* concerns not present where shares are purchased from domestic stock exchanges).

Additionally, the Pension Trust's argument about purported *res judicata* concerns independently fails because "other than argument, no actual proof through expert testimony, was provided by the competing movant" that a judgement of this Court would not be enforceable in Taiwan. *Hufnagle v. Rino Corp.*, 2011 WL 710704, at * 7 (C.D. Cal. Feb. 14, 2011); *Marsden v. Select Med. Corp.*, 246 F.R.D. 480, 486 (E.D. Pa. 2007) (defendants failed to present any expert testimony on *res judicata* issues and explaining that "[s]uch a speculative argument is simply not sufficient to support the exclusion of [the foreign lead plaintiff] …, especially when they are otherwise entitled to sue in U.S. Courts.").

Lastly, the Pension Trust cites cases, some of which are more than a decade old, to suggest that Taishin's foreign location makes it difficult for it to monitor and participate in the litigation. The Pension Trust's speculation is without merit. As Trustee, Taishin has lost over $9.6 million in Maiden securities. The size of loss alone provides sufficient motivation to monitor and participate in the case. Given the proliferation of e-filing and electronic and cloud-based document discovery, Taishin's location is irrelevant. The 12-hour time difference has not posed an issue, and merely required attorneys at The Rosen Law Firm, P.A. ("Rosen Law") to work late or have evening telephone calls. *See Rino*, 2011 WL 710704, at * 8 ("[Lead

10

Plaintiff Movant's] distance from this Court is not a factor that affects its adequacy or typicality."). Rosen Law has successfully worked with a lead plaintiff and clients who live in Asia. *See e.g., Khunt v. Alibaba Grp. Holding Ltd.,* 102 F. Supp. 3d 523 (S.D.N.Y. 2015).

### iii.  Taishin's Regulatory Issue Does Not Disqualify It

The Pension Trust argues because Taishin was fined $32,494 in connection with only "dozens" of unreported cash transactions during August 2016 and August 2017 it cannot be Lead Plaintiff. (Opp. at 11-13). The Financial Supervisory Commission ultimately fined Taishin T$1 million or $32,494 US – much less than the maximum fine of T$10 million based on the bank's improvements in addressing these issues. (Dkt. No. 25-1).  Unlike the cases cited by the Pension Trust, Taishin's regulatory issue had nothing to do with the alleged fraud in this action, does not indicate fraud, and does not involve conduct similar to the conduct at issue in the case. *See, Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004) (declining to disqualify candidate for lead plaintiff on basis that it settled claims of fraud with SEC); *In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at *4 (N.D. Ill. Aug. 28, 2012) (a DUI conviction and personal bankruptcy filing "are not germane to this action and do not call into question [movant's] adequacy to serve as lead plaintiff."); *Doral Bank Puerto Rico v. Wamu Asset Acceptance Corp.*, No. C09-1557MJP, 2010 WL

11

1180359, at *3 (W.D. Wash. Mar. 24, 2010) (court finding presumption not rebutted against movant who was previously involved in a lawsuit regarding the manipulation of mortgage-backed securities and competing movant "cannot point to any current investigation or concern that would give rise to any unique defense.").

\*        \*        \*

To the extent the Court credits the Pension Trust's arguments that the interests of preferred stock investors may not be adequately aligned with common stock purchasers (Opp. at 16-20), the Court should then appoint Taishin as sole lead plaintiff on behalf of preferred stock investors. For example, the Pension Trust argues that the price movement of the preferred stock differed from the common stock – creating loss causation arguments that may not be congruent with each other. (Opp. at 18). The Pension Trust also argues that in the event of a bankruptcy, the preferred shareholders may be senior to common shareholders. *Id.* Should the Court credit these arguments, the appointment of Taishin as Lead Plaintiff on behalf of preferred stock investors is warranted. Indeed, Taishin has lost over $9.6 million on preferred stock and the Pension Trust's own arguments appear to acknowledge a potential conflict between common stock investors and preferred stock investors. Courts have appointed co-lead plaintiffs in order to protect the interests of the class. *See*, *Simmons v. Spencer*, 2014 WL 1678987, at * 6 (S.D.N.Y. Apr. 25, 2014) (appointing co-lead plaintiffs where there was a "potential conflict arising involving losses in

12

connection"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiffs because "[a]llowing for diverse representation ... ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by differing aims of differently situated claimants."); *see, also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) (Supreme Court recently affirmed the propriety of appointing multiple lead plaintiffs, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups").

## CONCLUSION

Taishin has the largest financial interest and has made a *prima facie* showing of adequacy and typicality, and thus is entitled to the statutory presumption in its favor. The Pension Trust has failed to rebut the presumption with proof. Accordingly, the Court should appoint Taishin as Lead Plaintiff and Rosen Law as Lead Counsel.

Dated: May 13, 2019                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

13

*[Proposed] Lead Counsel for Plaintiff and the Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Laurence M. Rosen

15