Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, NJ 07928-1488
Telephone: (973) 824-9300
Facsimile: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

*Attorneys for Defendants*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

--------------------------------------------------------------------------------

| | |
|---|---|
| In re Maiden Holdings, Ltd. Securities Litigation | Master File No. 1:19-cv-05296-RMB-SAK |
| | CLASS ACTION |

--------------------------------------------------------------------------------

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Defendants Maiden Holdings, Ltd. ("Maiden"), Arturo Raschbaum, Karen Schmitt, and John Marshaleck (together, "Defendants") respectfully submit this Answer to the Second Amended Complaint ("SAC").

## GENERAL DENIAL

Except as otherwise expressly admitted in paragraphs 1 through 147 below, Defendants deny each and every allegation of paragraphs 1 through 147 of the SAC. Specifically, Defendants (i) incorporate into each response a denial of any allegations in the SAC to the extent such allegations assert or suggest that such Defendant made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, (ii) to the extent that any response is required, deny any allegations or averments in the headings, subheadings, and footnotes of the SAC, and (iii) intend to respond only as to allegations directed at each of them individually, and none of them may be deemed to be responding to allegations directed solely to other Defendants.

Further, Defendants deny any and all wrongdoing and/or liability to Lead Plaintiffs Boilermaker-Blacksmith National Pension Trust and Taishin International Bank Co. Ltd. (together, "Plaintiffs") and members of the purported class of persons on whose behalf this action is said to be brought. To the extent the SAC asserts legal contentions, such legal contentions require no response in this

1

Answer.

Defendants, by and through their undersigned attorneys Marino, Tortorella & Boyle, P.C. and Quinn Emanuel Urquhart & Sullivan, LLP, respond to the specific allegations in the SAC as follows:

## SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE SECOND AMENDED COMPLAINT

### INTRODUCTION AND OVERVIEW[1]

1.      Defendants deny the allegations in Paragraph 1, except admit that Plaintiffs purport to bring a class action on behalf of the class identified in Paragraph 1.

2.      Defendants deny the allegations in Paragraph 2, except deny knowledge or information sufficient to form a belief as to the scope of Plaintiffs' investigation.

3.      Defendants deny the allegations in the first sentence of Paragraph 3. Defendants admit the allegations in the second and third sentences of Paragraph 3.

4.      Defendants admit the allegations in the first two sentences of Paragraph 4. Defendants deny the allegations in the last sentence of Paragraph 4.

5.      Defendants deny the allegations in the first sentence of Paragraph 5. Defendants admit the allegations in the second sentence of Paragraph 5.

---

[1] For ease of reference, the section headings are copied from the SAC. They require no response. To the extent a response is required, they are denied.

6. Defendants deny the allegations in the first sentence of Paragraph 6, except deny knowledge or information sufficient to form a belief as to what any investor considers to be "critical." As to the second sentence of Paragraph 6, Defendants deny knowledge or information sufficient to form a belief as to the relationship between loss reserves and operating income in general and outside of Maiden. Defendants deny the allegations in the third and fourth sentences of Paragraph 6. As to the fifth sentence of Paragraph 6, Defendants deny knowledge or information sufficient to form a belief as to the frequency with which third parties determine a hypothetical insurance company's "strength" or what Plaintiffs mean by "strength." Defendants deny the allegations in the last sentence of Paragraph 6.

7. Defendants deny the allegations in Paragraph 7, except respectfully refer the Court to the sources of Plaintiffs' quotations concerning AmTrust for their contents, and deny the allegations in Paragraph 7 to the extent they are inconsistent with those sources.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11, except admit that Maiden met its disclosure obligations with respect to historical data.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that Maiden made an announcement on February 14, 2017.  Defendants deny the allegations in Paragraph 13 to the extent they are inconsistent with that announcement.  Defendants respectfully refer the Court to public information concerning Maiden's common stock price and trading volume and deny the allegations to the extent they are inconsistent with that public information.  Defendants deny knowledge or information sufficient to form a belief as to the reason for the alleged decline in Maiden's common stock price.

14.     Defendants admit that Maiden issued a press release on February 28, 2017.  Defendants deny the allegations in Paragraph 14 to the extent they are inconsistent with that press release.  Defendants respectfully refer the Court to public information concerning Maiden's common stock price and trading volume, and deny the allegations to the extent they are inconsistent with that public information.  Defendants deny knowledge or information sufficient to form a belief as to the reason for the alleged movement in Maiden's common stock price.

