# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re MAIDEN HOLDINGS, LTD. SECURITIES LITIGATION | ) Master File No. 1:19-cv-05296-CPO-SK<br><br>) <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | ) REPLY IN SUPPORT OF LEAD<br>) PLAINTIFFS' APPEAL FROM NON-<br>) DISPOSITIVE ORDERS OF<br>) MAGISTRATE JUDGE |

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ........................................................................1

II.  ARGUMENT ...............................................................................................4

   A.  Judge King Erred, Misstating the Complaint and the Opinion.....................4

   B.  Judge King Abused Her Discretion Because Her Discovery Limitation
       Prevents Plaintiffs from Proving Their Claim...............................................8

   C.  Defendants' Proposed Paths Forward Are Procedurally Improper ............12

III. CONCLUSION.........................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. Abington Friends Sch.*,
  480 F.3d 252 (3d Cir. 2007)...........................................................................................15

*Feesers, Inc. v. Michael Foods, Inc.*,
  591 F.3d 191 (3d Cir. 2010)...........................................................................................14

*Hassel v. Centric Bank*,
  2021 WL 84281 (M.D. Pa. Jan. 11, 2021)......................................................................14

*Hickman v. Taylor*,
  329 U.S. 495 (1947).......................................................................................................11

*In re Avandia Mktg., Sales & Prod. Liab. Litig.*,
  945 F.3d 749 (3d Cir. 2019)...........................................................................................15

*In re BofI Holding, Inc. Sec. Litig.*,
  2021 WL 4460751 (S.D. Cal. Sept. 29, 2021)................................................................11

*In re Phar-Mor, Inc. Sec. Litig.*,
  No. CIV. A. 93-521, 1993 WL 623308 (W.D. Pa. Dec. 6, 1993).....................................8

*Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*,
  2020 WL 1969898 (D.N.J. Apr. 24, 2020).....................................................................11

*Pacitti v. Macy's*,
  193 F.3d 766 (3d Cir. 1999)...........................................................................................11

*Pearlstein v. BlackBerry Ltd.*,
  2019 WL 1259382 (S.D.N.Y. Mar. 19, 2019)...................................................................9

*Santiago v. Cavalry Portfolio Servs., LLC*,
  2019 WL 6648449 (D.N.J. Dec. 4, 2019).......................................................................11

*Weber v. Pilot Travel Centers, LLC*,
  2012 WL 924871 (D.N.J. Mar. 19, 2012)........................................................................13

**Rules**

Fed. R. Civ. P. 12 ................................................................................................3, 14

Fed. R. Civ. P. 12(b)...........................................................................................4, 13

Fed. R. Civ. P. 12(b)(6).........................................................................................13

Fed. R. Civ. P. 12(d)...........................................................................................4, 13

Fed. R. Civ. P. 26(b)...............................................................................................3

**Other Authorities**

Local Civil Rule 56.1 .............................................................................................13

## I.    PRELIMINARY STATEMENT

Defendants' Opposition (Dkt. No. 126)[1] concedes that Judge King's limitations on discovery disabled Plaintiffs from proving either falsity or scienter— essential elements of Plaintiffs' securities fraud claim.[2] Defendants claim these limitations were reasonable because this is not an "ordinary case." But Defendants' argument that Judge Bumb intended to allow Plaintiffs' claim to proceed while simultaneously denying Plaintiffs the opportunity to prove their claim defies common sense, the motion to dismiss Opinion, and the law. Plaintiffs are entitled to discovery to prove the claim that survived motion to dismiss and was allowed to proceed.

Judge Bumb denied, in part, Defendants' motion to dismiss the complaint and ordered the parties to conduct discovery "which deals with the sole claim against Maiden: was there an intentional decision made by the Defendants to omit AmTrust's historical loss ratio information from the view of investors?" Opn. 17-18.  Judge Bumb described Plaintiffs' "sole allegation" and "theory of the case" as "Defendants should have disclosed the historical loss ratios of the AmTrust book of

---

[1] Plaintiffs cite to Defendants' Opposition To Lead Plaintiffs' Appeal From Orders Issued By Magistrate Judge King ("Opposition") as "Oppo. ___."

