**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MICHAEL WIGGLESWORTH,

        Plaintiff,

        v.

MAIDEN HOLDINGS, LTD., *et al.*,

        Defendants.

1:19-cv-5296

**ORDER**

**O'HEARN, District Judge.**

This matter comes before the Court on an Appeal filed on December 27, 2021 by Lead Plaintiffs Boilermaker-Blacksmith National Pension Trust and Taishin International Bank Co. Ltd. ("Plaintiffs"), seeking review of the December 8, 2021 decision of United States Magistrate Judge King denying Plaintiffs' informal application to compel the production of certain documents, (ECF No. 125); and

**WHEREAS,** Defendants Maiden Holdings, Ltd. ("Maiden"), Arturo M. Raschbaum, Karen L. Schmitt, and John M. Marshaleck (collectively, "Defendants") filed an opposition, (ECF No. 126), and Plaintiffs filed a reply, (ECF No. 129); and

**WHEREAS,** this Court may exercise appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(c); and

**WHEREAS,** pursuant to Local Civil Rule 72.1(c)(1)(A), "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order," L. CIV. R. 72.1(c)(1)(A) and Federal

Rule of Civil Procedure 72(a) states that "[a]party may not assign as error a defect in the order not timely objected to."; and

**WHEREAS,** it is well-established in this Circuit that failure to make timely objections to a magistrate judge's order under Rule 72(a) bars appellate review of that order absent exceptional circumstances, *see, e.g.*, *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251–53 (3d Cir. 1998); *Clarke v. Marriott Int'l, Inc.*, No. 08–00086, 2012 WL 1862327, at *1 (D.V.I. May 22, 2012) ("Cases holding that an untimely appeal from an order by a magistrate judge bars further review by the District Court are legion."); *see also Schmidt v. Mars, Inc.*, No. 09-03008, 2011 WL 2421241, at *3 (D.N.J. June 13, 2011); RICHARD L. MARCUS, 12 FED. PRAC. & PROC. (WRIGHT & MILLER) § 3069 (3d ed. 2002) ("Should a party fail to make timely objections, it has no right to review by the district judge of the action taken by the magistrate judge."); and

**WHEREAS**, "Courts in this District have indicated that an appeal may be made from a non-dispositive motion even without a formal written order from the Court," *Schmidt*, 2011 WL 2421241, at *3 (citing *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. 2004)); and

**WHEREAS,** Magistrate Judge King entered her Order on the record on December 8, 2021, (ECF No. 123), and thus, any appeal of that Order was required to be filed on or before December 22, 2021; and

**WHEREAS,** Plaintiffs did not file their Appeal until December 27, 2021—five days after the deadline to do so; and

**WHEREAS,** to the extent Plaintiffs may claim that they were waiting for the transcript of the Court's decision, "a plain reading of the Rule reveals that the Rule contemplates that a party may file a notice of appeal and then [at a later time] provide a transcript," *Schmidt*, 2011 WL

2

2421241, at *3; and

**WHEREAS,** Plaintiffs' counsel has not offered any reason for the delay in filing this appeal; and

**WHEREAS,** Plaintiffs' counsel did not seek an extension of time to file a motion or appeal under Federal Rule of Civil Procedure 6(b)(1)(B), and that on an appropriate motion under that rule, the Court could have considered granting Plaintiffs' an extension upon a showing of "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B);

**IT IS** on this 21st day of July , 2022,

**ORDERED** that Plaintiffs' Appeal (ECF No. 125) is **DENIED** as untimely and for failure to comply with Local Civil Rule 72.1(c)(1)(A).

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**