**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re MAIDEN HOLDINGS, LTD. SECURITIES LITIGATION | ) ) ) ) | Master File No. 1:19-cv-05296-CPO-SK <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | ) ) ) ) ) ) ) ) | MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING APPEAL FROM NON-DISPOSITIVE ORDERS OF MAGISTRATE JUDGE |

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ............................................................................................ 1

II.  PROCEDURAL BACKGROUND ...................................................................................... 2

    A.   The December 8, 2021 Discovery Conference................................................................ 2

    B.   The Appeal .................................................................................................................... 2

III. ARGUMENT ...................................................................................................................... 3

    A.   The Standards for Reconsideration Are Met................................................................... 3

    B.   Plaintiffs' Appeal of the Magistrate Judge's Order Was Timely ............................ 4

IV.  CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bass v. U.S. Dep't of Agric.*,
211 F.3d 959 (5th Cir. 2000) ............................................................................... 12

*Cooper v. Chicago Transit Auth.*,
1996 WL 520855 (N.D. Ill. Sept. 10, 1996) ...................................................... 9, 10

*Curtis v. Besam Grp.*,
No. 05-CV-2807 (DMC), 2008 WL 1732958 (D.N.J. Apr. 10, 2008) .................. 4

*Gen. Motors Corp. v. Johnson Matthey, Inc.*,
887 F. Supp. 1240 (E.D. Wis. 1995) .................................................................... 11

*In re Gabapentin Pat. Litig.*,
312 F. Supp. 2d 653 (D.N.J. 2004) ........................................................................ 8

*In re Imerys Talc Am., Inc.*,
38 F.4th 361 (3d Cir. 2022) ................................................................................... 9

*Jones v. RS&H, Inc.*,
2018 WL 11267529 (M.D. Fla. Feb. 21, 2018) ................................................... 10

*Nat'l Sav. Bank of Albany v. Jefferson Bank*,
127 F.R.D. 218 (S.D. Fla. 1989) ...................................................................... 6, 11

*Russello v. United States*,
464 U.S. 16 (1983) ................................................................................................. 9

*Schmidt v. Mars, Inc.*,
No. CIV.A. 09-3008 PGS, 2011 WL 2421241 (D.N.J. June 13, 2011) .... 3, 6, 7, 8

*Scott–Harris v. City of Fall River*,
134 F.3d 427 (1st Cir.1997) ................................................................................. 12

ii

*Solon v. Kaplan*,
  2003 WL 256792 (N.D. Ill. Feb. 3, 2003)..............................................................10

*Sundesa, LLC v. Tejarah Int'l Inc.*,
  No. 20-CV-2609, 2020 WL 6779105 (D.N.J. Nov. 17, 2020).............................4

## <u>Rules</u>

Fed. R. Civ. P. 1 ..............................................................................................12

Fed. R. Civ. P. 6 ................................................................................................5

Fed. R. Civ. P. 59 .............................................................................................1

Fed. R. Civ. P. 72(a)................................................................................ passim

Fed. R. Civ. P. 77(d)(1)......................................................................................5

Fed. R. Crim. P. 59............................................................................................8

## <u>Other Authorities</u>

Local Civil Rule 52.1 ........................................................................................9

Local Civil Rule 72.1(c)(1)(A) .........................................................................7

iii

Pursuant to Fed. R. Civ. P. 59(e) and L.Civ.R. 7.1(i), Lead Plaintiffs ("Plaintiffs") in this putative class action, by and through their counsel, hereby move for reconsideration of this Court's July 21, 2022, Order denying Plaintiffs' Appeal from Non-Dispositive Orders of Magistrate Judge King ("Appeal") as untimely.

## I.    PRELIMINARY STATEMENT[1]

This Court clearly erred, improperly rejecting as untimely the Appeal in defiance of the express terms of both the Federal Rules of Civil Procedure and Local Rules. Plaintiffs did not delay or fail timely to file the Appeal. Rather, the docket is clear that Magistrate Judge King never served an order on the Parties as the rules *require*. In an abundance of caution, Plaintiffs requested a transcript of Judge King's telephonic conference within 24 hours of the conference. Within fourteen days after the Court entered the transcript to the Docket and sent a copy of the transcript to Plaintiffs, Plaintiffs filed the Appeal. Avoiding ruling on the Appeal's substance after Plaintiffs complied precisely with Fed. R. Civ. P. 72(a) and L.Civ.R. 72.1(c)(1)(A) impermissibly prejudices Plaintiffs' substantive rights in this case. Accordingly, to correct clear error, the Court should reconsider the Order, setting aside its finding of untimeliness and ruling on the Appeal's substance.

