Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, NJ 07928-1488
Telephone: (973) 824-9300
Facsimile: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

*Attorneys for Defendants*

[Other counsel on signature block]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| In re Maiden Holdings, Ltd. Securities Litigation | Master File No. 1:19-cv-05296-CPO-SAK |
| | <u>CLASS ACTION</u> |
| | ORAL ARGUMENT REQUESTED |
| | MOTION DATE: September 6, 2022 |

---

**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR
RECONSIDERATION OF ORDER DENYING APPEAL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................1

BACKGROUND ......................................................................................................3

    A.    This Court Orders Defendants to Produce Limited Discovery, and Judge King Enforces That Order....................................................3

    B.    Plaintiffs' File Their Appeal 19 Days After Judge King's Order.........4

    C.    This Court Denies Plaintiffs' Appeal as Untimely ...............................4

LEGAL STANDARD FOR  MOTION FOR RECONSIDERATION .....................5

I.    THE COURT CORRECTLY HELD THAT PLAINTIFFS' APPEAL WAS UNTIMELY.......................................................................................5

II.    PLAINTIFFS' DISAGREEMENT WITH THE COURT DOES NOT WARRANT RECONSIDERATION IN ANY CASE .................................11

CONCLUSION ......................................................................................................12

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Astrazeneca LP v. Breath Ltd.*,
  2011 WL 13076748 (D.N.J. Dec. 12, 2011) ........................................................11

*Cafaro v. HMC Int'l, LLC*,
  2009 WL 2382247 (D.N.J. July 30, 2009) ...........................................................11

*Cooper v. Chicago Transit Authority*,
  1996 WL 520855 (N.D. Ill. Sept. 10, 1996) ...........................................................9

*Curtis v. Besam Group*,
  2008 WL 1732958 (D.N.J. Apr. 10, 2008) ..............................................................5

*DirecTV, Inc. v. Bonilla*,
  2005 WL 8179748 (D.N.J. Apr. 18, 2005) ..............................................................8

*Dubai Islamic Bank v. Citibank, N.A.*,
  2002 WL 1628802 (S.D.N.Y. July 23, 2002) ...................................................... 7-8

*Heine v. Bureau Chief Div. of Fire & Safety*,
  765 F. App'x 816 (3d Cir. 2019) ..........................................................................11

*Heine v. Dir. of Codes & Standards*,
  2018 WL 11309633 (D.N.J. May 11, 2018) .........................................................11

*Hulett v. City of Syracuse*,
  2015 WL 13821096 (N.D.N.Y. May 7, 2015) ............................................... 7, 8, 9

*Jones v. RS & H, Inc.*,
  775 F. App'x 978 (11th Cir. 2019) .........................................................................9

*Jones v. RS&H, Inc.*,
  2018 WL 11267529 (M.D. Fla. Feb. 21, 2018) ...................................................8, 9

*Leja v. Schmidt Manu.*,
  2008 WL 1995140 (D.N.J. May 6, 2008) .............................................................10

*Med-X Glob., LLC v. Azimuth Risk Solutions., LLC*,
  2018 WL 5630592 (D.N.J. Oct. 31, 2018) ..................................................... 3, 5, 11

*Novartis Pharma. Corp. v. Mylan Pharma., Inc.*,
   2008 WL 11383883 (D.N.J. June 13, 2008) ..........................................................8

*Pier 541 LLC v. Crab House, Inc.*,
   2022 WL 1683717 (D.N.J. May 26, 2022) ................................................ 3, 5, 10

*Samad Bros. v. Bokara Rug Co.*,
   2011 WL 4357188 (S.D.N.Y. Sept. 19, 2011) .....................................................2, 7

*Scharff v. Claridge Gardens, Inc.*,
   1990 WL 186879 (S.D.N.Y. Nov. 21, 1990) .........................................................9

*Schiano v. MBNA, Corp.*,
   2006 WL 3831225 (D.N.J. Dec. 28, 2006) ..........................................................11

*Schmidt v. Mars*, Inc.,
   2011 WL 2421241 (D.N.J. June 13, 2011) .......................................................4, 10

