# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

In re MAIDEN HOLDINGS, LTD.
SECURITIES LITIGATION

This Document Relates To:

ALL ACTIONS.

)
)
)
)
)
)
)
)
)
)

Master File No. 1:19-cv-05296-RMB-MS

<u>CLASS ACTION</u>

**LEAD PLAINTIFFS' REPLY IN
FURTHER SUPPORT OF
RECONSIDERATION OF ORDER
DENYING APPEAL FROM NON-
DISPOSITIVE ORDERS OF
MAGISTRATE JUDGE**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................1

II.   DEFENDANTS HAVE WAIVED THEIR TIMELINESS
      ARGUMENT .........................................................................................2

III.  THE PLAIN LANGUAGE OF RULE 72 STATES THAT THE
      APPEAL CLOCK BEGINS TO RUN AFTER THE COURT
      SERVES A COPY OF THE ORDER ............................................................3

IV.   PLAINTIFFS' MOTION FOR RECONSIDERATION IS BASED ON
      THE COURT'S CLEAR ERROR OF LAW ...................................................9

V.    CONCLUSION .....................................................................................9

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Carroll v. Del. River Port Auth.*,
  2014 WL 3748609 (D.N.J. July 29, 2014) ......................................................... 3

*Connecticut Nat. Bank v. Germain*,
  503 U.S. 249 (1992) ............................................................................................ 4

*Coy v. Folsom*,
  228 F.2d 276 (3d Cir. 1955) ............................................................................... 6

*Dean v. United States*,
  556 U.S. 568 (2009) ............................................................................................ 7

*Dixon v. McDonald*,
  815 F.3d 799 (Fed. Cir. 2016) ........................................................................... 3

*Dubai Islamic Bank v. Citbank, N.A.*,
  2002 WL 1628802 (S.D.N.Y. July 23, 2002) .................................................... 7

*Hulett v. City of Syracuse*,
  2015 WL 13821096 (N.D.N.Y. May 7, 2015) .................................................... 7

*In re TMI*,
  67 F.3d 1119 (3d Cir. 1995) ............................................................................... 5

*Intera Corp. v. Henderson*,
  428 F.3d 605 (6th Cir. 2005) ............................................................................. 9

*Jama v. Immigr. & Customs Enf't*,
  543 U.S. 335 (2005) ............................................................................................ 6

*Jones v. RS&H, Inc.*,
  2018 WL 11267529 (M.D. Fla. Feb. 21, 2018) ............................................. 8, 9

*Lithuanian Comm. Corp., Ltd. v Sara Lee Hosiery*,
  177 F.R.D. 205 (D.N.J. 1997) ............................................................................ 2

*Morris v. United States*,
  2015 WL 4171355 (D.N.J. July 9, 2015) ........................................................... 2

**Page**

*Opticians Ass'n of Am. v. Indep. Opticians of Am.*,
  920 F.2d 187 (3d Cir. 1990)......................................................................9

*Ross v. Blake*,
  578 U.S. 632 (2016) ...................................................................................6

*Rotkiske v. Klemm*,
  140 S. Ct. 355 (2019) .................................................................................4

*Schmidt v. Mars, Inc.*,
  2011 WL 2421241 (D.N.J. June 13, 2011) .............................................7, 8

*Syncsort, Inc. v. Innovative Routines Int'l, Inc.*,
  2008 WL 11381901 (D.N.J. July 30, 2008) ..............................................2

*Taccetta v. U.S.*,
  975 F. Supp. 2d 672 (D.N.J. 1997) ...........................................................2

*United States v. Jungers*,
  702 F.3d 1066 (8th Cir. 2013).....................................................................6

*United States v. Lewis*,
  660 F.3d 189 (3d Cir. 2011)........................................................................4

*United States v. Naftalin*,
  441 U.S. 768 (1979) ...................................................................................7

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
  Rule 72 ..................................................................................................3, 7
  Rule 72(a)...........................................................................................*passim*

Federal Rules of Criminal Procedure
  Rule 59(a)..................................................................................................5

Local Civil Rules
  Rule 72.1 ...................................................................................................7
  Rule 72.1(c)(1)(A)......................................................................................8
  Rule 7.1(d)(6)............................................................................................3

## I.    INTRODUCTION

Defendants' opposition brief (Dkt. No. 133, "Opp.") is improper and makes several misplaced arguments. As an initial matter, having failed to raise a timeliness argument in opposing Plaintiffs' appeal, (Dkt. No. 126), Defendants have waived it. This Court should ignore it. Next, substantively, Defendants' argument fails because it concedes Rule 72(a)'s plain, unambiguous language: the appeal clock begins *after* the Court *serves a copy of its order* on the party who would challenge it. Defendants' insistence that oral orders trigger the appeal deadline, (Opp. at 5-11), directly contradicts Rule 72(a)'s plain, unambiguous language.

