UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MICHAEL WIGGLESWORTH, *et al.*, *individually and on behalf of all others similarly situated*, | |
| Plaintiffs, | No. 1:19-cv-05296 |
| v. | **OPINION** |
| MAIDEN HOLDINGS, LTD., *et al.*, | |
| Defendants. | |

---

**APPEARANCES**:

Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
One Gateway Center, Suite 2600
Newark, NJ 07102

Jacob A. Goldberg
Daniel Tyre-Karp
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

Tor Gronborg
Trig R. Smith
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

James E. Cecchi
Donald A. Ecklund
CARELLA, BYRNE, CECCHI, OLSTEIN,
   BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068

      *On behalf of Co-Lead Plaintiffs Taishin Bank and Boilermaker-Blacksmith National Pension Trust.*

Kevin H. Marino
John D. Tortorella
MARINO, TORTORELLA
  &amp; BOYLE, P.C.
437 Southern Boulevard
Chatham, NJ 07928-1488

Michael B. Carlinsky, *pro hac vice*
Rollo Baker, *pro hac vice*
Jabon J. Waldman, *pro hac vice*
Jesse Bernstein, *pro hac vice*
QUINN EMANUEL URQUHART
  &amp; SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

    *On behalf of Defendants*.

**O'HEARN, District Judge.**

## INTRODUCTION

    This matter comes before the Court on the Motion for Reconsideration, (ECF No. 132), filed by Lead Plaintiffs Boilermaker-Blacksmith National Pension Trust and Taishin International Bank Co. Ltd. ("Plaintiffs"), of this Court's July 21, 2022 Order, (ECF No. 131), denying as untimely Plaintiffs' Appeal of Magistrate Judge King's December 8, 2021 Discovery Order, (ECF No. 125). The Court did not hear oral argument pursuant to Local Civil Rule 78.1. For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.

    **I.**    **BACKGROUND**

    On July 21, 2022, this Court, acting *sua sponte*, denied Plaintiffs' December 27, 2021 Appeal of Magistrate Judge King's December 8, 2021 discovery order on the basis that it was untimely under Local Civil Rule 72.1(c)(1)(A) ("the Local Rule") and Federal Rule of Civil Procedure 72(a). (ECF No. 131).

The Court determined that the Local Rule and Rule 72(a) required Plaintiffs to file their Appeal on or before December 22, 2022—fourteen days after Magistrate Judge King delivered her decision on the record in the presence of counsel. Although the Court recognized that Judge King did not serve on the parties a written order memorializing her December 8, 2021 decision, the Court found that "an appeal may be made from a non-dispositive motion even without a formal written order from the Court." (ECF No. 131 (quoting *Schmidt v. Mars, Inc.*, No. 09-03008, 2011 WL 2421241, at *3 (D.N.J. June 13, 2011))). Also recognizing that Plaintiffs may have delayed the filing of their Appeal until obtaining a transcript of the relevant proceedings, the Court found that "a plain reading of the [Local] Rule reveals that the [Local] Rule contemplates that a party may file a notice of appeal and then [at a later time] provide a transcript." (ECF No. 131 (quoting *Schmidt*, 2011 WL 2421241, at *3)). Accordingly, the Court determined that December 8, 2021—the day Judge King delivered her decision on the record in the presence of counsel—was the start of the fourteen-day window to file objections under the Local Rule and Federal Rule 72(a). Because Plaintiffs' Appeal was not filed until December 27, 2021—five days after the expiration of that window— the Court denied Plaintiffs' Appeal as untimely. (ECF No. 131). The present Motion followed, (ECF No. 132), to which all Defendants ("Defendants") responded, (ECF No. 133), and Plaintiffs replied in further support, (ECF No. 136).

## II. <u>LEGAL STANDARD</u>

Courts grant motions for reconsideration in one of three circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate when the motion only raises a party's disagreement with a

3

court's initial decision. *E.g.*, *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988). Having identified no change in controlling law or newly-available evidence, "the need to correct a clear error of law or fact or to prevent manifest injustice" is the sole basis for Plaintiffs' motion for reconsideration. *Max's Seafood Café*, 176 F.3d at 677.

