UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL WIGGLESWORTH            )     19-CV-05296-CPO-SAK
Individually and on Behalf of  )
All Others Similarly Situated,  )
et al,                          )
                                )
            Plaintiffs,         )
                                )
     vs.                        )
                                )
MAIDEN HOLDINGS, LTD, et al,    )     Camden, NJ
                                )     April 18, 2023
            Defendants.         )     10:30 a.m.


TRANSCRIPT OF TELEPHONE STATUS CONFERENCE
BEFORE THE HONORABLE SHARON A. KING
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiffs:        TOR GRONBORG, ESQUIRE
                           ROBBINS GELLER RUDMAN & DOWD, LLP
                           655 West Broadway
                           Suite 1900
                           San Diego, California  92101


                           DANIEL TYRE-KARP, ESQUIRE
                           THE ROSEN LAW FIRM, PA
                           275 Madison Avenue
                           40th Floor
                           New York, New York  10016


For the Defendants:        KEVIN H. MARINO, ESQUIRE
                           JOHN D. TORTORELLA, ESQUIRE
                           MARINO TORTORELLA & BOYLE, PC
                           437 Southern Boulevard
                           CHATHAM, New Jersey  07928


                           JESSE BERNSTEIN, ESQUIRE
                           QUINN EMANUEL URQUHART & SULLIVAN, LLP
                           51 Madison Avenue
                           22nd Floor
                           New York, New York  10010

2

Audio Operator:                MARNIE MACCARIELLA


Transcribed by:                DIANA DOMAN TRANSCRIBING, LLC
                               P.O. Box 129
                               Gibbsboro, New Jersey  08026
                               Office:   (856) 435-7172
                               Fax:      (856) 435-7124
                               Email:    dianadoman@comcast.net


Proceedings recorded by electronic sound recording, transcript produced by transcription service.

3

I N D E X

COLLOQUY:                                                    PAGE

Ref: Limited discovery

By Mr. Marino                                                   5

By Mr. Gronborg                                                7


Ref: Has limited discovery been responded to           PAGE

By Mr. Gronborg                                            12, 15

By Mr. Marino                                             12, 16


Ref: Summary judgment                                       PAGE

By Mr. Marino                                                  19

By Mr. Gronborg                                               20


RULING BY THE COURT:                                        PAGE

By Judge King                                           17, 19, 20

**Transcriber's note - (Inaudibles) are caused by parties speaking over each other, and are also due to telephone interference.**

Colloquy                                                    4

(Telephone conference commences at 10:30 a.m.)

THE COURT:  Good morning, counsel.  This is Judge King.  We're on the record in Wigglesworth vs. Maiden Holdings, Civil Action Number 19-5296.  We are here for a status conference.  Can I please have the appearances of counsel beginning with plaintiffs' counsel.

MR. GRONBORG:  Good morning, Your Honor.  This is Tor Gronborg with Robbins Geller, and I am joined by my colleague, Daniel Tyre-Karp, with the Rosen Firm.

THE COURT:  Good morning.

MR. MARINO:  Good morning --

THE COURT:  And for the defendant?

MR. MARINO:  Good morning, Your Honor.  Kevin Marino and John Tortorella, Marino Tortorella & Boyle, for Maiden Holdings, and we are joined by Jesse Bernstein of Quinn Emanuel, also for Maiden Holdings.

THE COURT:  Okay, good morning, everyone.  I hope you're all doing well.  We are here for a status, try to get this case back on track.  There have been a number of appeals and I think the issue is -- the discovery issue is settled, so I am -- I scheduled this conference to see where the parties are at and when the limited discovery can -- is expected to be completed.  I'll hear from --

MR. MARINO:  Good morning, Your Honor --

MR. GRONBORG:  Your Honor, Tor Gronborg --

MR. MARINO:  -- Your Honor, it's Kevin Marino --

MR. GRONBORG:  -- for the plaintiffs.  But do you have a preference who you hear from first, Your Honor?

THE COURT:  No, either side can go first.

