THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN
One Gateway Center, Suite 2600
Newark, NJ  07102
Telephone:  973/313-1887
973/833-0399 (fax)
lrosen@rosenlegal.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com

Co-Lead Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re MAIDEN HOLDINGS, LTD. SECURITIES LITIGATION | ) ) ) | Master File No. 1:19-cv-05296-RMB-MS<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) ) ) ) ) ) ) ) | PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE EXTRINSIC EVIDENCE OR, IN THE ALTERNATIVE, DEFER OR DENY DEFENDANTS' MOTION WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 56(d) |

4853-4030-3229.v3

**TABLE OF CONTENTS**

**Page**

I.      Rule 12 Mandates that Matters Outside the Pleadings Cannot Be Considered on a Motion to Dismiss ...............................................................1

II.     Rule 56(d) Mandates that a Summary Judgment Motion Cannot Be Ruled upon Before There Has Been an Opportunity to Complete Relevant Discovery........................................................................................2

        A.      Pursuant to Rule 56(d) Summary Judgment Must Be Deferred Pending the Completion of Discovery Material to Defendants' Summary Judgment Arguments.......................................................3

        B.      Plaintiffs Have Shown that Discovery Material to Defendants' Summary Judgment Arguments Is Incomplete....................................5

                1.      Defendants' Decision Not to Disclose the Historical Losses from the AmTrust Business .............................................6

                2.      Defendants' "Consideration" of Historical Information as Part of Maiden's Loss Reserve Estimation Process ..................8

                3.      Defendants' Reliance on an Outside Actuary............................9

                4.      Insider Trading......................................................................10

III.    Conclusion ....................................................................................................12

4853-4030-3229.v3

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bank of Nova Scotia v. United States*,
    487 U.S. 250 (1988)..................................................................................................2

*Costlow v. United States*,
    552 F.2d 560 (3d Cir. 1977) ...................................................................................3

*Doe v. Abington Friends Sch.*,
    480 F.3d 252 (3d Cir. 2007) ...................................................................................5

*Dowling v. City of Phila.*,
    855 F.2d 136 (3d Cir. 1988) ...................................................................................5

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000) ...................................................................................1

*Shelton v. Bledsoe*,
    775 F.3d 554 (3d Cir. 2015) ...................................................................................3

*Turbe v. Gov't of V.I.*,
    938 F.2d 427 (3d Cir. 1991) ...................................................................................2

Federal Rules of Civil Procedure
    Rule 12 ..................................................................................................................1, 2
    Rule 12(b) .............................................................................................................2, 3
    Rule 12(d) .............................................................................................................1, 2
    Rule 56 .....................................................................................................................5
    Rule 56(d) ........................................................................................................*passim*

Plaintiffs respectfully submit this reply in support of their Motion to Strike Extrinsic Evidence or, in the Alternative, Defer or Deny Defendants' Motion Without Prejudice Pursuant to Fed. R. Civ. P. 56(d) (ECF 153) ("Plaintiffs' Motion" or "Ps' Mtn.").[1]

## I. Rule 12 Mandates that Matters Outside the Pleadings Cannot Be Considered on a Motion to Dismiss

As demonstrated in Plaintiffs' Motion, Fed. R. Civ. P. 12(d) prohibits the Court from considering the Jarman Declaration and its accompanying exhibits on a Rule 12 motion because the SAC does not rely on them, and they are neither public records nor subject to judicial notice. Ps' Mtn. at 12-13. Further, the Court cannot consider the SEC filings attached to the Marino Declaration "'to prove the truth of their contents.'" *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (citation omitted); Ps' Mtn. at 14-17. Defendants do not dispute that the Jarman Declaration and accompanying exhibits are extrinsic to the SAC, they do not dispute that their Motion attempts to rely on the SEC filings for the truth of the matters asserted therein, and they do not dispute that Rule 12(d) prohibits a district court from considering this evidence on a motion to dismiss. Indeed, Defendants ignore the applicable Federal Rules.

