THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL WIGGLESWORTH et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MAIDEN HOLDINGS, LTD. et al.,<br><br>Defendants. | Civil No. 19-5296 (CPO/SAK) |

## SCHEDULING ORDER

The Court having held an initial scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on **October 30, 2025**; and the Court noting the following appearances: **Tor Gronborg, Esquire, Patton Johnson, Esquire, Jacob Goldberg, Esquire, and Daniel Tyre-Karp, Esquire**, appearing on behalf of Plaintiffs; and **Kevin Marino, Esquire, John Tortorella, Esquire, and Jacob Waldman, Esquire**, appearing on behalf of Defendants; and the Court having since received a joint proposed discovery schedule [ECF No. 188] consistent with the Court's directive given at the conference; and for good cause shown;

IT IS this **12th** day of **November, 2025**, hereby **ORDERED**:

1. Counsel shall make FED. R. CIV. P. 26(a) disclosures on or before **November 20, 2025**.

2. Plaintiffs' counsel shall file a letter with the Court by **November 20, 2025** stating that the parties have conferred pursuant to Local Civil Rules 26.1(b)(2) and 26.1(d) concerning discovery of digital information and advising whether the parties have agreed on computer-based and other digital discovery matters. No issue will be addressed unless the parties comply with Local Civil Rule 37.1(a)(1).

3. To the extent necessary and if not already done, any required statement concerning the disclosure of third-party litigation funding, as set forth in Local Civil Rule 7.1.1, shall be filed within ten (10) days of the date of this Order. Local Civil Rule 7.1.1 does not require the filing of a negative statement to the effect that no third-party funding exists in the case.

4. **Limits on Discovery.** Each party shall serve a maximum of 25 interrogatories, inclusive of all discrete subparts.

5. The time within which to seek amendments to the pleadings or to add new parties will expire on **May 5, 2026**. Except as otherwise permitted in the Federal or Local Rules of Civil

Procedure, leave of Court is necessary to file an amended pleading. Counsel shall comply with amended Local Civil Rule 15.1, which requires motions to amend to state whether the motion is opposed. Parties shall meet and confer in person or by phone about the issue. Parties shall also attach to their motion a form of the proposed amended pleading that indicates in what respect(s) it differs from the pleading it proposes to amend.

6. **Fact Discovery.** Pretrial factual discovery will expire on **August 31, 2026**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, prior to the expiration of pretrial factual discovery. Document production shall be substantially completed by **April 17, 2026**.

7. **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. Civ. R. 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or by telephone, rather than just exchanging letters or emails. Should such informal effort fail to resolve the dispute:

    a. **No less than fourteen (14) calendar days** prior to a scheduled conference, the party seeking the discovery shall submit, *via* ECF, a letter not to exceed five (5) pages that sets forth: (1) a specific description of the discovery sought; (2) the relevance of the discovery; (3) an explanation of the parties' efforts to meet and confer to resolve the dispute; and (4) any appropriate legal arguments. The party shall also annex thereto copies of only those pertinent portions of discovery which are the subject matter of the application. **All outstanding discovery issues not raised shall be deemed waived.**

    b. Within seven (7) calendar days, the party opposing the request may submit, *via* ECF, a letter in response not exceeding five (5) pages that sets forth any factual considerations and legal arguments. **Failure to respond within seven (7) calendar days of the filing of the initial letter will be deemed a waiver of any objection to the discovery request(s).**

    c. **No further submissions** regarding the dispute may be filed without leave of the Court. If necessary, the Court will schedule a conference to address the dispute.

The failure of any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take a position on the discovery issue(s) in dispute. The parties should promptly bring any unresolved issue(s) to the Court's attention and should not wait until the close of discovery to address a dispute. No discovery motion, or motion for sanctions for failing to provide discovery, shall be filed before utilizing the procedures set forth above and without prior leave of the Court.

8. **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

9. **Expert Discovery.** All affirmative class certification and merits-based expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiffs shall be served upon counsel for Defendants no later than **November 20, 2026**. The parties shall serve responsive expert reports no later than **January 15, 2027**. All rebuttal class certification and merits-based expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiffs no later than **February 12, 2027**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed class certification and merits-based expert witnesses shall be concluded by **March 17, 2027**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition, or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball Int'l, Inc.*, 620 F.2d 399 (3d Cir. 1980).

10. **Dispositive Motions.** Dispositive motions shall be filed with the Clerk of the Court no later than **April 14, 2027**. Opposition to the motion(s) shall be filed no later than **May 26, 2027**. Any reply to opposition motion(s) shall be filed no later than **June 30, 2027**. Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, *Motion Practice (generally)*. This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

11. **Class Certification Motions.** Class certification motions shall be filed with the Clerk of the Court no later than **February 13, 2026**. Opposition to the motion(s) shall be filed no later than **April 29, 2026**. Any reply to opposition motion(s) shall be filed no later than **June 30, 2026**. This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

12. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application. The scheduling deadlines set herein will not be extended unless good cause is shown. All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

3

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.