15.     Defendants admit that Maiden issued a press release on August 8, 2017.  Defendants deny the allegations in Paragraph 15 to the extent they are inconsistent with that press release.  Defendants respectfully refer the Court to public information concerning Maiden's common stock price and trading volume, and deny the allegations to the extent they are inconsistent with that public information.

Defendants deny knowledge or information sufficient to form a belief as to the reason for the alleged decline in Maiden's common stock price.

16. Defendants admit that Maiden made announcements or disclosures on November 8, 2017, February 27 and 28, 2018, and November 9, 2018. Defendants deny the allegations in Paragraph 16 to the extent they are inconsistent with those announcements or disclosures. Defendants respectfully refer the Court to public information concerning Maiden's common stock price and trading volume, and deny the allegations to the extent they are inconsistent with that public information. Defendants deny knowledge or information sufficient to form a belief as to the reason for the alleged decline in Maiden's common stock price.

17. Defendants respectfully refer the Court to public information concerning Maiden's common stock price and trading volume, and deny the allegations to the extent they are inconsistent with that public information. Defendants deny knowledge or information sufficient to form a belief as to the reason for the alleged decline in Maiden's common stock price.

## JURISDICTION AND VENUE

18. Defendants admit that Plaintiffs purport to assert claims under the referenced statutes and Rules, and deny that Defendants violated the referenced statutes and rules.

19. Defendants deny the allegations in Paragraph 19.

5

20.    Defendants deny the allegations in Paragraph 20.

## PARTIES

**Plaintiffs**

21.    Defendants deny the allegations in Paragraph 21, except deny knowledge or information sufficient to form a belief as to the allegations concerning the Pension Trust.

22.    Defendants deny the allegations in Paragraph 22, except deny knowledge or information sufficient to form a belief as to the allegations concerning Taishin Bank.

**Defendants**

23.    Defendants admit the allegations in Paragraph 23, except deny the allegations in the second sentence of Paragraph 23 and deny knowledge or information sufficient to form a belief as to whether the NASDAQ was an efficient market for Maiden common stock during the Class Period.

24.    Defendants admit the allegations in Paragraph 24, except deny the allegations in the final sentence of Paragraph 24.

25.    Defendants admit the allegations in Paragraph 25, except deny the allegations in the final sentence of Paragraph 25.

26.    Defendants admit the allegations in Paragraph 26, except deny the allegations in the final sentence of Paragraph 26.

6

27.    Defendants deny the allegations in Paragraph 27.

28.    The allegations in Paragraph 28 do not require a response because they only define certain terms.  To the extent Paragraph 28 alleges or implies that Defendants made misstatements, Defendants deny the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30, except admit that Raschbaum, Schmitt, and Marshaleck executed true and accurate SOX certifications for Maiden's 10-Q and 10-K reports.

31.    Defendants deny the allegations in Paragraph 31, except admit that the individual Defendants participated in reviewing the financial statements that Maiden published.

**FACTUAL BACKGROUND**

**Maiden Holdings, Ltd.**

32.    Defendants admit the allegations in Paragraph 32.

33.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 concerning what information is important to a given investor.

34.    Defendants admit the allegations in Paragraph 34.

35.    Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs mean by the term "closely-related entities" that appears in the

7

first sentence of Paragraph 35, as that term does not appear in Maiden's public filings, and deny the allegation on that basis. Defendants admit the allegations in the first sentence of Paragraph 35 that certain Maiden public filings have used the phrase quoted by Plaintiffs. Defendants admit the allegations in the second sentence of Paragraph 35.

36. Defendants admit the allegations in the first and second sentences of Paragraph 36. Defendants deny the allegations in the third sentence of Paragraph 36.

37. Defendants admit the allegations in the first and second sentences of Paragraph 37. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38, except respectfully refer the Court to the sources of Plaintiffs' quotations concerning AmTrust for their contents.

**The AmTrust Quota Share Agreement**

39. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 concerning provisions of other reinsurance arrangements.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants admit the allegations in the first two sentences of Paragraph 41. Defendants deny the allegations in the third sentence of Paragraph

8

41.

**Accurate Loss Reserves and Relevant Financial
Metrics Are Critical to Maiden's Business**

42.   Defendants admit the allegations in Paragraph 42, except state that Maiden's success depends on other factors not listed by Plaintiffs.