[2] Pursuant to the August 6, 2021, Opinion ("Opinion" or "Opn."), denying, in part, Defendants' Motion to Dismiss (Dkt. No. 61), Plaintiffs filed a Second Amended Complaint ("Complaint"). (Dkt. No. 91). On September 10, 2021, Defendants answered the Complaint ("Answer"). (Dkt. No. 100). Plaintiffs cite to the Complaint as "¶__" and to the Answer as "Ans., ¶__."

business" because "the historical loss ratios related to the AmTrust book of business constituted material information required by the Exchange Act to be disseminated to shareholders." Opn. 5. Judge Bumb did not rule that the Complaint **proves** that the material, adverse historical information existed. She did not rule that the Complaint **proves** that Defendants recklessly failed to disclose that information. Rather, Judge Bumb's ruled that the Complaint sufficed to **plead** those elements, denying Defendants' motion to dismiss and ordering the parties to conduct discovery on that remaining claim.

Judge King erred, limiting discovery to just documents that Defendants, themselves, deemed "sufficient to show" whether Defendants considered **any** historical loss information—an allegation the Complaint does not plead and that cannot dispose of Plaintiffs' claim. Based on Defendants' briefing, Judge King drastically narrowed the scope of discovery based on a misreading of the Opinion. Again, Plaintiffs' claim alleges Defendants omitted material, adverse facts they had a duty to disclose. Yet Judge King disabled Plaintiffs from discovering the existence of the material, adverse information about Maiden's historical loss ratios that is at issue or any facts that would tend to show Defendants' reckless failure to disclose those facts. Judge King stated that "[Judge Bumb] didn't want any hindsight judgment so she is not allowing plaintiff to **reevaluate what should have been reported and what should not have been reported**, so to the extent if the information

2

was considered, she's satisfied." 12/8 Tr. at 23:11-16 (emphasis added). The entirety of the remaining claim is, however, precisely whether material adverse information existed and whether Defendants violated the federal securities laws by failing to report it. Judge King's abused her discretion, denying Plaintiffs' discovery on the alleged omitted facts and the decision to omit those facts and effectively blocking Plaintiffs from proving the central elements of their claim.

More broadly, Judge King's discovery order refused to apply Rules 12 and 26(b), and is thus contrary to law. Judge King refused to apply the liberal relevancy and proportionality standards of Rule 26(b)(1) to determine the scope of discovery. As the Rule states, "[p]arties may obtain discovery regarding *any* nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case." (emphasis added). For example, at the September 2021 discovery conference, in response to Plaintiffs' request for Defendants to produce historical loss data, Judge King stated "this is not your typical discovery under the rules. I think it is simply for the purpose of determining whether [] the Defendants' motion to dismiss should be granted." 9/21 Tr. at 36:22-37:1. First, the Federal Rules apply to all discovery conducted in this action, and refusing to apply the Federal Rules in determining the scope of discovery is an abuse of discretion. Second, Judge King's belief that discovery had to be limited to just whether Defendants' already-denied motion to dismiss should be granted demonstrates a fundamental misunderstanding

3

of Rule 12. Rule 12(b) precludes Defendants from filing another motion to dismiss after they answered the Complaint, and Rule 12(d) prohibits courts from considering discovery material outside of the pleadings on a motion to dismiss.

Defendants attempt to defend Judge King's clear error, misstating the Complaint's allegations and Judge Bumb's Opinion. Looking to the Complaint's plain language and the Opinion, this Court should reverse Judge King's discovery order, and—consistent with the Opinion—allow Plaintiffs to discover information relevant to the remaining claim to which they are entitled under the Federal Rules of Civil Procedure.

## II.    ARGUMENT

### A.    Judge King Erred, Misstating the Complaint and the Opinion

Defendants' public statements about Maiden's loss ratios for the AmTrust business created a clear duty under the Exchange Act to disclose material information required so their public statements did not mislead. Opn. 4-5. Defendants violated this clear duty, failing to disclose that the estimated loss ratios they used for the most recent accident years were substantially lower than actual loss ratios for all prior accident years. *Id*. at 5.[3] Defendants intentionally or recklessly

---

[3] The Complaint alleges Defendants continually set Maiden's loss reserves by estimating a loss ratio around 50% for unseasoned accident years despite the fact that the AmTrust Segment actually experienced loss ratios between 70% and 80% in seasoned accident years. ¶¶57-59, 87. Using unreasonably low initial loss ratios allowed Defendants to report overall loss ratios of 65% for the AmTrust segment—significantly below the actual loss ratios for seasoned accident years—which

4

omitted the historical loss data from investors to avoid explaining publicly the contradiction between their estimates and historical results. *Id*. at 14. Judge Bumb denied Defendants' motion to dismiss this claim, ordering the parties to conduct discovery "deal[ing] with the sole claim against Maiden: was there an intentional decision made by the Defendants to omit AmTrust's historical loss ratio information from the view of investors?" Opn. 17-18.