---

[1] Unless otherwise noted, all emphases are cited and citations omitted.

1

## II.    PROCEDURAL BACKGROUND

### A.    The December 8, 2021 Discovery Conference

On December 8, 2021, at 2:00 p.m., Judge King convened a telephonic conference and orally ruled on the parties' disputes concerning the scope of written discovery in this action. Judge King neither entered on the Docket nor otherwise served on the parties any order whatsoever, memorializing her rulings. Rather, a December 8, 2021, *Minute Entry*, (Dkt. No. 123), identified only "proceedings held before Magistrate Judge Sharon A. King: Discovery Dispute."

On December 9, 2021—fewer than 24 hours after the conference—Plaintiffs requested a copy of the transcript of the December 8, 2021, conference. On December 10, 2021, the Clerk entered the transcript of the conference to the Docket (Dkt. No. 124). Plaintiffs' counsel received a copy of the transcript that same day.

### B.    The Appeal

Plaintiffs served and filed the Appeal on December 27, 2021. (Dkt. No. 125). Defendants filed a brief opposing the Appeal on January 24, 2022. (Dkt. No. 126). Defendants omitted any argument whatsoever that the Appeal was untimely. On January 26, 2022, Plaintiffs filed a letter requesting a one-week extension of time to file their reply brief in support of the Appeal, (Dkt. No. 127), and this Court granted Plaintiffs' request that same day. (Dkt. No. 128). Plaintiffs timely filed their reply brief in support of the appeal on February 7, 2022. (Dkt. No. 129).

On July 21, 2022, the Court entered the Order, raising, *sua sponte*, and then denying the Appeal as untimely, avoiding ruling on its substance. (Dkt. No. 131). The Order stated that "Judge King entered her Order on the record on December 8, 2021, (Dkt. No. 123), and thus, any appeal of that Order was required to be filed on or before December 22, 2021." Nodding to the express language of "the Rule," this Court added that "to the extent Plaintiffs may claim that they were waiting for the transcript of the Court's decision, 'a plain reading of the Rule reveals that the Rule contemplates that a party may file a notice of appeal and then [at a later time] provide a transcript.'" *Id*. at 2-3 (quoting *Schmidt v. Mars, Inc.*, No. CIV.A. 09-3008 PGS, 2011 WL 2421241, at *3 (D.N.J. June 13, 2011). The Order concluded that "Plaintiffs' counsel has not offered any reason for the delay in filing this appeal." (Dkt. No. 131, at 3).

## III.    ARGUMENT

### A.    The Standards for Reconsideration Are Met

Local Rule 7.1(i) requires a party to file a motion for reconsideration within 14 days after the entry of the order in question. Plaintiffs are filing this motion for reconsideration eight (8) days after the Court entered the Order. A party seeking reconsideration must file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Local Rule 7.1(i). Among other reasons, courts in this District reconsider rulings "to

3

correct a clear error of law or to prevent manifest injustice." *Sundesa, LLC v. Tejarah Int'l Inc.*, No. 20-CV-2609, 2020 WL 6779105, at *1 (D.N.J. Nov. 17, 2020). Courts generally grant reconsideration where "its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Id.* Conversely, reconsideration is inappropriate where a party merely "seeks to rehash arguments already raised and rejected." *Curtis v. Besam Grp.*, No. 05-CV-2807 (DMC), 2008 WL 1732958, at *2 (D.N.J. Apr. 10, 2008).

Reconsideration is appropriate here because the Order contravenes the plain text of Rule 72(a), constituting a clear error of law. More, this Motion does not rehash arguments. Neither Plaintiffs nor Defendants raised the issue of timeliness in their respective briefing on the Appeal.