*SEC v. Nat. Diamonds Inv. Co.*,
   493 F. Supp. 3d 1260 (S.D. Fla. 2020) ..............................................................2, 7

*SGS U.S. Testing Co. v. Takata Corp.*,
   2010 WL 4789341 (D.N.J. Nov. 17, 2010) .........................................................11

## Rules and Regulations

Fed. R. Civ. P. 72(a) ...................................................................................... *passim*

Local Rule 52.1 ...............................................................................................10

Local Rule 72.1 ............................................................................... 2, 4, 6, 12

N.D.N.Y. Local Rule 72.1(b) ...........................................................................8

Defendants Maiden Holdings, Ltd. ("Maiden"), Arturo M. Raschbaum, Karen L. Schmitt, and John M. Marshaleck (with Maiden, "Defendants") respectfully submit this memorandum of law in opposition to Lead Plaintiffs' ("Plaintiffs") Motion for Reconsideration of this Court's Order Denying Appeal From Non-Dispositive Orders of Magistrate Judge ("Motion" or "Mot.").

## PRELIMINARY STATEMENT

Judge Bumb's August 6, 2021 Opinion, and Order issued the same day (together the "August 2021 Order") imposed stringent limits on discovery. *See* ECF Nos. 88, 89. At a December 8, 2021 hearing, Magistrate Judge King issued an Order (the "December 2021 Order") rejecting Plaintiffs' demand for more documents as contrary to the August 2021 Order. *See* ECF No. 124 ("12/8/21 Tr."). And on July 21, 2022, this Court rejected Plaintiffs' appeal as untimely (the "July 2022 Order") because it was filed on December 27, 2021, well over 14 days after Judge King issued the December 2021 Order on the record at the December 8, 2021 hearing.

Plaintiffs claim that Judge King, and now this Court, were simply wrong. At the December 8, 2021 hearing, for instance, Judge King explained that the August 2021 Order imposed discovery limits because Judge Bumb "didn't want any hindsight judgment . . . so to the extent if the information was considered, she's satisfied." 12/8/21 Tr. at 23:12-15. Plaintiffs responded: "Your Honor. I disagree with you." *Id.* at 23:17. And Plaintiffs continue to disagree, arguing repeatedly that

1

Judge King's holding was an error, ECF No. 125-1 at 2, 3, 6, 7-9, 11, 12, 15, and now that Plaintiffs are the victims of this Court's supposed clear error.  ECF No. 132-1 at 1, 4, 5, 6, 9, 10, 11, 12.  But Plaintiffs' mere disagreement is insufficient to warrant the extraordinary relief of reconsideration.

This Court should deny the Motion for these reasons, and the following:

*First*, Plaintiffs' appeal was untimely.  Plaintiffs do not dispute that they filed their appeal more than 14 days after Judge King's December 2021 Order.  Further, neither Federal Rule of Civil Procedure ("FRCP") 72(a)—which governs appeals from non-dispositive orders of Magistrate Judges—nor its analog, District of New Jersey Local Rule ("Local Rule") 72.1, requires that a Magistrate's oral order be committed to writing and served in order to begin the 14-day appeal period.  The service or entry requirement is sensible for a Report and Recommendation, because service or entry is likely the first time a party receives notice of the Magistrate's decision.  But where, as here, a Court issues an oral Order, at a hearing, with counsel for all parties present, *and* Plaintiffs concede they *could* have initiated their appeal on the same day, there is no reason to toll the appeal clock until a later, written iteration.  Other Courts have likewise recognized that an oral order can begin the appeal clock.  *See, e.g.*, *SEC v. Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d 1260, 1263 (S.D. Fla. 2020) ("The appeal was not filed until October 2, which is more than 14 days after the oral ruling."); *Samad Bros. v. Bokara Rug Co.*, 2011 WL 4357188, at

*3 (S.D.N.Y. Sept. 19, 2011) ("An oral order can trigger the fourteen-day window for filing objections" under Rule 72(a)).