Defendants cannot argue that Rule 72(a) is ambiguous. Instead, they assert that the Court should simply read into Rule 72(a) an exception to its requirement that a party's time to object begins to run once a copy of the order is *served*. Defendants' concession that Rule 72(a)'s language is plain and unambiguous should cause this Court to reject their invitation to create an "oral order" exception as contrary to principles of statutory construction and the law of this Circuit.

Finally, Plaintiffs are not "mere[ly] disappoint[ed]" in the Court's ruling. *Id.* at 11-12. The Court committed clear error, ruling that Plaintiffs' appeal was untimely by reading an exception to "served a copy" into Rule 72(a) where, on the face of the Rule's plain, unambiguous language, no such exception for oral rulings exists. Dkt. No. 132-1 ("Motion"), at 8-16. In the face of this clear error, whether Plaintiffs are

- 1 -

disappointed is a red herring and a last-ditch effort to prevent this Court from fairly applying Rule 72(a) and ruling on the substance of Plaintiffs' appeal.

For the following additional reasons, therefore, the Court should grant Plaintiffs' Motion for Reconsideration and consider Plaintiffs' appeal on the merits.

## II. DEFENDANTS HAVE WAIVED THEIR TIMELINESS ARGUMENT

For failing to raise the issue of timeliness in opposition to Plaintiffs' appeal, (*see* Dkt. No. 126), Defendants have waived their arguments. *See, e.g., Morris v. United States*, 2015 WL 4171355, at *2 (D.N.J. July 9, 2015) (finding waiver of argument that summary judgment filing one day late was untimely when opposing party failed to raise that argument); *Taccetta v. U.S.*, 975 F. Supp. 2d 672, 680 (D.N.J. 1997) (statute of limitations defense waived for failing to assert it); *Lithuanian Comm. Corp., Ltd. v Sara Lee Hosiery*, 177 F.R.D. 205, 211-12 (D.N.J. 1997) (refusing to consider arguments not presented to magistrate judge in the first instance).[1]

Not only have Defendants waived their timeliness argument, but their waiver betrays its fatal weakness. With Plaintiffs' appeal, (Dkt. No. 125, *et seq.*), Defendants knew precisely (1) the date of Magistrate Judge King's oral order, (2) the date the Clerk uploaded the transcript to the docket, (3) the date of Plaintiffs' appeal, and (4) that Plaintiffs appealed pursuant to Rule 72(a). (Dkt. No. 125-1). Had Defendants

---

[1]    *See also Syncsort, Inc. v. Innovative Routines Int'l, Inc.*, 2008 WL 11381901 *4 (D.N.J. July 30, 2008) (denying reconsideration because failing to assert an issue at summary judgment waives the issue).

believed Plaintiffs were untimely, they would have asserted that argument in their opposition to the Appeal. Their failure to argue timeliness—their waiver of that argument—strongly supports that they believed Plaintiffs were timely based on their own reading of Rule 72(a)'s plain language.

On this basis alone, the Court should disregard the entirety of Defendants' timeliness argument. *See, e.g., Dixon v. McDonald*, 815 F.3d 799, 804 (Fed. Cir. 2016) ("judges generally must respect parties' waivers of statutes of limitations, laches, and other non-jurisdictional timeliness defenses, even when these defenses would allow the court to avoid stale evidence, missing witnesses, and additional caseload").[2]

## III. THE PLAIN LANGUAGE OF RULE 72 STATES THAT THE APPEAL CLOCK BEGINS TO RUN AFTER THE COURT SERVES A COPY OF THE ORDER

Sidestepping the plain language of the Rule, Defendants assert that (i) oral orders are excepted from Rule 72(a)'s express mandate that a party may object to an "order within 14 days after being served with a copy," and (ii) the time to object to oral orders begins once a party becomes "aware" of the order, regardless of whether

---

[2]    The Court should also ignore Defendants' improper arguments about the merits of Plaintiffs' objections to the Magistrate Judge's orders. Opp. at 14, 15-18, nn. 5-8. These arguments amount to a sur-reply, and "[n]o sur-replies are permitted without the permission of the Judge or Magistrate Judge to whom the case is assigned." Local Rule 7.1(d)(6). Here, Defendants neither sought nor received this Court's permission to file a sur-reply. This Court should strike Defendants' merits argument, ignoring it while considering Plaintiffs' Motion. *See e.g., Carroll v. Del. River Port Auth.*, 2014 WL 3748609 *1, n. 2 (D.N.J. July 29, 2014) (striking sur-reply for defendant's failure to seek or receive permission or otherwise to justify its filing).