### III.  DISCUSSION

Local Rule 72.1(c)(1)(A) provides that a "party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order." Similarly, Federal Rule 72(a) provides that a "party may serve and file objections to the order within 14 days after being served with a copy." FED. R. CIV. P. 72(a).

The principal question raised on reconsideration is whether, under the above-cited Rules, an oral decision read into the record by a magistrate judge, by itself, is sufficient to trigger the fourteen-day window for filing objections with respect to a non-dispositive order. Plaintiffs ardently argue that it does not. Plaintiffs rely on the language of both Rules providing that a party may file an appeal of a magistrate judge's order within fourteen days of being "served with a copy." FED. R. CIV. P. 72(a); L. CIV. R. 72.1. Because "one cannot serve a copy of an oral ruling," Plaintiffs argue that Magistrate Judge King was required to serve a copy of her Order, either through a minute entry on the docket or written order, before the fourteen-day window for filing objections began to run. (Plas.' Br., ECF No. 132-1 at 4–6). The Court disagrees and finds that an oral order read into the record by a magistrate judge is sufficient to trigger the fourteen-day window for filing objections.

To begin, Plaintiffs recognize—as they must—that a magistrate judge may make oral decisions on the record in non-dispositive matters. (Plas.' Br., ECF No. 132-1 at 5–6). Indeed,

4

under Federal Rule 72(a), when a magistrate judge hears a non-dispositive matter, they must "promptly conduct the required proceedings," and "**when appropriate**, issue a written order stating the decision." FED. R. CIV. P. 72(a) (emphasis added). Thus, although Rule 72(a) encourages written orders, whether to issue such an order is within the magistrate judge's discretion.

Despite this recognition, Plaintiffs argue that the fourteen-day clock contemplated by the Rules does not begin to run until a written order issues. (ECF No. 132-1). But the 1983 Notes of the Advisory Committee on Rules ("1983 Advisory Notes") plainly foreclose this interpretation. Those Notes advise that, "[Rule 72(a)] calls for a written order of the magistrate[ judge]'s disposition to preserve the record and facilitate review," but an "oral order read into the record by the magistrate [judge] will satisfy this requirement." 1983 Advisory Notes. Consistent with this guidance, several district courts, including courts in this Circuit, have determined that an oral decision made on the record, by itself, is sufficient to preserve the record, facilitate review, and trigger the fourteen-day window for filing objections. *See LaborFest LLC v. City of San Antonio*, No. 19-00060, 2021 WL 2593632, at *2 (W.D. Tex. June 24, 2021); *SEC v. Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d 1260, 1263 (S.D. Fla. 2020); *Yi Xiang v. Inovalon Holdings, Inc.*, No. 16-04923, 2018 WL 6582802, at *1 (S.D.N.Y. Oct. 30, 2018); *Hulett v. City of Syracuse*, No. 14-00152, 2015 WL 13821096, at *2 (N.D.N.Y. May 7, 2015); *Schmidt*, 2011 WL 2421241, at *3[1];

---

[1] In their Motion, Plaintiffs argue that the Court's citation to *Schmidt* in its July 21, 2022 Order was in error. (ECF No. 132-1 at 6–8). Although Plaintiffs correctly identify that in *Schmidt* the magistrate judge entered a written order following an oral decision and the delay was considerably longer than the delay in this case, Judge Sheridan was still clear that: (i) "a plain reading of the [Local] Rule reveals that the [Local] Rule contemplates that a party may file a notice of appeal and then provide a transcript"; and (ii) "Courts in this District have indicated that an appeal may be made from a non-dispositive motion even without a formal written order from the Court." *Schmidt*, 2011 WL 2421241, at *3.

*Samad Bros. v. Bokara Rug Co.*, No. 09-05843, 2011 WL 4357188, at *3 (S.D.N.Y. Sept. 19, 2011); *Lerma v. Arends*, No. 11-00533, 2011 WL 2516173, at *4 (E.D. Cal. June 22, 2011); *Hildebrand v. Steck Mfg. Co., Inc.*, No. 02-01125, 2005 WL 8160065, at *6 (D. Colo. Oct. 5, 2005); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-01930, 2002 WL 1628802, at *1 (S.D.N.Y. July 23, 2002); *Price v. Kent Gen. Hosp.*, No. 97-00716, 1999 WL 33283711, at *2 (D. Del. Dec. 3, 1999).