MR. MARINO:  Oh, thanks, Your Honor.  This is --

MR. GRONBORG:  (Inaudible - multiple speakers) --

MR. MARINO:  I'm sorry, this is Kevin Marino for Maiden Holdings.  So discovery, Your Honor, is closed as of April 14th and we -- what Maiden Holdings plans at this time is to file a motion for a summary judgment, and if Your Honor will recall, the plaintiffs had sought some additional discovery.  Judge Bumb had given them limited discovery into a narrow issue, whether the defendants had considered historical loss ratios as part of their analysis.  That's now been taken and done.

You may recall issuing an opinion in this case denying their request for yet further discovery, and Judge O'Hearn has affirmed that decision, not only because the appeal of it was filed late, but at pages nine and ten of her decision affirming Your Honor's opinion, she indicated as follows.

"Judge Bumb addressed defendants' argument that AmTrust's historical loss ratios were just one factor defendants considered in formulating their estimated loss ratios for the future.  In this respect, Judge Bumb noted that

the problem for defendants is that this matter is before the Court on a motion to dismiss where no discovery has occurred, and that if the evidence demonstrated that defendants considered the historical loss ratios as part of their analysis, defendants' point would we well taken and the inferences upon inferences constructed by plaintiffs would likely tumble."

"Accordingly, Judge Bumb permitted limited discovery in plaintiffs' sole claim, was there an intentional decision made by defendants to omit AmTrust's historical loss ratio information from the -- from the view of investors."

"In light of Judge Bumb's limited discovery directive, it would be difficult to conclude that Magistrate Judge King erred, let alone clearly, by denying plaintiffs' informal application to compel additional discovery. Magistrate Judge King correctly noted that Judge Bumb did not intend discovery to turn into a fishing expedition -- expedition, and to the extent the historical loss information was considered, Jude Bumb is satisfied."

Further, Magistrate Judge King found that defendants' production of the documents was adequate. Specifically, Magistrate Judge King found that defendants produced documents showing that defendants considered historical loss data by way of producing:  (1), Defendant Maiden Holdings' chief actuary work product; (2), minutes of

committee meetings attending by Maiden's upper management including Maiden's Chief Financial Officer; (3), the (inaudible) statements -- I beg your pardon, session statements; and (4), documents concerning Maiden's actuarial procedure."

"Accordingly, even if plaintiffs' appeal were timely filed, Magistrate Judge King's decision was neither clearly erroneous nor an abuse of discretion."

Based on that lengthy excerpt from Judge O'Hearn's opinion, discovery's over.  The narrow, limited, targeted discovery that Judge Bumb ordered has been completed and at this time, Maiden Holdings intends to file a motion for summary judgment.  Our request today is -- is just for a 45-day period in which to file that motion just so we can get our brief together and so forth and -- and present it to -- to Judge O'Hearn for a resolution.

THE COURT:  Thank you.

I'll hear from plaintiff.

MR. GRONBORG:  Your Honor, we -- Tor Gronborg on behalf of the plaintiffs, we thought discovery was over, and the thinking there was based upon defendants' prior representation to the Court that they were going to renew a motion to dismiss.  And as the Court will remember, This Honor's (sic) rulings on the scope and the limited discovery was predicated upon a renewed motion to dismiss, not a motion

for summary judgment, so we were a bit surprised.

Last month -- about a month after the -- the order denying the motion for reconsideration, defendants sent us a proposed stipulation for filing a motion for summary judgment. We promptly asked and then had a call with defendants' counsel.

They were represented by Jacob Waldman, who I understand is not on the call today, and explained -- and asked to explain what was the motion they were filing, what was the scope of the summary judgment. Was this a -- were they -- think they were filing a standard summary judgment as if there had been complete discovery? Was it limited to any issue?

Was it limited to the single issue defendants had previously represented to the Court which was just the binary -- did defendants consider historical loss ratios at the time they were making their statements about loss reserves to the public during the class period?