---

[1]   Defendants' opposition to Plaintiffs' Motion (ECF 163) is referenced herein as "Defendants' Opposition" or "Ds' Opp." Unless otherwise noted, all defined terms used herein have the same meaning as those used in Plaintiffs' Motion.

- 1 -

Instead, Defendants argue that the Federal Rules are inapplicable in this action. *See, e.g.*, Ds' Opp. at 8 ("Judge King's authorization is permission enough."); *id*. at 11 & n.3 ("This ignores again that the applicable orders in this case permit Defendants to renew their motion to dismiss and to reference the discovery in this action."). Defendants are wrong. This Court did not – and cannot – permit Defendants to violate Rule 12. As the Supreme Court explained in *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254-55 (1988), a Federal Rule "is, in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions." The application of Rule 12(d) precludes the Court from considering Defendants' improper evidence on a motion to dismiss.[2]

## II. Rule 56(d) Mandates that a Summary Judgment Motion Cannot Be Ruled upon Before There Has Been an Opportunity to Complete Relevant Discovery

Defendants' Opposition does not dispute that Rule 56(d) requires that ruling on a motion for summary judgment must be deferred until discovery regarding facts

---

[2] Similarly, Defendants do not dispute that Rule 12(b) prohibits Defendants from filing a motion to dismiss after they already served their Answer to the operative complaint. *See, e.g.*, *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); ECF 154 at 6-10. Defendants' assertion that Plaintiffs' Motion is "untimely" (Ds' Opp. at 8, 11) is nonsensical. Plaintiffs could not have moved to strike papers that Defendants had yet to file.

- 2 -

material to any opposition has been permitted. Defendants also ignore the Third Circuit's directive that "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment," and "where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015); *Costlow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977). Defendants fail to cite a single case regarding Rule 56(d), let alone one that would support their contention that a ruling on summary judgment is appropriate here. And Defendants do not contest that Plaintiffs have been denied the opportunity to take discovery directly relevant to their summary judgment arguments. Accordingly, Rule 56(d) mandates that the summary motion be deferred or denied.

> **A.  Pursuant to Rule 56(d) Summary Judgment Must Be Deferred Pending the Completion of Discovery Material to Defendants' Summary Judgment Arguments**

After strenuously arguing that Judge King, or Judge Bumb, or this Court "authorized" or "ordered" them to file a Rule 12(b) motion to dismiss after they answered and based on evidence extraneous to the operative complaint, Defendants turn around and insist that Plaintiffs knew all along that they intended to file a motion for summary judgment. Ds' Opp. at 11-12. Their argument is incongruous and irrelevant to a Rule 56(d) analysis of whether the Court must afford Plaintiffs the opportunity to complete relevant discovery.

Defendants cite certain statements by ***Plaintiffs***' counsel regarding a potential summary judgment motion as evidence that Plaintiffs had "ample notice" of the scope of the present Motion. Ds' Opp. at 12. But they leave out that, in response to these statements, Defendants told Judge King that they intended to file a renewed motion to dismiss. *See, e.g.*, Ps' Mtn. at 5 (Defendants' argument during an August 26, 2021 conference that discovery should be limited to just what was needed for Defendants to renew their motion to dismiss); *id.* at 8 (Defendants' December 3, 2021 letter brief asserting no additional document production was warranted because the discovery "'is simply for the purpose of determining whether . . . the defendants' motion to dismiss should be granted'"); *id.* (Defendants' statement during a December 8, 2021 conference that with the limitations placed on discovery "'we'll renew our motion and I guess that will be renewed in front of Judge O'Hearn'").

Defendants falsely insist that "Judge King issued her discovery orders with summary judgment in mind." Ds' Opp. at 18. But they do not and cannot cite anything of record supporting that assertion. Rather, based on Defendants' arguments, Judge King concluded that "this is not your typical discovery under the rules." Gronborg Decl., Ex. 2 at 36:22-23. She continued, "I think it is simply for the purpose of determining whether . . . the defendants' motion to dismiss should be granted." *Id.* at 36:23-37:1. Later, Judge King reiterated that, "I am just satisfied for purposes of Judge Bumb's order that the information that she thought may be

- 4 -

relevant to [defendants'] supplement in their pleadings on the motion to dismiss has been provided." ECF 124 at 39:14-17.