43.   Defendants deny the allegations in the first sentence of Paragraph 43. Defendants admit the allegations in the second and third sentences of Paragraph 43.   As to the fourth sentence of Paragraph 43, Defendants admit that Maiden estimated reserves on the basis of actuarial analysis using past experience adjusted for current trends, and other factors that would modify past experience.

44.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44 because it is unintelligible, and deny the allegations on that basis.   Defendants deny the allegations in the remaining sentences of Paragraph 44.

**Maiden's Historical Loss Ratios Conflicted With the Reserves Defendants
Reported for the AmTrust Business**

45.   Defendants respectfully refer the Court to the GAAP requirements described in Paragraph 45 for their contents.   Defendants deny knowledge or information sufficient to form a belief as to how loss development is defined or measured in general or outside of Maiden.

46.   Defendants deny knowledge or information sufficient to form a belief

9

as to the allegations in the first six sentences of Paragraph 46 concerning construction or use of loss development tables in general and outside of Maiden and the hypotheticals alleged by Plaintiffs.  Defendants deny the allegations in the last two sentences of Paragraph 46.

47.    Defendants deny knowledge or information sufficient to form a belief as to how the alleged terms and processes described in Paragraph 47 are employed in general or outside of Maiden.

48.    Defendants admit the allegations in Paragraph 48.

49.    Defendants deny the allegations in Paragraph 49, and further state that the chart constructed by Plaintiffs appears nowhere in Maiden's disclosures.

50.    Defendants deny the allegations in Paragraph 50.

**Maiden's Undisclosed Claims and Loss Data Conflicted With the Loss Reserves and Loss Ratios Defendants' Reported During the Class Period**

51.    Defendants respectfully refer the Court to the sources of Plaintiffs' assertions in Paragraph 51 concerning Maiden's public statements about AmTrust for their contents, and deny the allegations in Paragraph 51 to the extent they are inconsistent with those sources.

52.    Defendants deny the allegations in the first sentence of Paragraph 52 to the extent it states or implies that Defendants relied solely upon historical data. Defendants admit that Maiden considered historical data in estimating its loss reserves.  Defendants respectfully refer the Court to the 2015 10-K for its contents

as to the second sentence of Paragraph 52 and deny the allegations to the extent they are inconsistent with that 10-K.  Defendants deny the allegations in the third sentence of Paragraph 52.

53.    Defendants respectfully refer the Court to the relevant publications cited in Paragraph 53 for their contents and deny the allegations to the extent they are inconsistent with those publications.

54.    Defendants deny the allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55.

56.    Defendants deny the allegations in Paragraph 56.

57.    Defendants deny the allegations in Paragraph 57.

58.    Defendants deny the allegations in Paragraph 58, except admit that Defendants had access to and considered historical data in estimating loss reserves.

59.    Defendants deny the allegations in Paragraph 59, except admit that Defendants had access to and considered historical data in estimating loss reserves.

**Maiden's Loss Ratio Was a Critical Reported Metric**

60.    Defendants deny knowledge or information sufficient to form a belief as to the allegations concerning analysts in the first sentence of Paragraph 60. Defendants admit the allegations in the second sentence of Paragraph 60, except deny knowledge or information sufficient to form a belief as to what constitutes "key loss ratios" or to whom they are key.  Defendants admit the allegations in the

first two sentences of Paragraph (a) of Paragraph 60. Defendants deny the allegations in the third sentence of Paragraph (a) of Paragraph 60, except deny knowledge or information sufficient to form a belief as to what is important to any given investor. As to the fourth sentence of Paragraph (a) of Paragraph 60, Defendants deny knowledge or information sufficient to form a belief as to the meaning of a loss ratio in general or outside Maiden. Defendants admit the allegations in the last sentence of Paragraph (a) of Paragraph 60.

Defendants admit the allegations in the first sentence of Paragraph (b) of Paragraph 60. As to the second sentence of Paragraph (b) of Paragraph 60, Defendants deny knowledge or information sufficient to form a belief as to what information is important to any given investor. As to the second and third sentences of Paragraph (b) of Paragraph 60, Defendants deny knowledge or information sufficient to form a belief as to the meaning of "core insurance operations" as used by Plaintiffs, and deny the allegations on that basis, and further deny the allegations because the loss ratios and combined ratios are reported by segment. Defendants admit the allegations in the last sentence of Paragraph (b) of Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants respectfully refer the Court to the quarterly and annual reports referenced in Paragraph 62 for their contents, and deny the allegations to

12

the extent they are inconsistent with those quarterly and annual reports.