Defending Judge King's abuse of discretion, Defendants ignore the plain language of both the Complaint and the Opinion. First, Defendants state that while "'[d]iscovery relevant to a party's sole claim' is the type of discovery to which a party might be entitled in an ordinary case," Plaintiffs here are not entitled to full discovery on the remaining claim. Oppo. 6. Nothing about the Opinion indicates that this is not "an ordinary case" in terms of applying the Federal Rules of Civil Procedure. And while Judge Bumb made it clear that discovery should be focused on the claim that survived dismissal, Judge King and Defendants mistake that commentary in the Opinion as overturning the Federal Rules. No law or logic supports that conclusion. In addition, Judge King's and Defendants' position directly contradicts the Opinion—which directed the parties to conduct discovery "which deals with the sole claim against Maiden." Opn. 17-18.

---

created the appearance that the AmTrust segment business was profitable and prevented investors from accurately assessing Maiden's overall profitability. ¶¶57-59, 63, 87.

5

Defendants also defend Judge King's abuse of discretion, manipulating the sole claim to be something the Complaint does not plead. *See* Oppo. 6. A plain reading of Judge Bumb's Opinion and the record make clear that the "sole claim" is Plaintiffs' claim that survived Defendants' Motion to Dismiss. At oral argument, Judge Bumb stated that "it is a very, very, very lengthy Complaint that I think boils down to one sentence" (Dkt. No. 76, 48:2-6) and ordered Plaintiffs to submit a supplemental brief that defines Plaintiffs' claim in three sentences (Dkt. No. 75). Plaintiffs complied (Dkt. No. 77), and Judge Bumb's Opinion refers to Plaintiffs' distillation of their claim in the supplemental brief as Plaintiffs' "sole claim." Judge Bumb held that the sole claim was adequately pleaded and ordered discovery regarding Plaintiffs' claim.

Second, Defendants falsely state that the "Complaint—reduced to its essence—alleged that Defendants falsely claimed to have considered, as part of Maiden's loss-reserve process, historical loss information." Oppo. 1. Whatever Defendants might have done to reduce the Complaint "to its essence," they have done it wrong. Plaintiffs already provided a supplemental brief that identifies the essence of their claim (Dkt. No. 77), and it is *not* about whether Defendants falsely claimed to have considered historical loss information. That is clear from the Opinion. Judge Bumb ruled that the "sole claim" is: "was there an intentional decision made by the Defendants to omit AmTrust's historical loss ratio information

6

from the view of investors?" Opn. at 17-18.[4] Nothing in the Opinion indicates that

Judge Bumb intended to prohibit all discovery to which the Federal Rules of Civil

Procedure entitle Plaintiffs to prove their "sole claim."

To be crystal clear, the Complaint does ***not*** allege that Defendants failed to

"consider" historical loss information, much less centered such an allegation as the

essence of the Complaint. *See* App. at 13.[5] Nor do Plaintiffs allege that Defendants'

public statements claiming to have considered historical data were false or

misleading. ¶¶64-92. Defendants' material mischaracterization of the Complaint and

Opinion caused Judge King to abuse her discretion, limiting discovery to whether or

not Defendants considered any historical loss data—an allegation Plaintiffs never

made and a defense that is not dispositive of Plaintiffs' actual allegations[6].

---

[4] *See also* Opn. 5 ("Plaintiffs argue that Defendants should have disclosed the historical loss ratios of the AmTrust book of business. ***It is this sole allegation that appears to be Plaintiffs' theory of the case.*** 'The Exchange Act Required them [Defendants] to disclose the material, adverse historical data of which they had actual knowledge and which is identified in the Complaint.' Dkt. No. 77 at 1. Notably, Plaintiffs 'do not allege that Defendants were not allowed to use the lower loss ratios.' Rather, Plaintiffs argue that the historical loss ratios related to the AmTrust book of business constituted material information required by the Exchange Act to be disseminated to shareholders") (emphasis added); Opn. 9-10 ("Plaintiffs' allegation is simple: the discrepancy between historical loss ratios and estimated loss [ratios], and Defendant's failure to disclose the historical information, without more, constitutes securities fraud").