### B.    Plaintiffs' Appeal of the Magistrate Judge's Order Was Timely

Rule 72(a) grants parties the right to "serve and file objections to the [Magistrate's] order within 14 days after being ***served with a copy***," and "[t]he district judge in the case must consider timely objections." Fed. R. Civ. P. 72(a) (emphasis added). Conforming in word and spirit to Rule 72(a), Local Rule 72.1(c)(1)(A) sets as a deadline for appealing from a Magistrate Judge's determination of a non-dispositive matter "14 days after the party has been ***served with a copy of the Magistrate Judge's order***." (Emphasis added). Federal Rule of Civil Procedure 77, "Conducting Business; Clerk's Authority; Notice of an Order

4

or Judgment," includes a section on "service." That section mandates that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry" on the parties. Fed. R. Civ. P. 77(d)(1). This means that Rule 72(a)'s inclusion of "served on" presupposes entry on the docket of a magistrate judge's order. Here, the Clerk never entered on the Docket or served upon the parties an **_order_**, memorializing Judge King's rulings. While the transcript of the December 8, 2021, conference memorialized Judge King's rulings, the Court neither entered that transcript to the Docket nor otherwise **_served_** it on the parties until December 10, 2021. Plaintiffs filed their appeal fourteen days after December 10, 2021.[2]

The Order, denying the Appeal as untimely, constitutes a clear error of law. Judge King's oral rulings, themselves, did not constitute an order, a copy of which was capable of being served on the parties. One cannot serve a copy of an oral ruling. Rather, Rule 72(a)'s express and plain language require that a copy of an order be served upon a party to begin its 14-day limitation for filing objections. Fed. R. Civ. P. 72(a); Local Rule 72.1(c)(1)(A). While magistrate judges may **_issue_** orders orally

---

[2] Federal Rule of Civil Procedure 6 applies to calculating the deadline for the Appeal. To calculate the due date, Plaintiffs excluded December 10, 2021, counting fourteen days from December 11, 2021. Fed. R. Civ. P. 6(a)(1). Because the period ended on Saturday, December 25, 2021, Christmas day, the express words of Rule 6 set Monday, December 27, 2021, as the deadline for the Appeal. Fed. R. Civ. P. 6(a)(1)(C) ("include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Plaintiffs filed the Appeal on December 27, 2021.

without a formal written order,[3] that does not obviate or contravene in any way whatsoever Rule 72(a)'s requirement that a party be **served with a copy** of the order before the time for objections begins to run. "[T]he date of service of a court order is invariably the date the order is entered" on the docket. *Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222-23 (S.D. Fla. 1989) (finding timely a June 13 request for extension to object to a magistrate judge's May 23 ruling because clerk entered order on May 30, the "legally operative date from which a party must take some action from the entry of an order").

Rather than supporting a finding of untimeliness, the Order's citation to *Schmidt*, 2011 WL 2421241, at *3 confirms the clear error of law. Quoting *Schmidt*, the Order states that "to the extent Plaintiffs may claim that they were waiting for the transcript of the Court's decision, 'a plain reading of the Rule reveals that the Rule contemplates that a party may file a notice of appeal and then [at a later time] provide a transcript.'" (Dkt. No. 131, at 2-3) (quoting *Schmidt*, 2011 WL 2421241, at *3). In *Schmidt*, however, the court based its ruling of untimeliness on the magistrate judge's having issued and filed a "written letter order." In the face of that written order, the court found, the objecting party—who filed its objections months after being served with a copy—was not entitled to wait for a transcript. *Id*.

---

[3] Order at 2 ("'Courts in this District have indicated that an appeal may be made from a non-dispositive motion even without a formal written order from the Court'") (quoting *Schmidt*, 2011 WL 2421241, at *3).