*Second*, Plaintiffs fail to identify any clear error. They cite no overlooked controlling authority or facts; their Motion merely voices disagreement with this Court's view of the applicable Rules and caselaw, which is insufficient to warrant reconsideration. *See, e.g.*, *Pier 541 LLC v. Crab House, Inc.*, 2022 WL 1683717, at *2 (D.N.J. May 26, 2022) (it is "well settled that reconsideration is not an appropriate vehicle to express disagreement with the Court's interpretation of case law or the record"); *Med-X Glob., LLC v. Azimuth Risk Solutions., LLC*, 2018 WL 5630592, at *2 (D.N.J. Oct. 31, 2018) (no reconsideration where a party "register[s]" its "disagreement over the proper interpretation of legal authorities that might reasonably be read differently").

Plaintiffs' Motion for Reconsideration should be denied.

## BACKGROUND

### A.   This Court Orders Defendants to Produce Limited Discovery, and Judge King Enforces That Order

Judge Bumb's August 2021 Order granted in part, and denied in part, Defendants' Motion to Dismiss. As relevant here, Judge Bumb permitted "<u>limited discovery</u> to proceed," August 2021 Order at 17 (emphasis in original), in order to "prevent this litigation from turning into a securities fishing expedition." *Id.* On December 8, 2021, at the second of Judge King's two discovery conferences, Judge

3

King held that "the discovery produced [by Defendants] has been satisfactory to comply with Judge Bumb's . . . authorization of limited discovery information," 12/8/21 Tr. at 32:22-25, and rejected Plaintiffs' demand for additional documents.

**B.    Plaintiffs' File Their Appeal 19 Days After Judge King's Order**

As Plaintiffs concede, they filed their appeal on December 27, 2021, more than 14 days after Judge King issued her December 8, 2021 Order.  Mot. at 2. Plaintiffs also concede that the time limit for such an appeal is 14 days.  *Id.* at 4. Consequently, as discussed below, Plaintiffs' appeal was untimely.

**C.    This Court Denies Plaintiffs' Appeal as Untimely**

On July 21, 2022, this Court denied Plaintiffs' appeal as untimely pursuant to Local Rule 72.1(c)(1)(A), which, like Rule 72(a), sets a 14-day time limit to appeal a non-dispositive decision of a Magistrate Judge.  July 2022 Order at 3.  The July 2022 Order recognized that "failure to make timely objections to a magistrate judge's order under Rule 72(a) bars appellate review of that order absent exceptional circumstances," *id.* at 2, and that an appeal may be taken from the non-dispositive order of a Magistrate Judge "even without a formal written order from the Court." *Id.* at 2 (quoting *Schmidt v. Mars, Inc.*, 2011 WL 2421241, at *3 (D.N.J. June 13, 2011)).  The Court also noted that Plaintiffs had neither "offered any reason for the delay in filing this appeal" nor sought an extension of the 14-day period.  *Id.* at 3.

4

Having considered and analyzed relevant Federal and Local Rules and authorities, this Court properly denied Plaintiffs' appeal as untimely.

**LEGAL STANDARD FOR
MOTION FOR RECONSIDERATION**

Reconsideration is an "extraordinary remedy that is to be granted very sparingly." *Curtis v. Besam Grp.*, 2008 WL 1732958, at *2 (D.N.J. Apr. 10, 2008) (quotation omitted). Plaintiffs' sole ground for reconsideration is a purported "clear error of law." Mot. at 4. But Plaintiffs are not entitled to reconsideration where, as here, they merely "register" their "disagreement over the proper interpretation of legal authorities that might reasonably be read differently." *Med-X Glob.,* 2018 WL 5630592, at *2; *see also Pier 541 LLC*, 2022 WL 1683717, at *2 (it is "well settled that reconsideration is not an appropriate vehicle to express disagreement with the Court's interpretation of case law or the record").

**THE COURT SHOULD DENY THE MOTION**

The Court should deny the Motion because (i) the Court correctly held that Plaintiffs' appeal was untimely and (ii) Plaintiffs do nothing more than disagree with the Court, which is insufficient for reconsideration.