the order has actually been served. *See* Opp. at 2, 6-7. Defendants do not—and cannot—argue that the plain language of Rule 72(a) supports their interpretation. Consistent with their decision not to contest the timeliness of Plaintiffs' objection in their opposition thereto, Defendants concede that the plain language of Rule 72(a) does not contain any such exception for oral orders—much less does it contain an implied "awareness" standard as an alternative to the expressly stated "served with a copy" standard. Opp. at 9 (stating that Rule 72(a) "do[es] not address when the appellate clock begins to run after an oral order").[3]

Rule 72(a) expressly states that the time to object to a magistrate judge's non-dispositive order begins to run once a party has been served with a copy of that order: "A party may serve and file objections to the order within 14 days after being served with a copy." The Rule's unambiguous language should preclude any further inquiry into statutory construction. *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) ("If the words of a statute are unambiguous, this first step of the interpretive inquiry is our last.") (citing *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)); *United States v. Lewis*, 660 F.3d 189, 193 (3d Cir. 2011) ("Where the statute is clear and unambiguous, the judicial inquiry is complete, and we will not consider statutory purpose or legislative history."). By any plain reading of Rule 72(a), Plaintiffs' appeal

---

[3]     Neither the word "aware" nor any derivative thereof appears *anywhere* in the Federal Rules of Civil Procedure.

was due 14-days after Magistrate King's orders were ***served*** on Plaintiffs. Plaintiffs filed their objection 14 days after the orders were served. Plaintiffs' appeal, therefore, is timely.

Defendants do not even attempt to argue their interpretation of 72(a) is supported by legislative intent. *In re TMI*, 67 F.3d 1119, 1125 (3d Cir. 1995) (courts may interpret statutes inconsistent with plain language only "when clear indications of a contrary legislative intent exist"). Indeed, as Plaintiffs demonstrated in their opening brief, legislative intent strongly indicates that Congress deliberately established Rule 72(a)'s objection period to begin when a copy of the magistrate judge's non-dispositive order has been ***served***. (Motion at 8-9). Congress knows how to create a separate time period for objections to oral orders read into the record; Rule 59(a) of the Federal Rules of Criminal Procedure, concerning objections from a magistrate judge's non-dispositive orders. Fed. R. Crim. P. 59(a). In that context, Congress expressed that "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." *Id*. If Congress had intended to require parties to file objections within 14 days of an ***oral*** order being stated on the record, as Defendants assert, Congress would have included the same language in Rule 72(a). Given the dissimilarity between similar provision in these rules, both Rule 72(a)'s

- 5 -

plain language and Congressional intent mandate that Rule 72(a) makes no exception for oral orders.

Defendants ignore the variation among the civil and criminal rules because courts must not assume that Congress omitted from "text requirements that it nonetheless intends to apply" especially "when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest" *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005). The Court should reject Defendants' attempt to read an exception for oral orders into the rule. *See Ross v. Blake,* 578 U.S. 632, 639 (2016) ("Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. . . . Time and again, this Court has taken such statutes at face value—refusing to add unwritten limits onto their rigorous textual requirements"); *Coy v. Folsom*, 228 F.2d 276, 279 (3d Cir. 1955) ("We may not read an exception in the executrix's favor into the statute.").

In the face of plain language and support from the criminal rules, Defendants' appeal to what is "sensible" (Opp. at 2) is irrelevant. Rule 72(a) does not create any such differentiation. *See, e.g., United States v. Jungers*, 702 F.3d 1066, 1074–75 (8th Cir. 2013) ("Limiting the application of § 1591 to suppliers may make some sense analytically, but 'Congress did not write the statute that way.' '[W]e ordinarily resist reading words or elements into a statute that do not appear on its face." (quoting

*United States v. Naftalin,* 441 U.S. 768, 773 (1979) and *Dean v. United States,,* 556 U.S. 568, 572 (2009)).

Tellingly, Defendants identify no Third Circuit authority supporting their interpretation of when Rule 72's appeal clock is triggered. Instead, they weave a rule from whole cloth. Specifically, Defendants contend "[t]hat is why, in almost every context, the clock to appeal begins when a party is aware of and has a right to appeal an order."[4] (Opp. at 11). Their overly-broad interpretation of Rule 72 and Local Rule 72.1 is irreconcilable with the plain language of the Rule 72 itself: "A party may serve and file objections to the order ***within 14 days after being served with a copy***," of the court's order. Rule 72(a). Nothing in that language is ambiguous, nothing in that language says there is an exception for oral orders, and no case Defendants cite from within the Third Circuit holds the 14-day clock is triggered by the issuance of an oral order.