The Court acknowledges that Plaintiffs properly identify at least one district court that has interpreted Rule 72(a) differently. Indeed, three decisions of the U.S. District Court for the Northern District of Illinois have held, contrary to the cases cited above, that service of a written order is *required* to trigger the objection window pursuant to Rule 72(a). *Cooper v. Chi. Transit Auth.*, No. 95-02616, 1996 WL 520855, at *2 (N.D. Ill. Sept. 10, 1996); *Santelli v. Electro-Motive*, No. 97-05702, 1999 WL 717824, at *1 (N.D. Ill. Aug. 17, 1999) (relying on *Cooper*, 1996 WL 520855, at *2); *Solon v. Kaplan*, No. 00-02888, 2003 WL 256792, at *1 (N.D. Ill. Feb. 3, 2003) (same).[2] For example, in *Cooper*, the court determined that the "1991 [Advisory Committee] Note

---

[2] Plaintiffs also cite in support of their Motion a decision of the U.S. District Court for the Southern District of Florida, *Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218 (S.D. Fla. 1989). (ECF No. 132-1 at 6). However, that decision appears to have been abrogated by a later decision of the same court. *See Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d at 1263 (S.D. Fla. 2020) (holding that an appeal of a magistrate judge's order was untimely where the magistrate judge "orally pronounced [his] ruling on September 8, 2020, at a hearing attended by Movants' counsel," but the "appeal was not filed until October 2, which [was] more than 14 days after the oral ruling.").

The Court also finds Plaintiffs' citation to *Jones v. RS&H, Inc.*, 17-00054, 2018 WL 11267529 (M.D. Fla. Feb. 21, 2018), unpersuasive. In that case, the district judge found that the "1983 Advisory Committee Notes to Federal Rule of Civil Procedure 72(a) lend some support to Defendant's untimeliness argument"—that the time for objections starts ticking after the issuance of an oral order—but that the defendant "fail[ed] to cite any case law from within the Eleventh Circuit" addressing the specific question. *Id*. Another court's recognition of a lack of binding precedent is not enough for this Court to ignore the legion of cases that represent the contrary, majority view.

is evidence that the Committee intended the '[fourteen] day rule' be invoked once the losing party is served with a written copy of the oral ruling." 1996 WL 520855, at *2 (citing FED. R. CIV. P. 72(a) advisory committee's note to 1991 amendment ("1991 Advisory Committee Note")). But that interpretation of the 1991 Advisory Committee Note has been rejected by at least one district court. *See Hildebrand*, 2005 WL 8160065, at *6 ("The 1991 amendments adjusted the wording of the rule so as to eliminate the discrepancy in measuring the [fourteen]-day limit. It did not affect the allowance of an oral order in nondispositive situations governed by Rule 72(a)."). This Court finds the *Hildebrand* court's reading far more persuasive. The 1991 Advisory Committee Note "does not alter" the allowance of an oral order on a non-dispositive matter or the sufficiency of such an order to preserve the record and facilitate review. *Id.*

Plaintiffs' remaining objections to this Court's decision are equally unavailing.

*First*, Plaintiffs argue that the Court's interpretation and application of the Local Rule and Federal Rule 72(a) are clearly erroneous because the "absence from Rule 72(a) of any mention of an oral order indicates that Congress intended the 14-day trigger to be exclusively a served written order." (ECF No. 132 at 8–9). In support of this argument, Plaintiffs compare Federal Rule 72(a) with Federal Rule of Criminal Procedure 59, which provides that a "party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." Because Federal Rule of Criminal Procedure 59 expressly states that objections may be made following an oral order stated on the record, Plaintiffs argue that the absence of a similar provision in Rule 72(a) is evidence of the drafters' intent to disallow such a procedure in the civil context. Although this comparative analysis makes a compelling case that there may have been a clearer way to draft Rule 72(a), the Court finds the materials directly appended to the Rule—i.e., the Advisory Committee Notes—far

7

more helpful in discerning the Rule's meaning than an entirely separate body of rules. As described above, the Advisory Committee Notes make plain that oral orders are sufficient. That decides the matter in this Court's view.