Defendants wouldn't agree -- or defendants' counsel wouldn't tell us what the scope of the motion was, and we explained we couldn't tell them what the schedule could be for a motion for summary judgment without knowing what it was actually about or whether the discovery on that had been completed. You know, and this went to the point where defendants wouldn't say whether they were going to rely on

experts, have witness declarations from witnesses who hadn't been disclosed -- what it was.

We -- frankly, we suggested to defendants why don't you -- you know, why don't you just tell the Court what it is or you can file this and we'll figure out a schedule after you file your motion.  They didn't want to do that.

Subsequently, defendants said -- you know, as we were trying to negotiate that, defendants said well, we're going to file a pre-motion letter, we'll file a pre-motion letter and then you'll know what the motion is and can sort of address your concerns in the scope of the pre-motion letter without a schedule on the motion for summary judgment, and they told us that they had already prepared a pre-motion letter.

About a week after that, they said they were not going to file the pre-motion letter.  As this were go -- as this was going on, we got this Court's order on March 31st to complete discovery by April 14th and setting the conference call.  Again, we put together a call with defendants' counsel. Mr. Waldman said, you know, how can we know if discovery has been completed if you don't describe what the scope of the motion is.

Is the scope of the motion what you had previously described to this Court, which is a renewed motion to dismiss and discovery -- you know, it's fine, we can move forward.  Is

the motion limited to what you have previously described as just the singular issue -- just whether or not at some point defendants considered -- you know, had access to or knew about the historical loss reserves at the time they were making the statement?

Like, okay -- that, you know, we agree that on that limited -- that narrow question, there's been some discovery and that's what this Court allowed.  And again, defendants wouldn't confirm, you know, what the motion was, and so that's -- that's where we are today.

So your -- your question is has discovery been completed -- I can't tell you.  I can tell you it's been completed with respect to what was previously represented to the Court as what the motion would be, and it's been completed with what we understood that this Court understood.

I -- I think the last time we were on a call it ended and Your Honor said as soon as the discovery issue is ready, you could issue an order with a new deadline for reopening the motion to dismiss.  And so if that's what's happening and there's a new deadline for reopening the motion to dismiss before Judge O'Hearn, we think that can go forward.  But right now --

MR. MARINO:  So --

MR. GRONBORG:  -- you know, we're in -- we're in a position of not knowing if things have been completed because

defendants won't say what the motion is that they're going to bring or how it is different from what they've previously represented.

THE COURT: And my question --

MR. MARINO: Your Honor --

THE COURT: -- is really related --

MR. MARINO: -- perhaps I can --

THE COURT: Can I just address Mr. Gronborg's comments?

MR. MARINO: Yes.

THE COURT: My question is related to the discovery over which there were multiple appeals. So the last time I spoke to the parties might have been more than over a year ago, and there were discovery requests served and there were issues as to the scope of that discovery.

There have been rulings. Judge O'Hearn affirmed this Court's ruling, and my question relates to have those set of discovery requests been responded to to close off the initial -- the limited discovery that Judge Bumb ordered?

UNIDENTIFIED SPEAKER: Yes so, Your Honor (inaudible - multiple speakers) --

UNIDENTIFIED SPEAKER: (Inaudible) --

THE COURT: Can you -- can you also identify yourself before you speak?

MR. GRONBORG: Sure. This is Tor Gronborg --

Colloquy                                                        12

MR. MARINO:  I'm sorry, Your Honor --

(Multiple speakers)

MR. GRONBORG:  So the issue -- if you're asking if the discovery that was ordered by the Court with the understanding that it was for the purpose of reopening the motion to dismiss -- has been completed, that answer is yes. If you're asking have defendants, you know, completed the production of documents responsive to the discovery requests that plaintiff sent, no.

But of course that's no because the Court limited the discovery, again on the understanding that it was for the purpose of a renewed motion to dismiss.

MR. MARINO:  I can respond to that.  It's Kevin Marino speaking, Your Honor.  I'll respond to that briefly if you -- if you'd like.

THE COURT:  Yes.