In any event, for purposes of Rule 56(d), the issue is not what notice the opposing party had of a summary judgment motion, but whether the opposing party has been given the opportunity to complete discovery material to the summary judgment arguments. *See, e.g.*, *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (citation omitted) (pursuant to Rule 56, courts are "'obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery'"). As set forth in Plaintiffs' Motion, the supporting declaration, and below, Plaintiffs have not been provided with the opportunity to complete discovery material to Defendants' Motion if the Court elects to convert it into a motion for summary judgment.

**B.    Plaintiffs Have Shown that Discovery Material to Defendants' Summary Judgment Arguments Is Incomplete**

Deferring summary judgment is appropriate under Rule 56(d) where an opposing party identifies the "particular information [that] is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988). Plaintiffs' Motion and accompanying declaration identify with particularity four categories of discovery that are directly relevant to Defendants' summary judgment arguments that Plaintiffs have not been able to obtain to date: (1) Defendants' decision not to

- 5 -

disclose the historical AmTrust business losses: (2) Defendants' "consideration" of historical information as part of Maiden's loss reserve estimation process; (3) Defendants' reliance on an outside actuary; and (4) Defendants' insider trading. Ps' Mtn. at 19-31.[3] For each category, Defendants tacitly concede that discovery has not been completed and fail to explain how the discovery Plaintiffs seek is immaterial to their summary judgment arguments.

### 1.    Defendants' Decision Not to Disclose the Historical Losses from the AmTrust Business

In their Motion, Defendants argue that "the factual record offers no support for the allegation that Defendants made 'an intentional decision . . . to omit AmTrust's historical loss ratio information from the view of investors[.]'" Ds' Br. at 18.  Defendants do not dispute that discovery regarding Defendants' decision-making process has not been produced to date.  *See* Ps' Mtn. at 21.[4]  Instead,

---

[3]    In accordance with Rule 56(d), Plaintiffs' Motion identified discovery necessary to address the arguments set forth in Defendants' Motion.  This was not intended to, and does not, identify the full scope of relevant discovery in the case.

[4]    In a pair of footnotes, Defendants assert that Plaintiffs did not seek to depose any witnesses and did not raise any deficiencies with Defendants' interrogatory responses.  Ds' Opp. at 14 n.4 & 15 n.5.  But there were no grounds for noticing the deposition of William Jarman or other potential witnesses or moving to compel substantive interrogatory responses because Defendants argued and Judge King ruled that Defendants' limited production of documents was all that was needed "'for the purpose of determining whether . . . the defendants' motion to dismiss should be granted.'"  ECF 122 at 2-3; *see also* ECF 124 at 39:14-17.

4853-4030-3229.v3

Defendants suggest that any such discovery would just be "ammunition to second-guess how Defendants went about considering and incorporating loss information into their loss reserve estimating process." Ds' Opp. at 14.[5] But Defendants have moved for summary judgment on the basis that there is no factual record they made an "intentional decision" or "sought to conceal" historical loss information from investors. *See* Ds' Br. at 3, 18-19. Rule 56(d) mandates that Plaintiffs be given the opportunity to complete discovery material to that argument before the Court rules on summary judgment. What Defendants want to label as "second guessing" is the normal process by which the party opposing summary judgment takes discovery and identifies relevant material questions of fact.

Plaintiffs have identified with particularity the discovery they seek regarding Defendants' decision not to disclose the AmTrust business losses. They have described how that discovery directly relates to and would result in the denial of Defendants' summary judgment argument. They have explained why that discovery was not previously permitted. As a result, Rule 56(d) requires that if the Court converts Defendants' Motion to one for summary judgment, it must defer or deny

---

[5] Defendants rely on Judge King's orders limiting discovery regarding Maiden's process for making disclosures to investors. As discussed above, and in Plaintiffs' Motion, those orders were in the context of a renewed motion to dismiss, not one for summary judgment, and did not find that Defendants had provided all discovery material to the question of whether Defendants made a decision to omit the historical AmTrust losses to investors.