63.    Defendants respectfully refer the Court to the referenced quarterly and annual reports referenced in Paragraph 63 for their contents, and deny the allegations to the extent they are inconsistent with those quarterly and annual reports.

## DEFENDANTS' FALSE AND MISLEADING STATEMENTS

64.    Defendants admit that Maiden issued a press release on February 19, 2014.  Defendants deny the allegations in Paragraph 64 to the extent they are inconsistent with that press release.  Defendants deny the allegations in the second sentence of Paragraph 64.

65.    Defendants admit that Maiden hosted an earnings call on February 20, 2014.  Defendants deny the allegations in Paragraph 65 to the extent they are inconsistent with that earnings call.

66.    Defendants admit that Maiden issued its 2013 10-K on March 4, 2014. Defendants deny the allegations in Paragraph 66 to the extent they are inconsistent with that 10-K.

67.    Defendants admit that Maiden hosted an earnings call on May 8, 2014. Defendants deny the allegations in Paragraph 67 to the extent they are inconsistent with that earnings call.

68.    Defendants admit that Maiden hosted an earnings call on August 7,

2014. Defendants deny the allegations in Paragraph 68 to the extent they are inconsistent with that earnings call.

69.    Defendants admit that Maiden hosted an earnings call on November 6, 2014. Defendants deny the allegations in Paragraph 69 to the extent they are inconsistent with that earnings call.

70.    Defendants admit that Maiden issued a press release on February 18, 2015. Defendants deny the allegations in Paragraph 70 to the extent they are inconsistent with that press release.  Defendants deny the allegations in the second and third sentences of Paragraph 70.

71.    Defendants admit that Maiden hosted an earnings call on February 19, 2015.  Defendants deny the allegations in Paragraph 71 to the extent they are inconsistent with that earnings call.

72.    Defendants admit that Maiden issued its 2014 10-K on March 13, 2015.  Defendants deny the allegations in Paragraph 72 to the extent they are inconsistent with that 10-K.  Defendants deny that the consolidated reserve for loss and loss adjustment expenses was $2.195 billion.

73.    Defendants admit that Maiden hosted an earnings call on May 6, 2015. Defendants deny the allegations in Paragraph 73 to the extent they are inconsistent with that earnings call.

74.    Defendants admit that Maiden hosted an earnings call on August 5,

14

2015. Defendants deny the allegations in Paragraph 74 to the extent they are inconsistent with that earnings call.

75.     Defendants admit that Maiden hosted an earnings call on November 5, 2015.  Defendants deny the allegations in Paragraph 75 to the extent they are inconsistent with that earnings call.

76.     Defendants admit that Maiden issued a press release on February 22, 2016. Defendants deny the allegations in Paragraph 76 to the extent they are inconsistent with that press release.  Defendants deny that the reported reserve for loss and loss adjustment expenses was $2.271 billion.

77.     Defendants admit that Maiden hosted an earnings call on February 23, 2016.   Defendants deny the allegations in Paragraph 77 to the extent they are inconsistent with that earnings call.

78.     Defendants admit that Maiden issued its 2015 10-K on March 1, 2016. Defendants deny the allegations in Paragraph 78 to the extent they are inconsistent with that 10-K.  Defendants deny that the reported reserve for loss and loss adjustment expenses was $2.439 billion as of December 31, 2015.

79.     Defendants admit that Maiden hosted an earnings call on May 5, 2016. Defendants deny the allegations in Paragraph 79 to the extent they are inconsistent with that earnings call.

80.     Defendants admit that Maiden hosted an earnings call on August 5,

15

2016. Defendants deny the allegations in Paragraph 80 to the extent they are inconsistent with that earnings call.

81.    Defendants admit that Maiden hosted an earnings call on November 3, 2016.  Defendants deny the allegations in Paragraph 81 to the extent they are inconsistent with that earnings call.

82.    Defendants admit that Maiden issued a press release on February 28, 2017.  Defendants deny the allegations in Paragraph 82 to the extent they are inconsistent with that press release.

83.    Defendants admit that Maiden hosted an earnings call on February 28, 2017.  Defendants deny the allegations in Paragraph 83 to the extent they are inconsistent with that earnings call.