[5] Indeed, Plaintiffs cited Defense counsel's concession at oral argument that Defendants "considered" historical loss data as an admission that Defendants knew that the omitted facts contradicted their public statements. Plaintiffs' Supplemental Briefing (Dkt. No. 77) at 3 & n.4.

[6] For example, the SEC recently alleged that AmTrust and its CFO misled investors by omitting information related to the CFO's "judgmental adjustments" to the company's "historical experience." Securities and Exchange Commission v. AmTrust Financial Services, Inc. and Ronald E. Pipoly, Jr., No. 1:20-cv-04652 (S.D.N.Y., filed June 17, 2020) (available at https://www.sec.gov/litigation/complaints/2020/comp-pr2020-135.pdf).

7

Third, Defendants appear to claim that Judge Bumb's skepticism of Plaintiffs' ability to prove their allegations merits limitations on discovery and, ultimately, dismissal of the Complaint. Judge Bumb's doubts, however, are irrelevant to the issue of discovery. She denied Defendants' motion to dismiss, in part. Plaintiffs are entitled to an opportunity to prove that claim. *In re Phar-Mor, Inc. Sec. Litig.*, No. CIV. A. 93-521, 1993 WL 623308, at \*4 (W.D. Pa. Dec. 6, 1993) ("plaintiffs must be afforded an opportunity to prove the facts to support the claim").

Despite acknowledging the Complaint's sole claim at Plaintiffs' counsel's prompting,[7] Judge King based her discovery ruling on Defendants' recasting of Plaintiffs' claim. Having so erred, Judge King abused her discretion, limiting discovery to a non-existent claim. Neither Judge Bumb's Opinion nor the Federal Rules permit such a limitation.

**B.    Judge King Abused Her Discretion Because Her Discovery Limitation Prevents Plaintiffs from Proving Their Claim**

Judge King abused her discretion because her discovery limitations disable Plaintiffs from proving either falsity or scienter—two essential elements of their claim. App. at 8-15.

---

[7] As Judge King acknowledged, the sole remaining claim is "the intentional decision to omit the information, and not whether or not defendants considered the information." 12/8/21 Tr. 40:21-25.

To prove falsity, Plaintiffs must show that Maiden's historical loss ratios for more seasoned accident years materially differed from the loss ratios Defendants used for Maiden's most recent accident years. Judge King rejected Plaintiffs' requests for discovery showing either the historical loss ratios or the loss information that would allow Plaintiffs to reconstruct the historical loss ratios. Judge King justified her discovery limitation by stating that the historical loss ratio information "goes to second-guessing the conclusions made by" Defendants. App. at 6 (citing 12/8 Tr. 32:17-21). But these omitted historical loss ratios are central to Plaintiffs' claim and to Defendants' denial that they materially conflicted with the loss ratios Maiden disclosed during the Class Period. Ans. ¶¶ 58, 59, 87. Judge King's decision to exempt the alleged omitted facts from discovery was a clear abuse of discretion. *See, e.g., Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *16 (S.D.N.Y. Mar. 19, 2019) ("undisclosed facts . . . that were allegedly fraudulently omitted from the filing are relevant and discoverable.")

To prove scienter, Plaintiffs must show that Defendants intentionally or recklessly misled investors by omitting the adverse historical loss ratios. Accordingly, Judge Bumb explicitly ordered the parties to conduct discovery regarding whether Defendants made a decision to omit the historical loss ratios from the view of investors. Opinion at 17-18. In direct contradiction with Judge Bumb's order, Judge King rejected Plaintiffs' discovery requests for information relevant to

9

Defendants' decision to omit the historical loss ratios because "["Judge Bumb] didn't want any hindsight judgment so she is not allowing plaintiff to reevaluate what should have been reported and what should not have been reported, so to the extent if the information was considered, she's satisfied." 12/8 Tr. 23:11-15. Based on this misinterpretation of the Opinion, Judge King allowed Defendants to produce only a cherry-picked subset of sanitized committee minutes that Defendants unilaterally believe are sufficient to show that Maiden considered some historical loss ratios. Judge King erred by refusing to compel Maiden to produce documents relevant to the decision to omit the historical loss ratios from their public statements—including internal communications, communications with AmTrust and Maiden's auditors, or contemporaneous notes or memos.