6

Far from supporting the Order's reasoning and conclusion that the Appeal was untimely, *Schmidt* contravenes it. Where a party is not served a copy of something memorializing an oral ruling, the 14-day objection period does not begin to run. In *Schmidt*, the magistrate judge issued an oral order on December 29, 2010, memorializing it in a written letter order on December 30, 2010. To measure the timeliness of the appeal, the district court measured the time from the filing of the written order that the parties received via ECF on December 30—not from the issuance of the oral order on December 29:

> The Court concludes that Plaintiff's appeal is untimely pursuant to the time-frame established in Local Civil Rule 72.1(c)(1)(A). The Rule clearly states that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's **order**." L. Civ. R. 72.1(c)(1)(A). Magistrate Salas filed her Order on December 30, 2010. However, it was not until April 29, 2010, almost four months after Magistrate Salas filed the Order that Plaintiff's Counsel indicated any intention to file an appeal.

*Schmidt*, 2011 WL 2421241, at *3 (emphasis in original).

In addition, *Schmidt* is factually distinguishable with respect to the "delay" in question. The plaintiff in *Schmidt* delayed by months requesting the transcript of the hearing, despite having been served a copy of the written letter order. *See Schmidt*, 2011 WL 2421241, at *3 ("Plaintiff's Counsel has not offered any good reason for her delay in filing this appeal. The docket does not reveal that Plaintiff's Counsel

7

contemplated the filing of an appeal before April or that Plaintiff's Counsel sought

the transcript of the December 29, 2010, oral decision"). Here, Plaintiffs did not

delay, requesting the transcript ***virtually immediately*** following the December 8,

2021, conference and filing the Appeal 14 days after having been served with a copy.

The *Schmidt* court discussed that waiting for the transcript may have justified delay

in the objections, rejecting this possible justification because the plaintiff dawdled

impermissibly in seeking the transcript in question. *Id*. Thus, *Schmidt* stands for the

proposition that in response to an oral ruling, the 14-day period may run from service

of a copy of a transcript, unless the objecting party fails to request it timely.

Both a plain reading of the applicable rules and the cases on which the Order

relied[4] demonstrate that a party's time to appeal an oral order issued during a hearing

begins to run only once the party has been served with a copy of the order—not upon

an oral ruling.

The drafters of Rule 72(a) could not have intended for the issuance of an oral

order, without service of a copy of the order, to trigger the 14-day time period for

objections. For example, Rule 59 of the Federal Rules of Criminal Procedure allows

---

[4] *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. 2004), is also inapposite. First, the *Gabapentin* court confronted whether an objection to the magistrate judge's order was filed prematurely—not whether the party had missed the deadline for filing an objection. Second, just as in *Schmidt*—but absent from this case—the magistrate judge in *Gabapentin* memorialized the oral order, "clearly reflect[ing it] in the . . . docketed minute entry." *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. 2004). Here, the docketed minute entry does not mention any ruling or order. (Dkt. No. 123).

a party to appeal a magistrate judge's non-dispositive order "within 14 days after being served with a copy of a written order *or after the oral order is stated on the record*." (Emphasis added). The absence from Rule 72(a) of any mention of an oral order indicates that Congress intended the 14-day trigger to be exclusively a served written order. *See In re Imerys Talc Am., Inc.*, 38 F.4th 361, 375 (3d Cir. 2022) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). Similarly, Local Civil Rule 52.1 states that "[w]hen an oral opinion is given in lieu of a written opinion and is transcribed, the reporter shall submit it to the Judge for revision before it is filed." Accordingly, by rule, Judge King's oral ruling was not final until she had an opportunity to revise it—if at all—before the Court served the transcript on the parties on December 10, 2021.

The rulings of other district courts highlight this Court's clear error, expressly rejecting that oral orders, alone, trigger Rule 72(a)'s 14-day limitation. For example, in *Cooper v. Chicago Transit Auth.*, 1996 WL 520855, at *2 (N.D. Ill. Sept. 10, 1996), the defendants argued that the plaintiffs' appeal of a series of oral orders were untimely because the appeal was filed seven months after the magistrate issued the oral orders. *Id*. Citing the 1991 Advisory Committee Notes, the *Cooper* court found