**I.    THE COURT CORRECTLY HELD THAT PLAINTIFFS' APPEAL WAS UNTIMELY**

The Court found, and Plaintiffs do not dispute, that they filed their appeal more than 14 days after Judge King's December 8, 2021 Order. Mot. at 4. The sole

dispute is whether, pursuant to FRCP 72(a), and Local Rule 72.1(c)(1)(A), Plaintiffs' appeal was nonetheless timely.  This Court held correctly that it was not.

This Court's carefully considered view of the applicable Federal and Local Rules is well-supported.  *First*, FRCP 72(a) provides that, as to non-dispositive matters, the Magistrate Judge "when appropriate" should "issue a written order stating the decision,"[1] and so expressly contemplates that some orders—like Judge King's—will only be read into the record.  It follows that FRCP 72(a)'s call for serving a "copy" of the Order applies to written orders, because, as Plaintiffs concede, "[o]ne cannot serve a copy of an oral ruling."  Mot. at 5.  Regardless, neither Rule includes an express instruction that where, as here, a Magistrate Judge issues an oral order, the 14-day period cannot commence until the order is committed to writing and served on the non-prevailing party.

*Second*, where an Order is issued solely in writing—and not from the Bench— it is likely that the sole means of communicating that Order to the relevant parties is through service or entry on the docket.  By contrast, the parties at a hearing are necessarily aware of an oral order.  Here, Plaintiffs do not (and could not) argue they somehow failed to become aware of Judge King's December 2021 Order at the

---

[1] Local Rule 72.1(c)(1)(A) similarly provides that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order."

hearing where it was issued, and the transcript indicates they began arguing with Judge King about her decision on the record. *See* 12/8/21 Tr. at 33-36.

*Third*, Plaintiffs concede that Judge King's December 2021 Order was appealable once it was read into the record. *See* Mot. at 6 n.3. It would be anomalous and problematic for Plaintiffs to be able to appeal for an indeterminate amount of time until a written order is entered, leaving the parties and the Court in limbo as to whether a Magistrate Judge's ruling will be appealed. That is why, in almost every context, the clock to appeal begins when a party is aware of and has a right to appeal an order. Plaintiffs nowhere argue why departure from the usual rule is appropriate here. This Court therefore rightly rejected Plaintiffs' claim that, despite instant notification of Judge King's Order, and despite the fact that they could have appealed that day, the clock did not begin to run until the transcript appeared on the docket.

*Fourth*, courts in the Second and Eleventh Circuits have, like this Court, held that the time to appeal from an oral order of a Magistrate Judge runs from when the Magistrate Judge reads the Order into the record. *See, e.g.*, *Nat. Diamonds*, 493 F. Supp. 3d at 1263 (14-day period to appeal Magistrate's oral order begins when it is spoken); *Hulett v. City of Syracuse*, 2015 WL 13821096, at *3 (N.D.N.Y. May 7, 2015) ("If plaintiff desired to nevertheless compel production of these e-mails, he had fourteen days to file an objection to" a Magistrate's "oral order"); *Samad Bros*, 2011 WL 4357188, at *3 ("oral order" can start 14-day clock); *Dubai Islamic Bank*

*v. Citibank, N.A.*, 2002 WL 1628802, at *1 (S.D.N.Y. July 23, 2002) (rejecting argument that party "must be served with the order in order for the objection period to run" and finding that "[a]n (oral) order that is read into the record . . . has the same effect as a written order") (internal citation omitted). Notably, the Local Rule considered in *Hulett*—where the Court held that an oral order started the appeal clock—provides that "[a]ny party may file objections to a Magistrate Judge's determination of a non-dispositive matter . . . fourteen (14) days after being served with the Magistrate Judge's order." N.D.N.Y. Local Rule 72.1(b).[2]

The Advisory Notes to the 1983 Amendment of FRCP 72(a) ("1983 Advisory Notes") also support the Court's holding. This Court has recognized that the 1983 Advisory Notes confirm that an "oral order read into the record by the magistrate will satisfy" Rule 72(a)'s written-order requirement. *DirecTV, Inc. v. Bonilla*, 2005 WL 8179748, at *1 (D.N.J. Apr. 18, 2005) (referring to 1983 Advisory Notes to confirm that an "oral order read into the record by the magistrate will satisfy" written-order requirement); *see also Novartis Pharma. Corp. v. Mylan Pharma., Inc.*, 2008 WL 11383883, at *1 (D.N.J. June 13, 2008) (noting "oral order read into the record" satisfies requirement of a written order) (quotation omitted); *Jones v. RS&H, Inc.*, 2018 WL 11267529, at *1, n.1 (M.D. Fla. Feb. 21, 2018) (1983

---

[2] Plaintiffs' citation to authority in Illinois and Florida federal courts shows, at most, that District Courts have come to different conclusions on this issue, which again indicates this Court committed no "clear error." *See* Mot. at 9-11.