Defendants misread the only relevant Third Circuit case, *Schmidt v. Mars, Inc.,* 2011 WL 2421241 (D.N.J. June 13, 2011). Motion at 6-8; Opp. at 10. In *Schmidt*, the court held that the plaintiff's time to object to the magistrate's judge's non-dispositive order began to run when the magistrate judge "filed her Order on December 30,

---

[4]    That is a remarkable argument given the paucity of support Defendants cite, including a smattering of district court cases from only two circuits not designated Third. These decisions are also distinguishable. *Dubai Islamic Bank v. Citbank, N.A.*, 2002 WL 1628802 (S.D.N.Y. July 23, 2002) (objections filed three weeks late, and oral order noted on the docket); *Hulett v. City of Syracuse*, 2015 WL 13821096 (N.D.N.Y. May 7, 2015) (the day of the oral order, the magistrate judge also entered a long text order on the docket describing the order).

2010"—not when the magistrate judge "denied Plaintiff's Motion to Compel on the record on December 29, 2010." *Id.*, at *1, 3. Defendants' assertion that "*Schmidt* did not need to reach, and did not reach, whether a Magistrate's oral order can start the 14-day clock," (Opp. at 10) defies credulity. The *Schmidt* court unambiguously measured the timeliness of the objection based on the date the order was entered on the docket (and thus served on the parties)—not on the date the oral order was issued on the record:

> The Rule clearly states that '[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's *order.*" Magistrate Salas *filed her Order* on December 30, 2010. However, it was not until April 29, 2010, almost four months after Magistrate Salas *filed the Order* that Plaintiff's Counsel indicated any intention to file an appeal.

*Id*. at *3 (emphasis in original and added) (citing Local Civil Rule 72.1(c)(1)(A)). The Rule 72(a) clock begins to run, the *Schmidt* court ruled, when the order was filed on the docket, not from the oral order. Any other reading defies the *Schmidt* ruling and Rule 72(a).

Defendants notably concede the Court erred by refusing to reach the merits of Plaintiffs' Appeal. In *Jones v. RS&H, Inc.*, 2018 WL 11267529, *1 (M.D. Fla. Feb. 21, 2018), defendants convey, the district court reached the merits of the plaintiff's objection because there was an absence of Eleventh Circuit precent on Rule 72(a)'s application. Opp. at 13, n.3. **No controlling Third Circuit authority** on the timeliness

- 8 -

issue exists, let alone any on the distinction between written and oral orders. As such, Defendants concede that this Court, like the *Jones* court, should have reached the merits of Plaintiffs' Appeal, constituting clear error requiring the Court to vacate its July 21, 2022 Order and rule on the substance of Plaintiffs' Appeal.

## IV.    PLAINTIFFS' MOTION FOR RECONSIDERATION IS BASED ON THE COURT'S CLEAR ERROR OF LAW

Defendants repeatedly assert that Plaintiffs' Motion is insufficient because it merely disagrees with the Court's Order rather than demonstrating clear error. Opp. at 1-2, 3, 5, 10, 11-12. With no support in statutory language, Congressional intent, or controlling case law, the ruling that Plaintiffs' Appeal was untimely is clear error. The Court misapplied Rule 72(a)'s plain language, Congressional intent, and courts' logical application of those dispositive interpretations of Rule 72(a) requiring service of a copy of an order to trigger the time to file a non-dispositive objection. Motion at 1, 4, 6, 9, 10-11, 12. That constitutes clear error. *See, e.g., Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 193 & n.9 (3d Cir. 1990) (district court's "avoidance of the plain language of the Lanham Act constitutes clear error"); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (district court "clearly erred" by misapplying the plain language of Rule 41(b)).

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court grant their Motion for Reconsideration.

Dated: September 6, 2022                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            By: /s/ *Laurence M. Rosen*
                                            LAURENCE M. ROSEN
                                            One Gateway Center, Suite 2600
                                            Newark, NJ 07102
                                            Telephone: 973/313-1887
                                            973/833-0399 (fax)
                                            lrosen@rosenlegal.com

                                            **THE ROSEN LAW FIRM, P.A.**
                                            JACOB A. GOLDBERG
                                            DANIEL TYRE-KARP
                                            275 Madison Avenue, 40th Floor
                                            New York, NY 10016
                                            Telephone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            jgoldberg@rosenlegal.com
                                            dtyrekarp@rosenlegal.com

                                            **ROBBINS GELLER RUDMAN & DOWD LLP**
                                            TOR GRONBORG
                                            TRIG R. SMITH
                                            655 West Broadway, Suite 1900
                                            San Diego, CA 92101
                                            Telephone: 619/231-1058
                                            619/231-7423 (fax)
                                            torg@rgrdlaw.com
                                            trigs@rgrdlaw.com

                                            *Co-Lead Counsel*

- 10 -

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the

Court's CM/ECF System on counsel of record on September 6, 2022.

/s/ *Laurence M. Rosen*
LAURENCE M. ROSEN