*Second*, Plaintiffs argue that the Court's decision is inconsistent with Federal Rule 77, which provides, in relevant part, "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket." FED. R. CIV. P. 77.  However, Rule 77 applies to the service of *written* orders and judgments, as opposed to oral orders like the one involved here; and further, Rule 77 expressly provides that the "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed[.]" FED. R. CIV. P. 77(d)(2).

*Third*, Plaintiffs argue that pursuant to Local Rule 52.1, Magistrate Judge King's December 8, 2021 oral decision was not final until she had opportunity to review the transcript of the Court's proceedings. *See* L. CIV. R. 52.1. ("When an oral opinion is given in lieu of a written opinion and is transcribed, the reporter shall submit it to the Judge for revision before it is filed."). Plaintiffs do not cite any authority in support of this argument. Moreover, this reading would suggest that absent a written order, the fourteen-day window for filing objections to a magistrate judge's oral order would be triggered only once a party requests a transcript of the proceedings, conceivably extending infinitely. This simply could not have been the drafters' intent nor is it a logical or practical result.

*Fourth*, Plaintiffs argue that this Court's decision "upends" certainty and leaves litigants "left to guess deadlines." (ECF No. 132 at 12). While the Court recognizes Plaintiffs' disagreement with its decision, it finds that deciding any differently would likely result in even less certainty.

8

For example, under Plaintiffs' proposed procedure, litigants would be left guessing whether the fourteen-day window for filing objections begins when a minute entry is docketed or when a losing party requests a transcript of the relevant proceedings or when the party is served with either of the same or upon some other event. On the other hand, the Court's interpretation set forth herein yields a consistent and easy to apply rule which in fact provides certainty as to deadlines.

For these reasons, the Court finds no clear error of law or fact to warrant an alteration of its July 21, 2021 decision.

Alternatively, even if the Court were to find the appeal timely filed, the Court sees no clear error or an abuse of discretion in Magistrate Judge King's December 8, 2021 Order. Applying the controlling law to Plaintiffs' First Amended Complaint in her August 6, 2021 Memorandum Opinion, Judge Bumb initially determined that loss reserve and loss ratio statements are "opinions," and as such, "reasonable investors do not understand such statements as guarantees . . . ." (Op., ECF No. 87 at 17) (quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 188 (2015)). Judge Bumb then addressed Defendants' argument that "AmTrust's historical loss ratios were just <u>one</u> factor [Defendants] considered in formulating their estimated loss ratios for the future." (Op., ECF No. 87 at 14) (emphasis in original). In this respect, Judge Bumb noted that the "problem for Defendants . . . is that this matter is before the Court on a Motion to Dismiss, where no discovery has occurred," and that "if the evidence demonstrated that Defendants considered the historical loss ratios as part of their analysis, Defendants' point [would be] well-taken. And the inferences upon inferences constructed by Plaintiffs would likely tumble." (Op., ECF No. 87 at 15). Accordingly, Judge Bumb permitted "<u>limited discovery</u>" into Plaintiffs' sole claim: "was there an intentional decision made by Defendants to omit AmTrust

9

historical loss ratio information from the view of investors." (Op., ECF No. 87 at 17–18) (emphasis in original).

In light of Judge Bumb's limited discovery directive, it would be difficult to conclude that Magistrate Judge King erred—let alone clearly—by denying Plaintiffs' informal application to compel additional discovery. Magistrate Judge King correctly noted that Judge Bumb did not intend discovery to turn into a "fishing expedition," and that "to the extent the [historical loss] information was considered, [Judge Bumb] is satisfied." (ECF No. 124 at 23). Further, Magistrate Judge King found that Defendants' production of documents was adequate. (ECF No. 124 at 14). Specifically, Magistrate Judge King found that Defendants produced documents showing that Defendants considered historical loss data by way of producing: (i) Defendant Maiden Holdings, Ltd.'s ("Maiden") chief actuary's work product; (ii) minutes of Committee meetings attended by Maiden's upper management including Maiden's Chief Financial Officer; (iii) cessions statements; and (iv) documents concerning Maiden's actuarial procedure. (ECF No. 124 at 14). Accordingly, even if Plaintiffs' Appeal were timely filed, Magistrate Judge King's decision was neither clearly erroneous nor an abuse of discretion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration, (ECF No. 132), is **DENIED**. An appropriate Order accompanies this Opinion.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**