MR. MARINO:  So I think Mr. Gronborg has -- and let me just -- let me try to illuminate.  We filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted.  Judge Bumb indicated that the only reason she wasn't granting that motion was this limited question over whether we had properly considered historical loss data.

She allowed targeted discovery, specifically stating that there would be no fishing expedition, and limited -- and

ordered very targeted discovery on that issue alone.  That discovery was completed.  Plaintiffs came in and asked for yet more discovery on the same issue.

Your Honor indicated that that was not available to them, and Judge O'Hearn, who has -- you know, the case has been transferred to Judge O'Hearn, she affirmed that ruling, and in the course of doing so, not only said that the -- it was not timely, but also indicated substantively in the protracted quote that I gave you at pages nine to ten of Document 137 which was Judge O'Hearn's February 7th, 2023 decision affirming Your Honor's ruling.

What Mr. Gronborg is saying now is he -- he was under the impression -- I -- I can't understand exactly why -- we would take a summary judgment -- a motion to dismiss, the Court would say he (sic) was denying that motion for the sole reason that there needed to be some targeted discovery on a discreet issue regarding our consideration of historical loss data.

That has now been completed.  So now, obviously, it's on a motion to dismiss; now we've had discovery.  So now it's a Rule 56 motion and that's what we're going to -- I don't -- I haven't understood, I haven't -- wasn't on the calls.  I -- I certainly will say that I came into this proceeding and said why would we ever file a pre-motion letter?

This is not a motion to dismiss where you file a pre-motion letter, we've already gone through that whole process. We are now at the point where we are going to make a Rule 56 motion. I can illuminate for Mr. Gronborg what it's going to be. It is going to be a dispositive motion of every single issue in this case because there are no genuine issues of material fact, and we are entitled to judgment as a matter of law. That's it.

Now, they can meet that summary judgment motion and try to tell us why there is -- and tell Your Honor or Judge O'Hearn why there is a genuine issue of material fact -- I leave them to their proofs on that, but there's no -- like there's no -- the suggestion that -- that somehow there's been some confusion or some deception about what's going on here, there hasn't been.

We're moving for summary judgment based on the record as it exists because there's no genuine issue of material fact. If he has a genuine issue of material fact, he can come forward with it. This whole back and forth he engaged in with Mr. Waldman about what kind of motion are you going to file and tell us exactly what it's going to be and then we'll know if we need more discovery; respectfully, that's -- that's all meaningless.

The reality is a summary judgment motion's coming. We just need 45 days to brief it, they can respond to it. If

Colloquy                                    15

their response is that there's a genuine issue, the Judge will decide whether they're right.  If they're not right, we win. But that's --

THE COURT:  Okay.  So --

MR. MARINO:  -- where we are.

THE COURT:  -- this is what the Court's going to do in preparation --

MR. GRONBORG:  Your --

THE COURT:  -- for the (inaudible) --

(Multiple speakers)

MR. GRONBORG:  Your Honor, if I could actually respond to that, if I could respond to that because frankly, it's incorrect.  This notion that we were --

THE COURT:  Mr. Gronborg?

MR. GRONBORG:  Yes.

THE COURT:  Okay.  Go ahead.

MR. GRONBORG:  I would just say, this -- notion that, you know, we were under some false impression, I will tell you, in the last hearing which was December 9th, 2021, Mr. Marino said to the Court, we'll renew our motion -- referring to the motion to dismiss, and I guess that will be renewed in front of Judge O'Hearn now.

This Court, in limiting discovery, based on what defendants said, that -- and this is in the September 21st, 2021 hearing at page 36 says, "This is not your typical

discovery under the rules.  I think this is simply for the purpose of determining whether the plaintiffs -- I'm sorry, whether the defendants' motion to dismiss should be granted."

So for the very first time, what we're hearing now is defendants saying we're going to bring a dispositive motion under Rule 56 of every issue in this case, you can't read anything that has happened -- any of the letter briefs, any of the transcripts up til now, which suggests there's been anything near discovery on the issues in this case.