- 7 -

4853-4030-3229.v3

the motion until the discovery on Defendants' decision to omit the AmTrust business losses has been completed.

### 2. Defendants' "Consideration" of Historical Information as Part of Maiden's Loss Reserve Estimation Process

Defendants largely base their summary judgment motion on claims that they "'considered historical information'" and "'accurately described Maiden's reserve-estimating process'" in the Company's SEC filings. *See* Ps' Mtn. at 22. Defendants do not dispute that discovery regarding their consideration of AmTrust historical losses and the public descriptions of Maiden's process for estimating reserves was severely limited. Defendants cannot dispute that Plaintiffs were denied the opportunity to obtain discovery directly relevant to addressing their defenses because Defendants resisted and refused to produce discovery regarding their purported consideration of historical loss information. *See id.* at 23-26.[6] Instead, Defendants argue that any evidence showing they simply looked at the AmTrust business historical results while setting Maiden's loss reserves is all that is needed for the Court to grant summary judgment. Ds' Opp. at 16. As set forth in Plaintiffs' opposition to Defendants' Motion , just looking at or considering the historical losses

---

[6]   This includes Defendants' failure to produce any discovery into how Maiden's CFO unilaterally set Maiden's loss reserves prior to the establishment of Maiden's Booking Committee in 2017 (Ps' Mtn. at 25) or Maiden's reserve decisions for this period, which covers the majority of the Class Period.  Ps' Opp. at 33-34.

- 8 -

4853-4030-3229.v3

does not absolve Defendants of their duty, under the federal securities laws, to disclose material facts about the AmTrust business when they made their statements to investors.  Ps' Opp. at 12-30.

Moreover, Defendants' summary judgment arguments go beyond simply claiming that they considered the AmTrust historical loss information, asserting that they, *inter alia*, "'consistently analyze[d] historical loss ratios,'" "'accurately described Maiden's reserve-estimating process'" to investors, and "'determine[d] the weight to afford a particular actuarial method in estimating loss reserves based specifically, in part, upon the availability of historical data.'"  *See* Ps' Mtn. at 22. Discovery regarding the veracity of these assertions has not been permitted to date.

Rule 56(d) requires that if it converts Defendants' Motion to one for summary judgment, the Court must defer or deny the motion until the completion of discovery on whether and how Maiden's loss reserve process accounted for historical AmTrust business losses and the description of that process to investors.

### 3.    Defendants' Reliance on an Outside Actuary

In their Motion, Defendants claim that "Plaintiffs offer no evidence that Maiden's final reserve estimates were disputed by Maiden's outside, independent actuary – who certified Maiden's reserve estimates – as discussed in Maiden's public disclosures."  Ds' Br. at 19.  In Defendants' Opposition, they double-down, arguing that "Plaintiffs do not and cannot dispute this statement."  Ds' Opp. at 16.  Of course,

- 9 -

to dispute the statement Plaintiffs must be afforded the opportunity to take discovery into what the outside actuary did and whether Defendants relied on the actuary's findings.  That discovery was not permitted.  Ps' Mtn. at 27-29.  Accordingly, Rule 56(d) requires that if Defendants' Motion is converted to one for summary judgment, it must be deferred or denied until the discovery regarding Maiden's outside actuary and Defendants' reliance on its findings has been completed.[7]

### 4.    Insider Trading

Defendants seek summary judgment on the element of scienter by arguing that "[t]he Forms 4 filed by Defendants Raschbaum and Schmitt – the two individuals whose sales Plaintiffs put at issue – indicate that the sales were for 'tax purposes'" and "Defendants Raschbaum and Schmitt increased their holdings of Maiden common stock (even if largely through stock grants) during the Class Period."  Ds' Br. at 20.  In Defendants' Opposition, they do not dispute the relevance of the discovery sought by Plaintiffs to test these assertions, nor do they argue that it has already been provided.  Rather, Defendants suggest that Plaintiffs neglected to seek the discovery and conceded it was complete.  Ds' Opp. at 17.  That is wrong.