84.    Defendants admit that Maiden issued its 2016 10-K on March 6, 2017. Defendants deny the allegations in Paragraph 84 to the extent they are inconsistent with that 10-K.

85.    Defendants admit that Maiden hosted an earnings call on May 9, 2017. Defendants deny the allegations in Paragraph 85 to the extent they are inconsistent with that earnings call.

86.    Defendants admit that Maiden hosted an earnings call on August 9, 2017. Defendants deny the allegations in Paragraph 86 to the extent they are inconsistent with that earnings call.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants admit that Maiden hosted an earnings call on November 9, 2017. Defendants deny the allegations in Paragraph 88 to the extent they are inconsistent with that earnings call.

89. Defendants admit that Maiden issued a press release on February 27, 2018. Defendants deny the allegations in Paragraph 89 to the extent they are inconsistent with that press release.

90. Defendants admit that Maiden hosted an earnings call on February 28, 2018. Defendants deny the allegations in Paragraph 90 to the extent they are inconsistent with that earnings call.

91. Defendants admit that Maiden issued its 2017 10-K on March 1, 2018. Defendants deny the allegations in Paragraph 91 to the extent they are inconsistent with that 10-K or the earnings call hosted on February 28, 2018.

92. Defendants deny the allegations in Paragraph 92.

## THE TRUTH EMERGES

93. Defendants deny the allegations in Paragraph 93, except deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price, respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume, and deny the allegations to the extent they are inconsistent with that public

information.

94.    Defendants admit that Maiden issued a press release on February 14, 2017.  Defendants deny the allegations in Paragraph 94 to the extent they are inconsistent with that press release.

95.    Defendants deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price described in Paragraph 95, and respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume, and deny the allegations to the extent they are inconsistent with that public information.

96.    Defendants admit that Maiden issued a press release on February 27, 2017, and hosted a conference call on February 28, 2017.  Defendants deny the allegations in Paragraph 96 to the extent they are inconsistent with that press release or call.

97.    Defendants deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price described in Paragraph 97, and respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume, and deny the allegations to the extent they are inconsistent with that public information.

98.    Defendants admit that Maiden issued a press release on August 8, 2017, and hosted a conference call on August 9, 2017.  Defendants deny the

18

allegations in Paragraph 98 to the extent they are inconsistent with that press release or call.

99.    Defendants deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price described in Paragraph 99, and respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume, and deny the allegations to the extent they are inconsistent with that public information.

100.    Defendants admit that Maiden issued a press release on November 8, 2017, and hosted a conference call on November 9, 2017.  Defendants deny the allegations in Paragraph 100 to the extent they are inconsistent with that press release or call.

101.    Defendants deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price described in Paragraph 101, and respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume, and deny the allegations to the extent they are inconsistent with that public information.

102.    Defendants admit that Maiden issued a press release on February 27, 2018, and hosted a conference call on February 28, 2018.  Defendants deny the allegations in Paragraph 102 to the extent they are inconsistent with that press release or call.

19

103.   Defendants deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price described in Paragraph 103, and respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume and deny the allegations to the extent they are inconsistent with that public information.

104.   Defendants admit that Maiden issued a press release and an announcement on August 9, 2018.   Defendants deny the allegations contained in Paragraph 104 to the extent they are inconsistent with that press release or announcement.   Defendants deny the remaining allegations in Paragraph 104.

105.   Defendants deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price described in Paragraph 105, and respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume and deny the allegations to the extent they are inconsistent with that public information.

106.   Defendants admit the allegations in Paragraph 106, except deny that all of the business sales were made to competitors.

107.   Defendants admit that Maiden issued a press release on November 9, 2018.   Defendants deny the allegations in Paragraph 107 to the extent they are inconsistent with that press release.   Defendants deny the remaining allegations in Paragraph 107.

20

108.    Defendants deny knowledge or information sufficient to form a belief as to the cause of the alleged decline in Maiden's common stock price described in Paragraph 108, and respectfully refer the Court to public information concerning the price of Maiden's common stock and trading volume, and deny the allegations to the extent they are inconsistent with that public information.