Defendants concede that Judge King's discovery limitation disables Plaintiffs from proving the elements of their claim.[8] Instead, Defendants baselessly assert that Plaintiffs are not entitled to such discovery because this is not an "ordinary case." Oppo. 13. Defendants are wrong. Nothing in the Opinion renders proving the sole claim anything but an ordinary case.[9] Plaintiffs are entitled to discover information

---

[8] Defendants' assertion that "Plaintiffs' inability to establish wrongdoing through the limited discovery . . . is a reason to confirm that Plaintiffs action should now be dismissed," Oppo. 17, is meaningless, relying as it does on a fatally faulty premise. No law, rule, or logic requires a plaintiff to prove a claim she does not assert. Far from supporting Judge Bumb's discovery ruling, the very enunciation of this faulty premise highlights Judge King's abuse of discretion.

[9] Defendants emphasize that the Court should not permit a "fishing expedition." Opn. 17. On the other hand, the Supreme Court's admonition in *Hickman v. Taylor*, 329 U.S. 495 (1947), still controls discovery in federal courts. *Id.* at 507 ("[D]iscovery rules are to be accorded a broad and

relevant to the elements of their claim. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Santiago v. Cavalry Portfolio Servs., LLC*, 2019 WL 6648449, at *2 (D.N.J. Dec. 4, 2019) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) (granting motion to compel and rejecting defendants' argument "that Plaintiff does not need the information sought" because "the relevant inquiry is whether the information is relevant in accordance with Rule 26"); *see also Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, 2020 WL 1969898, at *4 (D.N.J. Apr. 24, 2020) ("The purpose of discovery is to investigate the facts about the claims and defenses set forth in the pleadings").

Judge King's refusal to apply Rule 26 to a discovery dispute is clearly erroneous and contrary to law. *See Pacitti v. Macy's*, 193 F.3d 766, 778 (3d Cir. 1999) (reversing grant of summary judgment, finding district court abused discretion by limiting discovery that precluded plaintiffs from obtaining information relevant to the elements of their fraud claim); *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 4460751, at *1 (S.D. Cal. Sept. 29, 2021) (reversing denial of plaintiffs' motion to

---

liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case"). Moreover, Plaintiffs' claim here has survived the exacting pleading standards of the Private Securities Litigation Reform Act, as well as Rule 9(b). Nothing in the Opinion indicates that Judge Bumb intended to limit discovery relevant the sole claim, as opposed to limiting Plaintiffs from seeking discovery irrelevant to that claim or Defendants' defenses thereto.

11

compel because the Magistrate Judge "failed to appropriately weigh relevance and the proportionality factors enumerated in the text of Rule 26").

### C.    Defendants' Proposed Paths Forward Are Procedurally Improper

Having taken the indefensible position that Plaintiffs are not entitled to discovery relevant to the essential elements of their claim, Defendants' proposed path forward in this case is procedurally impermissible. If they move for summary judgment, Defendants know they cannot prevent further discovery under Rule 56(d). Defendants also know they cannot leverage the self-serving discovery they produced—tangential, at best, to the sole claim—in support of another motion to dismiss. None of that information is incorporated in the Complaint, and this Court may not take judicial notice of it. Rule 12(d) mandates that if Defendants attempt to introduce that evidence, the Court must convert the purported motion to dismiss to one for summary judgment and order full discovery on Plaintiffs' claim. Instead, Defendants invite the court to overturn Judge Bumb's law of the case through an improper renewal of their previously-denied motion to dismiss. All paths eventually lead to the same conclusion: if Defendants force disposition of this case before Plaintiffs are permitted to discover information relevant to the sole claim and defenses thereto, they will just be inviting reversible error.