9

the appeal timely because "the magistrate judge's oral ruling was never transmitted via this district's 'Minute Order Form' and was never served upon any party" until the court filed and served a written order seven months after the oral ruling. [5] *See also Jones v. RS&H, Inc.*, 2018 WL 11267529, at \*1 (M.D. Fla. Feb. 21, 2018), *aff'd sub nom. Jones v. RS & H, Inc.*, 775 F. App'x 978 (11th Cir. 2019) (holding timely an appeal of a magistrate's non-dispositive order filed 14 days after being served with a copy of the written order even though it was filed more than 14 days after the magistrate issued an oral ruling); *Solon v. Kaplan*, 2003 WL 256792, at \*1 (N.D. Ill. Feb. 3, 2003) (holding that Rule 72(a) objections were timely from the date a copy of an order is served on a party, rejecting the date of oral ruling as the trigger). These cases confirm that for an oral order to trigger the 14-day objection period, the court must somehow memorialize the order in writing and serve it upon the parties. In the absence of memorialization, in writing, and service upon the parties, the 14-day objection period does not begin to run. As such, the earliest time the limitation period for filing the Appeal in this case began on December 10, 2021, and ***not*** December 8, 2021.

More, to the extent the Order relied on Local Rule 72.1(c)(1)(A) as modifying the time for appeal prescribed in Rule 72(a), such reliance is clear error. Rule 83

---

[5] The *Cooper* court also rejected the relevance of the 1983 Advisory Committee Note that "[a]n oral order read into the record by the magistrate will satisfy this requirement," holding that the 1991 Committee Note rendered obsolete the 1983 Committee Note. *Id*.

only allows Local Rules to regulate litigation in a "manner not inconsistent" with the Federal Rules. Rule 72(a) states that the time for a party to appeal a Magistrate Judge's order begins to run once a party has been served with a copy of that order—omitting any reference to an oral order. If the Court reads Local Rule 72.1(c)(1)(A) as triggering the time period to appeal from the date an oral order is issued—in the absence of some written order, memorializing the oral order and serving a copy thereof on the parties—a conflict exists between the Local Rule and the Federal Rule. If so, the Federal Rule applies. *See Gen. Motors Corp. v. Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1244 (E.D. Wis. 1995) (holding that local rule triggering the time to appeal from the "issuance" of an order was in conflict with Rule 72(a)'s requirement that the time to appeal is triggered by "being served with a copy of the magistrate judge's order" and holding "the local rule must give way to the federal rule"); *National Sav. Bank of Albany*, 127 F.R.D. at 220 (local rule allowing appeal within 4 days for the filing of the magistrate judge's order conflicts with and is overridden by Rule 72(a)'s different requirement). Here, however, the Federal and Local Rules do not conflict and are clear. Because the Court served no copy of anything resembling an order on the parties until December 10, 2021, the Appeal was not due until December 27, 2021. This Order, denying the Appeal as untimely is, therefore, clear error and must not stand.

11

Finally, the Federal Rules promote efficiency and just outcomes, elevating substance over form. *See* Fed. R. Civ. P. 1. In imposing limitations periods, certainty is critical. *See, e.g., Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 963 (5th Cir. 2000) (holding that the policy concern of promoting certainty supports reading Appellate Rule 4(a)(6) as requiring written notice rather than oral notice) (citing *Scott–Harris v. City of Fall River*, 134 F.3d 427, 433 (1st Cir.1997)). The Order upends that certainty, impermissibly reading into the Rule that an "oral ruling" triggers the objection deadline and ignoring the express text requiring parties to be "served with a copy." Parties must not be left to guess deadlines. Courts and litigants alike must comply with the Rules to promote timely and fair adjudication of the substance of claims and issues that arise in litigation. Without a change in the Rules expressly including "oral orders" as triggering the objection deadline, the Order promotes uncertainty and prejudices Plaintiffs in this case. As a matter of both a plain reading of the Rules in question and policy, therefore, denying the Appeal as untimely is clear error.

## IV.    CONCLUSION

The Court should grant reconsideration, vacate its ruling that the Appeal was untimely, and grant the Appeal on its merits.

12

Dated: July 29, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*
LAURENCE M. ROSEN
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: 973/313-1887
973/833-0399 (fax)
lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
JACOB A. GOLDBERG
DANIEL TYRE-KARP
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
jgoldberg@rosenlegal.com
dtyrekarp@rosenlegal.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
TOR GRONBORG
TRIG R. SMITH
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com

*Co-Lead Counsel*

13

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Additional Counsel*

14