8

Advisory Notes "lend some support to Defendant's untimeliness argument"), *aff'd sub nom. Jones v. RS & H, Inc.*, 775 F. App'x 978 (11th Cir. 2019);[3] *Hulett*, 2015 WL 13821096, at *2 ("oral order read into the record by the magistrate will satisfy" the "written order" requirement (quoting 1983 Advisory Notes)); *Scharff v. Claridge Gardens, Inc.*, 1990 WL 186879, at *7 (S.D.N.Y. Nov. 21, 1990) (citing 1983 Advisory Notes for principle that "an oral ruling by a magistrate is sufficient to trigger the ten-day period to file objections").[4]

Plaintiffs argue that *Cooper v. Chicago Transit Authority*, 1996 WL 520855 (N.D. Ill. Sept. 10, 1996) "rejected the relevance of the 1983 Advisory Committee Note . . . holding that the 1991 Committee Note rendered" it "obsolete." Mot. at 10 n.5. As indicated, numerous opinions, including at least one from this District, continue to view the 1983 Advisory Notes as authoritative. Regardless, the Advisory Notes to the 1991 Amendment, like Rule 72(a), do not address when the appellate clock begins to run after an oral order.

---

[3] Contrary to Plaintiffs' assertion that *Jones* "[held] timely an appeal of a magistrate's non-dispositive order" that was "filed more than 14 days after the magistrate issued an oral ruling," Mot. at 10, *Jones* found—in a footnote—that due to the absence of controlling Eleventh Circuit authority on the timeliness issue, the Court would "reach the merits of Plaintiffs' objections." 2018 WL 11267529, at *1.

[4] Plaintiffs assert that "to the extent the Order relied on" the Local Rule "as modifying the time for appeal prescribed in Rule 72(a), such reliance is clear error." Mot. at 10. As discussed, neither Rule speaks to the timeliness of an oral order, and Plaintiffs concede "the Federal and Local Rules do not conflict." Mot. at 11.

Plaintiffs' reliance on *Schmidt v. Mars*, 2011 WL 2421241 (D.N.J. June 13, 2011) is also misplaced.  Far from "confirm[ing] the clear error of law," Mot. at 6, *Schmidt* holds only that an appeal filed four months after a Magistrate's written order—which was issued one day after an oral order—was untimely.  *Id.* at *3. *Schmidt* did not need to reach, and did not reach, whether a Magistrate's oral order can start the 14-day clock.  Plaintiffs assert that *Schmidt* "stands for the proposition that in response to an oral ruling, the 14-day period may run from service of a copy of a transcript, unless the objecting party fails to request it timely."  Mot. at 8.  But *Schmidt* nowhere draws that conclusion, finding only that a party may "file a notice of appeal and then provide a transcript" of an oral order.  *Schmidt*, 2011 WL 2421241, at *3.  Regardless, Plaintiffs' mere disagreement with the Court's view of *Schmidt* is insufficient, because a "motion for reconsideration may not be used to 'ask the Court to rethink what it had already thought through.'"  *Pier 541 LLC*, 2022 WL 1683717, at *2 (quoting *Leja v. Schmidt Manu.*, 2008 WL 1995140, at *3 (D.N.J. May 6, 2008)).[5]

This Court correctly held that Plaintiffs' appeal is untimely.

---

[5] Plaintiffs claim, based on Local Rule 52.1, that "Judge King's oral ruling was not final until she had an opportunity to revise it . . . before the Court served the transcript on the parties on December 10, 2021."  Mot. at 9.  Local Rule 52.1 says nothing about appeal timing, and Plaintiffs' reference to other Federal Rules identifies no controlling law, but only insufficient "disagreement with the Court's interpretation of case law or the record."  *Pier 541 LLC*, 2022 WL 1683717, at *2.