It was limited to one question.  Mr. Marino said look, the only thing that they should get and did get is whether we considered historical loss ratios, and he says not how he did it, not what our procedures were, not what our communications were, certainly nothing about damages, nothing about loss causation -- to name some of the elements -- nothing about reliance.

This Court limited the discovery based on an understanding that it would be a renewed motion to dismiss on a single question.  And now what we're hearing is it's going to be a motion to dismiss on every issue in the case, and that's simply not -- not what proceeded and not what (inaudible).  So under -- with that understanding, absolutely not has -- discovery has not been completed.  It hasn't come anywhere near being completed.

MR. MARINO:  And, Your Honor, it's Kevin Marino

speaking.  Judge Bumb --

THE COURT:  Final comments before I, you know --

MR. MARINO:  Yes --

THE COURT:  -- actually address --

MR. MARINO:  Yes, Your Honor.

THE COURT:  -- what I think should happen.

MR. MARINO:  Yes, Your Honor.  Judge Bumb made it very clear.  The only reason this case wasn't being dismissed as a matter of law was because there was this narrow question of whether we had considered historical loss data.  That's the only issue into which Judge Bumb permitted discovery because that was the only issue remaining in the case.  We are moving for summary judgment.

If they think there's a genuine issue of material fact, they could come forward and point it out.  But Judge Bumb, in considering the initial motion, made very clear that the only thing that prevented her from ruling in our favor and dismissing the case was this question over historical loss data.  That has now been discovered and will soon be moved upon.  Thank you, Your Honor.

THE COURT:  Okay.

In preparing for this case, I went on the docket and I pulled up Document 93, which was the limited discovery scheduling order, and paragraph 5 of that order reads, "Completion of limited discovery in accordance with the August

6, 2021 order of the Honorable Renee M. Bumb, United States District Judge, will expire on December 22nd, 2021."

The next paragraph addressed dispositive motions and it said, "Dispositive motions shall be filed in accordance with the August 6, 2021 order of the Honorable Renee M. Bumb, U.S. District Judge, no later than January 19."

So essentially one month after the completion of fact discovery, there was an expectation that a dispositive motion would be filed. The order isn't clear as to whether that dispositive motion would be a renewed motion to dismiss or motion for summary judgment.

Based on my understanding of the facts, it appears as if Judge Bumb was reluctant to dismiss the case in full unless certain issues were resolved, so she allowed limited discovery so that the parties can ascertain facts to either support or oppose the issue that concerned her.

So the Court's going to order that the parties renew -- I'm sorry -- the defendant is given the opportunity to renew its motion to dismiss based on the limited discovery that was ordered.

The question is for Mr. Marino. You have requested 45 days for a summary judgment motion. Would you need the same time for to renew the motion to dismiss, or could that be done within 30 days which was the time frame from the previous order from August 2021?

MR. MARINO:  No, we would want 45 days, Your Honor, and -- and just so we're clear, I'm assuming that it would automatically be converted to a Rule 56 because we will be including materials that are outside the pleading, so that's why I've been referring to it as a summary judgment motion and why I don't think there's any particular difference.

At this point, we are moving for summary judgment. We -- had we -- but for this open issue on historical loss data, we would have had our motion to dismiss granted.  So yes, we're renewing that motion, but by dint of the fact that the whole reason for the motion not being granted was to take discovery, which would by definition, take the matter outside the scope of Rule 12(b)(6) and put it into the rule -- into the ambit of Rule 56.  This is going to be that kind of dispositive motion.

So, you know, I'll couch it as a motion to dismiss, but I'll drop a footnote indicating our full expectation is that the Court would consider the matters outside the pleadings because but for that, there would be -- you know, we'd be right back where we were before we took this limited discovery.

THE COURT:  Well, not necessarily.  I mean, if Judge Bumb was intending on dismissing the pleadings with prejudice, then the case is over.  But in any event, you are entitled to add the information that may convert the motion to Rule 56,

the plaintiffs can respond accordingly, and ultimately it would be Judge O'Hearn's decision as to how she treats the motion.