---

[7]    In another instance of flip-flopping, Defendants conclude the argument about their reliance on an outside actuary by claiming "the view of Maiden's outside actuaries is not essential to the Court's determination."  Ds' Opp. at 17.  But that is not what they said in their Motion and not what they have said in their prior motion to dismiss.  *See* ECF 61-1 at 3, 15, 23-24.

4853-4030-3229.v3

Plaintiffs' requests for production sought all documents regarding the individual defendants' holdings and transactions in Maiden securities during the period January 1, 2013 to September 1, 2021. Gronborg Decl., Ex. 1 at 16. Based on their argument that discovery was only for the purpose of a renewed motion to dismiss, Defendants limited their production to a small number of pages from tax filings for defendant Raschbaum and an incomplete set of brokerage reports for defendant Schmitt. In subsequent meet and confer calls, counsel discussed that the production was sufficient if Defendants intended to file a renewed motion to dismiss, but that any assessment of the discovery for summary judgment purposes would be dependent on what arguments they intended to make. In response, Defendants refused to identify whether they intended to make summary judgment arguments related to insider trading, let alone what the scope of those arguments would be. *See* Ps' Mtn. at 9-10. Accordingly, at the April 18, 2023 conference, Plaintiffs informed Judge King that "the discovery that was ordered by the Court . . . for the purpose of reopening the motion to dismiss . . . has been completed," but "[i]f you're asking have defendants . . . completed the production of documents responsive to the discovery requests that plaintiffs sent, [the answer is] no." Gronborg Decl., Ex. 9 at 12:3-9. Defendants' claim that Plaintiffs could have, but did not try to, get discovery regarding the use of Defendants' insider trading proceeds or acquisition of Maiden common stock is belied by the record. Based on the discovery limitations,

- 11 -

Defendants refused to produce anything other than "[d]ocuments sufficient to describe Raschbaum's and Schmitt's purchases or other acquisitions, sales, and holdings of Maiden common stock between January 1, 2013 and November 30, 2018." Gronborg Decl., Ex. 3 at 16. As a result, Rule 56(d) requires that if Defendants' Motion is converted to one for summary judgment, it must be deferred or denied until the discovery on Defendants' securities transactions and use of insider trading proceeds has been completed.[8]

## III. Conclusion

For the reasons stated above and in Plaintiffs' Motion, the Court should strike the Jarman Declaration, including the exhibits attached to it, and Defendants' arguments that rely on those extraneous materials, and refuse to consider the submitted SEC filings for the truth of their contents. Should the Court elect not to strike the extrinsic materials and related arguments, converting Defendants' Motion to one for summary judgment, the Court should defer or deny the Motion, in

---

[8]  Defendants suggest that discovery regarding the use of insider trading proceeds is not necessary because the Court can just accept "the uncontradicted statements [in the Form 4 filings] that each Defendant sold their Maiden stock for tax purposes." Ds' Opp. at 17-18 n.6. But the Court cannot just accept hearsay from Defendants' self-serving SEC filings. Even assuming the Court judicially noticed the Forms 4 (which Defendants have not moved for), it would only be for the fact that they were filed and not for the veracity or validity of statements (like stock sales were for "tax planning purposes") contained in the filings. *See* Ps' Mtn. at 16-17. The cases cited by Defendants do not say otherwise.

- 12 -

accordance with Rule 56(d), allowing for the discovery set forth in Plaintiffs' Motion.

DATED:  September 1, 2023       Respectfully submitted,

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN


*/s/ Laurence M. Rosen*
       LAURENCE M. ROSEN

One Gateway Center, Suite 2600
Newark, NJ  07102
Telephone:  973/313-1887
973/833-0399 (fax)
lrosen@rosenlegal.com

THE ROSEN LAW FIRM, P.A.
JACOB A. GOLDBERG
DANIEL TYRE-KARP
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
212/202-3827 (fax)
jgoldberg@rosenlegal.com
dtyrekarp@rosenlegal.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com

- 13 -

4853-4030-3229.v3

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Co-Lead Counsel

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Additional Counsel

- 14 -

4853-4030-3229.v3