109.    Defendants admit the allegations in the first sentence of Paragraph 109.    Defendants deny the allegations filing the second and third sentences of Paragraph 109.    As to the fourth sentence of Paragraph 109, Defendants deny knowledge or information sufficient to form a belief as to practices in general or outside Maiden relating to losses in connection with cedants' business.    Defendants deny the allegations in the fifth sentence of Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

## INSIDER TRADING AND EXECUTIVE COMPENSATION ALLEGATIONS

111.    Defendants deny the allegations in the first sentence of Paragraph 111. As to the second and third sentences and chart, Defendants respectfully refer the Court to the referenced Forms 4 for their contents, and deny the allegations to the extent they are inconsistent with those Forms 4.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113, except respectfully refer the Court to the referenced SEC filings for their contents, and deny the

21

allegations to the extent they are inconsistent with those SEC filings.

114. Defendants admit the allegations in the first sentence of Paragraph 114. Defendants deny the remaining allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

## MAIDEN SELLS SECURITIES DURING THE CLASS PERIOD

116. Defendants deny the allegations in Paragraph 116, except admit that Maiden undertook the ordinary corporate activity of raising capital during the alleged Class Period.

117. Defendants admit the allegations in the first, third, and fourth sentences of Paragraph 117, except state that the Series C shares were non-voting, preferred shares, and not common stock. Defendants deny the allegations in the second sentence of Paragraph 117.

118. Defendants admit the allegations in the first sentence of Paragraph 118. Defendants deny the remaining allegations in Paragraph 118.

119. Defendants admit the allegations in the first sentence of Paragraph 119. Defendants deny the remaining allegations in Paragraph 119.

## THE INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

120. The allegations in Paragraph 120 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 120 are denied.

121.    The allegations in Paragraph 121 are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 121 are denied.

## APPLICABILITY OF THE PRESUMPTION OF RELIANCE

122.    Defendants admit the allegations in Paragraph 122, except deny knowledge or information sufficient to form a belief as to the efficiency of the market for Maiden common stock.

123.    Defendants deny the allegations in Paragraph 123, except deny knowledge or information sufficient to form a belief as to how or when the market for Maiden common stock digested information.

124.    The allegations in Paragraph 124 are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 124 are denied.

## CLASS ACTION ALLEGATIONS

125.    Defendants admit, as stated in Paragraph 125, that Plaintiffs purport to bring this action as a class action and that Plaintiffs purport to exclude certain individuals and/or entities from that class.  Defendants deny the allegations in Paragraph 125 to the extent they state or suggest any wrongdoing on the part of Defendants.

126.    Defendants deny the allegations in the first two sentences of

23

Paragraph 126. Defendants admit the allegations in the third sentence of Paragraph 126. Defendants deny the allegations in the fourth sentence of Paragraph 126. Defendants respectfully refer the Court to public information concerning the allegations in the fifth sentence of Paragraph 126 relating to outstanding shares and trading volume. Defendants deny knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129, except deny knowledge or information sufficient to form a belief as to counsel's experience or Plaintiffs' conflicts with the class.

130. Defendants deny the allegations in Paragraph 130.

## LOSS CAUSATION/ECONOMIC LOSS

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133, except deny knowledge or information sufficient to form a belief as to the causes of the alleged declines in Maiden common stock price on the identified dates, and respectfully refer the Court to public information concerning the trading volume of Maiden common stock, and deny the allegations to the extent they are inconsistent with that

public information.

134.   Defendants deny the allegations in Paragraph 134.

## COUNT I

### For Violations of §10(b) of the Exchange Act and Rule 10b-5 Against All Defendants

135.   Defendants incorporate their responses to Paragraphs 1-134 by reference.

136.   Defendants deny the allegations in Paragraph 136.

137.   Defendants deny the allegations in Paragraph 137.

138.   Defendants deny the allegations in Paragraph 138.

139.   Defendants deny the allegations in Paragraph 139.

140.   Defendants deny the allegations in Paragraph 140.

## COUNT II

### For Violations of §20(a) of the Exchange Act Against All Defendants

141.   Defendants incorporate their responses to Paragraphs 1-140 by reference.

142.   Defendants deny the allegations in Paragraph 142, except state that the allegations concerning control under Section 20(a) are legal conclusions that require no response.  To the extent a response is required, the allegations in Paragraph 142 are denied.

143.   Defendants deny the allegations in Paragraph 143.

25

144.   Defendants deny the allegations in Paragraph 144.

145.   Defendants deny the allegations in Paragraph 145.

146.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147.   Defendants deny the allegations in Paragraph 147.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny any wrongdoing and, except as expressly admitted in paragraphs 1-147 above, deny all allegations, and specifically deny that Plaintiffs are entitled to any of the relief prayed for against the Defendants on pages 63-64 of the SAC.