Defendants ask the Court to affirm Judge King's discovery order and "set a briefing schedule for Defendants' renewed motion to dismiss." Oppo. 2. As

12

discussed, Defendants' proposal for another motion to dismiss is improper under both the Federal Rules and Judge Bumb's Opinion. Nowhere does the Opinion even hint at permitting Defendants another bite at the 12(b)(6) apple; any such invitation violates Rule 12(b), prohibiting Defendants from filing another motion to dismiss after answering the Complaint. Fed. R. Civ. P. 12(b) (Rule 12(b) "motion . . . must be made before pleading if a responsive pleading is allowed"); *see, e.g., Weber v. Pilot Travel Centers, LLC*, 2012 WL 924871, at *3 (D.N.J. Mar. 19, 2012) ("Once a defendant files its Answer, however, it may no longer move to dismiss the Complaint under Rule 12(b)(6)") (citing Fed. R. Civ. P. 12(b)). Judge Bumb denied the motion to dismiss, in part, and Defendants promptly answered, precluding them from filing a Rule 12(b) motion. Finally, a renewed motion to dismiss is directly contradictory to Judge King's Limited Discovery Scheduling Order, which stated that "[d]ispositive motions" following limited discovery shall follow Local Civil Rule 56.1, which governs motions for summary judgment. Dkt. No. 93 at 2.

More substantively, Rule 12(d) prohibits Defendants from filing or renewing a motion to dismiss based on discovery materials outside of the pleadings. *See* Fed. R. Civ. P. Rule 12(d) ("If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion ***must*** be treated as one for summary judgment under Rule 56") (emphasis added). Any attempt to relitigate the motion to dismiss Judge Bumb denied violates the express provisions

13

of Rule 12 and seeks to overturn Judge Bumb's Opinion—the law of the case.[10] Defendants did not move to reconsider or seek interlocutory review of the Opinion. They put forth no argument that the Opinion was clearly erroneous or visited manifest injustice upon them. This Court, therefore, should reject the proposal to reverse the Opinion or to permit Defendants to reargue what they already lost.

Despite that courts should be "loathe" to follow Defendants' impermissible procedural path, Defendants propose it anyway. By doing so, they tacitly concede that their filing a summary judgment motion will necessitate allowing Plaintiffs to obtain the discovery that has been blocked by Judge King. In response to a motion for summary judgment, Plaintiffs will file a Rule 56(d) affidavit demonstrating their inability to present facts "essential to justify their opposition" because Judge King abused her discretion in denying them discovery relevant to the sole claim and

---

[10] *See Feesers, Inc. v. Michael Foods, Inc.*, 591 F.3d 191, 207 (3d Cir. 2010) ("The law of the case ... doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. . . . A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.") (citations and internal quotation marks omitted); *Hassel v. Centric Bank*, 2021 WL 84281, at *4 (M.D. Pa. Jan. 11, 2021) ("[T]he court already decided the issue of whether Hassel's complaint states a claim upon which relief can be granted . . . when it resolved Centric Bank's motion to dismiss. The court is therefore asked to consider the same issue using the same standard of review and reach a different conclusion. Given those circumstances, the court will apply the law of the case doctrine and overrule the objections."); *Valenti v. Maher Terminals LLC*, 2016 WL 3900766, at *3 (D.N.J. July 18, 2016) ("The Court shall deny Defendants' Motion for Judgment on the Pleadings because the Court has already determined that the Amended Complaint sufficiently establishes a plausible claim to relief, and also because the Court cannot say that the extraneous documents proffered by Defendants are 'integral to or explicitly relied upon in the complaint,' or that the Amended Complaint is based on these documents.").

14

defenses thereto. "District courts usually grant properly filed requests for discovery under Rule 56(d) as a matter of course," particularly when there are discovery requests outstanding or where relevant facts are under control of the party moving for summary judgment." *In re Avandia Mktg., Sales & Prod. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019). "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007).

Defendants' defense of Judge King's discovery ruling, limiting discovery to a claim the Complaint does not plead, leaves them on the horns of a dilemma: impermissibly move to dismiss or subject themselves to full discovery upon filing a premature motion for summary judgment. The Court should reject both of these improper paths and instead order discovery, pursuant to Rule 26(b), into Plaintiffs' sole remaining claim. Anything less is error.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court (1) reverse Judge King's discovery Rulings as clearly erroneous; and (2) reopen discovery, requiring Defendants to produce all requested information related to Plaintiffs' claim.

Dated: February 7, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*
LAURENCE M. ROSEN
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: 973/313-1887
973/833-0399 (fax)
lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
JACOB A. GOLDBERG
DANIEL TYRE-KARP
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
jgoldberg@rosenlegal.com
dtyrekarp@rosenlegal.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
TOR GRONBORG
TRIG R. SMITH
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com

*Co-Lead Counsel*

16

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Additional Counsel*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th of February 2022 a true and correct copy of the foregoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Laurence M. Rosen*
Laurence M. Rosen