10

## II.    PLAINTIFFS' DISAGREEMENT WITH THE COURT DOES NOT WARRANT RECONSIDERATION IN ANY CASE

Plaintiffs' Motion should be denied for the independent reason that Plaintiffs fail to identify any controlling authority (or facts) that the Court overlooked that could constitute the "clear error" of law that Plaintiffs assert.  Rather, Plaintiffs' Motion makes clear that they "disagree with the Court's reading of the relevant case law" and Rules—yet "disagreement is not clear error," and Plaintiffs "have pointed to no Third Circuit (or Supreme Court) precedent that clearly contradicts the Court's previous holding."  *Med-X Glob.,* 2018 WL 5630592, at *2; *see also Schiano v. MBNA, Corp.*, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law . . . ."); *Heine v. Dir. of Codes & Standards*, 2018 WL 11309633, at *2 (D.N.J. May 11, 2018), *aff'd sub nom. Heine v. Bureau Chief Div. of Fire & Safety*, 765 F. App'x 816 (3d Cir. 2019) ("Plaintiffs' arguments are based on their personal disagreements with the Court's reasoning in its Opinion and Order.  That, however, is not an appropriate basis for a motion for reconsideration . . . .").[6]

---

[6] *See also Cafaro v. HMC Int'l, LLC*, 2009 WL 2382247, at *2 (D.N.J. July 30, 2009) ("Disagreement with the Court's interpretation is a matter for appeal, not reconsideration."); *Astrazeneca LP v. Breath Ltd.*, 2011 WL 13076748, at *3 (D.N.J. Dec. 12, 2011) ("AstraZeneca next argues that the Court made clear errors of law in interpreting" two cases, but "[t]he Court did not overlook the decisions."); *SGS U.S. Testing Co. v. Takata Corp.*, 2010 WL 4789341, at *2 (D.N.J. Nov. 17, 2010) ("[T]hat there may be two interpretations of the same law and the same language is not to say that choosing one reading over another is a clear error of law.").

Plaintiffs' Motion relies not on identifying controlling authority or critical facts the Court overlooked, but on Plaintiffs' conviction that the Court's application of Rule 72(a) must be incorrect. For instance, Plaintiffs offer, without benefit of controlling authority, their view that "Rule 72(a)'s inclusion of 'served on' presupposes entry on the docket of a magistrate judge's order." Mot. at 5. They also merely assert, again without reference to controlling authority, what they set out to show: that the issuance of an oral order supposedly "does not obviate or contravene in any way whatsoever Rule 72(a)'s requirement that a party be **served with a copy** of the order before the time for objections begin to run." *Id*. at 6 (emphasis in original). But, as discussed above, the purported "requirement" that an oral order be served appears nowhere in FRCP 72(a) or Local Rule 72.1, nor do Plaintiffs cite controlling authority on the issue, and several courts have nonetheless found that the 14-day clock runs from the date of the oral order. Plaintiffs' Motion is little more than an attempt to substitute their judgment for the Court's, which does not warrant reconsideration.[7]

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion.

Dated: August 23, 2022                    **MARINO, TORTORELLA & BOYLE, P.C.**

By: _/s/ Kevin H. Marino_

---

[7] Even if the Court grants reconsideration, the Court should deny Plaintiffs' appeal on its merits. *See* ECF No. 126 (Defendants' Opposition to appeal).

12

Kevin H. Marino
John D. Tortorella
437 Southern Boulevard
Chatham, NJ 07928-1488
Telephone:  (973) 824-9300
Facsimile:   (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:  */s/ Jaclyn Palmerson*
Michael B. Carlinsky (*pro hac vice*)
Rollo Baker (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Jesse Bernstein (*pro hac vice*)
Jaclyn Palmerson
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100
michaelcarlinsky@quinnemanuel.com
rollobaker@quinnemanuel.com
jacobwaldman@quinneamnuel.com
jessebernstein@quinnemanuel.com

13