UNIDENTIFIED SPEAKER:  Your Honor, I guess just so the record --

UNIDENTIFIED SPEAKER:  So the record is clear --

MR. MARINO:  It's Kevin Marino speaking, Your Honor, that's exactly how we'll proceed, and we appreciate the 45 days.

MR. GRONBORG:  And, Your Honor --

THE COURT:  Mr. Gronborg, were you about to say something?

MR. GRONBORG:  I was.  I was just trying to clarify what I -- I believe the Court said, which was the Court was not obviously stating that it is permissible for defendants to insert factual matters into the -- the Rule 12 motion, simply that Judge King can decide whether or not that's appropriate and to convert the motion.

THE COURT:  (Inaudible -- multiple speakers) --

MR. GRONBORG:  I didn't understand, the Court to be saying you were -- you were presupposing that that was acceptable.

THE COURT:  Do you know what, I am allowing a motion to dismiss.  If the defendants try to convert that into a summary judgment motion pursuant to the rules, then by all

Colloquy                                21

means, plaintiffs have the opportunity to -- to oppose that, to challenge it --

MR. GRONBORG:  Right.

THE COURT:  -- and my statement was it's in Judge O'Hearn's hands at that point.  I can't predict how she's going to treat it, so I --

MR. GRONBORG:  So in that case --

THE COURT:  -- and I would ask you all --

MR. GRONBORG:  -- we would ask for --

THE COURT:  -- for greater --

MR. GRONBORG:  -- the same 45 days --

THE COURT:  clarification, but I really believe that it's going to be Judge O'Hearn's call, not mine.

MR. GRONBORG:  I guess we'd then just ask for the same 45 days as defendants.  Whether it's 30 or 45, we'd just ask for the same amount of time to file our opposition.

THE COURT:  Okay, so today we're April 18th -- see if I can calculate 45 days -- yes.

(Pause)

THE COURT:  For 45 days I have as June 2nd, which would be the deadline to renew the motion to dismiss.

Mr. Gronborg, once the dispositive motion is filed, as of right, you can request from the Clerk an extension of time for one cycle.  Thereafter, any requests for additional time goes before the District Judge.

Colloquy                                                    22

So, you know, as the Magistrate Judge, I set the deadline for the dispositive motion and then it goes into the District Judge -- Judge's hands, so any additional time outside the rule can be raised with Judge O'Hearn and I'm sure she'll have no -- no issues in granting that motion -- I'm sorry, granting the request for more time.

Is there anything else that I need to address this morning?

MR. GRONBORG:  (Inaudible) --

MR. MARINO:  Not from the defendants, Your Honor.

MR. GRONBORG:  -- for clarification for that because I assume it will affect defendants as well if they want to do a reply brief so it kind of shortens their time up, are you saying right now the Court can't order a full briefing schedule, we just wait until a hearing date is set and only after the hearing date is set would we then --

THE COURT:  Okay --

MR. GRONBORG:  -- sort of --

THE COURT:  -- for purposes of this motion, I'm going to have June 2nd as the deadline to file and I will confer with Judge O'Hearn about a full briefing schedule which would --

MR. GRONBORG:  (Inaudible -- multiple speakers).

THE COURT:  -- take us down to the 45 days that Mr. Marino -- I'm sorry, that plaintiffs' counsel are seeking.

23

MR. GRONBORG:  Okay, I appreciate that.

THE COURT:  Anything else?

MR. MARINO:  Not for defendants, Your Honor.

MR. GRONBORG:  I think I'm --

THE COURT:  Mr. Gronborg?

MR. GRONBORG:  No, thank you very much.

THE COURT:  All right, thank you all.  I hope you have a great day.  Bye bye.

(Proceedings concluded at 10:53 a.m.)

* * *

**C E R T I F I C A T I O N**

I, Diane Gallagher, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


_____/s/Diane Gallagher_____          _____April 19, 2023_____

  DIANE GALLAGHER                          DATE

DIANA DOMAN TRANSCRIBING, LLC