## AFFIRMATIVE DEFENSES

Defendants offer the following defenses in response to the allegations set forth in the SAC.  Defendants reserve the right to amend this Answer, to amend, modify, and/or supplement their defenses, and to plead and assert additional defenses as they become known and appropriate during the course of the litigation, including without limitation any defenses that may arise as a result of any findings, conclusions, or other action taken.  By asserting these defenses, Defendants do not concede that they bear the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  Defendants further reserve the right

26

to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which it becomes aware during discovery.  To the extent that any defense asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to plead the elements of their causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants did not make false or misleading statements of material fact or omissions of material fact, and/or because Maiden's risk disclosures rendered any supposed misstatements or omissions immaterial, and Maiden complied with all applicable disclosure requirements.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants were under no duty or obligation to disclose any allegedly withheld information.

27

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited in whole or in part because Plaintiffs did not reasonably rely on any of the purported misstatements or omissions alleged in the SAC in deciding to purchase Maiden common stock.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited in whole or in part because the alleged misstatements constituted, contained, or were based upon non-actionable expressions of opinion that were truly held and reasonably made.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited in whole or in part because certain alleged misstatements were forward-looking statements under the PSLRA Safe Harbor and the bespeaks caution doctrine, were identified as forward-looking, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited in whole or in part because even assuming there was any misleading statement or omission, which Defendants deny, Plaintiffs knew or should have known the allegedly omitted or misstated information, or ratified the alleged wrongful acts and omissions alleged in the SAC, or would have

28

purchased Maiden securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants did not act knowingly or recklessly as to any alleged material misstatement or omission.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants at all times and with respect to all matters contained herein acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the SAC.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants are not liable for any alleged damages suffered by Plaintiffs and other members of the putative class to the extent that their purported damages, if any, were caused or contributed to by the policies, practices, acts, or omissions of independent persons or entities other than Defendants over which Defendants had no control.  15 U.S.C. § 78u-4(f)(3)(A).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because some or all of the matters now claimed by the SAC to be the subject of misrepresentations or omissions were disclosed or in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Maiden securities.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because superseding or intervening events caused some or all of the alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs had actual or constructive knowledge of the risks involved with Maiden's business and thus assumed the risk that the value of Maiden stock would decline if such risks materialized.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because they are not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiffs did not rely on the alleged misstatements in determining whether to take any actions in connection with Maiden securities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because they failed to make reasonable efforts to mitigate any alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because the purported misrepresentations and omissions alleged in the SAC did not affect the market price of Maiden securities.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because any recovery for damages allegedly incurred by Plaintiffs and putative class members is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), and is subject to the 90-day look-back damages limitation under the PSLRA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have

31

failed to establish a primary violation of any laws, including Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fail to plead control-person liability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish that Defendants did control, or had the ability to control, any Defendant accused of a primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead control-person liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish that Defendants were culpable participants in any primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead control-person liability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because each Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other

32

damages or relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims, have been previously litigated, Plaintiffs' claims are limited, in whole or in part, from any recovery by the doctrines of *res judicata* and/or collateral estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because any alleged wrongdoing lacks a sufficient connection to the purchase or sale of Maiden common stock.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the doctrines of estoppel, waiver, and/or ratification.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish any causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment for Defendants by adjudging and decreeing:

1.     That the SAC, and each purported cause of action against Defendants, is dismissed with prejudice;

2.     That this action may not proceed as a class action and that all purported class allegations are dismissed with prejudice;

3.     That Defendants are awarded all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4.     That Defendants are awarded any such other and further relief as the Court may deem just and proper.

Dated: September 10, 2021          **MARINO, TORTORELLA & BOYLE, P.C.**

By: _____
Kevin H. Marino
John D. Tortorella
437 Southern Boulevard
Chatham, NJ 07928-1488
Telephone:  (973) 824-9300

34

Facsimile:   (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
Michael B. Carlinsky (*pro hac vice*)
Rollo Baker (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Jesse Bernstein (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100
michaelcarlinsky@quinnemanuel.com
rollobaker@quinnemanuel.com
jacobwaldman@quinneamnuel.com
jessebernstein@quinnemanuel.com

35