UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL WIGGLESWORTH, Individually and on Behalf of All Others Similarly Situated, et al, | ) ) ) ) | 19-CV-05296-CPO-SAK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAIDEN HOLDINGS, LTD., et al, | ) | Camden, NJ |
| | ) | December 18, 2025 |
| Defendants. | ) | 10:00 a.m. |

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE SHARON A. KING
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:     TOR GRONBORG, ESQUIRE
                        PATTON L. JOHNSON, ESQUIRE
                        ROBBINS GELLER RUDMAN & DOWD, LLP
                        655 West Broadway
                        Suite 1900
                        San Diego, CA    92101

For the Plaintiff:      JACOB GOLDBERG, ESQUIRE
                        DANIEL TYRE-KARP, ESQUIRE
                        THE ROSEN LAW FIRM
                        275 Madison Avenue
                        40th Floor
                        New York, NY    10016

                        JING CHEN, ESQUIRE
                        THE ROSEN LAW FIRM
                        609 W. South Orange Avenue
                        Suite 2P
                        South Orange, NJ    07079

2

APPEARANCES:   (continued)


For the Defendants:          JOHN TORTORELLA, ESQUIRE
                             MARINO TORTORELLA & BOYLE, PC
                             437 Southern Boulevard
                             Chatham Township, NJ    07928


For the Defendants:          JACOB J. WALDMAN, ESQUIRE
                             QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP
                             51 Madison Avenue
                             22nd Floor
                             New York, NY    10010


Audio Operator:              MARNIE MACCARIELLA


Transcribed by:              DIANA DOMAN TRANSCRIBING, LLC
                             3 Kingsbridge Road
                             Gibbsboro, New Jersey  08026-0129
                             Office:   (856) 435-7172
                             Fax:      (856) 435-7124
                             Email:    dianadoman@comcast.net



Proceedings recorded by electronic sound recording, transcript produced by transcription service.

3

I N D E X

STATUS OF CASE:                                              PAGE

    By Mr. Gronborg                                      5

    By Mr. Waldman                                       7

PROCEDURAL QUESTIONS:                                        PAGE

    By Mr. Gronborg

        Re:  Discovery issues not raised             8

        Re:  14 days before a conference             11

        Re:  Reviewing third-party documents         12

            for privilege

(The following was heard in open court at 10:00 a.m.)

THE COURT:  Good morning, counsel.  We are on the record in Michael Wigglesworth, et al, versus Maiden Holdings, Ltd., et al, Civil Action Number 19-5296.  We're here for a status conference.

Can I please have appearances?

MR. GRONBORG:  Good morning, Your Honor.  This is Tor Gronborg of Robbins, Geller, Rudman and Dowd on behalf of the plaintiffs, and with me is my partner, Patton Johnson.

MR. JOHNSON:  Good morning, Your Honor.

THE COURT:  Good morning.

MR. GOLDBERG:  Good morning, Your Honor.  From the Rosen Law Firm on behalf of plaintiffs, Jacob Goldberg, and with me is my partner, Daniel Tyre-Karp, and our colleague, Jing Chen.

THE COURT:  Good morning.

MR. TORTORELLA:  Good morning, Your Honor.  For defendants, John Tortorella from Marino, Tortorella and Boyle, and with me is my colleague from Quinn, Emanuel, Jacob Waldman.

MR. WALDMAN:  Good morning.

THE COURT:  Good morning.  How's everyone?

MR. TORTORELLA:  Very well, Your Honor. Nice to see you.

THE COURT:  Same here.  Like I said, it's a status conference.  Either side can take the lead, just bring me up to speed as to where the parties are at.

MR. GRONBORG:  I'm happy to begin, Your Honor.  Is that fine, John, does that work for you?

THE COURT:  That's fine, yes.

MR. TORTORELLA:  Sure, Judge.  Sure.

MR. GRONBORG:  So as an update, Your Honor, following the October 30th initial scheduling conference, the parties have re-engaged in full discovery in the case. Plaintiffs have responded to document requests and interrogatories that defendant sent on October 30th, 2025, have initiated a production -- their production of documents, and that is still ongoing.

Plaintiffs have served approximately 12 third-party subpoenas and have been actively meeting and conferring with those third parties and some documents we believe are starting to roll in.

We had the plaintiffs' requests for productions and interrogatories that were served four years ago prior to the appeal, and defendants have provided additional objections to those requests on November 3rd.  The parties have met and conferred and we're still meeting and conferring on certain issues with respect to those interrogatories and requests for production.

And plaintiffs served an additional set of requests for productions on defendants on October 10th, 2025.  We received defendants' objections on November 14th and we've been in a lengthy process of meeting and conferring on those objections.

Since discovery has recommenced, I believe the plaintiffs have produced approximately between 2,000 and 2,500 pages of documents.  Defendants have produced about 160 pages of documents through their insurance policies, but as I said, conversations are still ongoing.

And to that end, while the meet and confer process is still ongoing and very active, I do think that the parties are going to need the Court's assistance to resolve certain disputes going forward, and to that end, if John or Jacob don't have anything to add sort of to the background -- actually, I had a couple questions just about the Court's scheduling order and sort of the means by which discovery issues are appropriately raised with the Court.

THE COURT:  All right.  Do you want me to address that now or should we wait until I hear from defense counsel?

MR. GRONBORG:  Why don't I leave it to them.  If they want me to raise those questions now and then they can speak after or if they've got -- they want to add something, kind of the background portion.

THE COURT:  All right.  Why don't you hold off on

the procedural questions.  We'll get through the status of the discovery and then we can address any questions you have.

So whoever is going to speak on behalf of the defendants, I'm happy to hear from you.

MR. WALDMAN:  Sure.  Thank you, Your Honor.  For the record, again, Jacob Waldman of Quinn Emanuel for the defendants.  I think the background is largely correct as Mr. Gronborg stated it.

I think we've -- I believe we've produced closer to something like 3,000 pages of insurance documents, but that's sort of neither here nor there.  It's the early stages of the production, and as Mr. Gronborg said, we've now spent several hours over the course of a few weeks meeting and conferring about I think something like 85 requests for production. We've come to --

THE COURT:  Did you say 85?

MR. WALDMAN:  Yes, Your Honor.

THE COURT:  Okay.

MR. WALDMAN:  That's including I think the six original from the first phase of the case.  I think the parties have reached agreement or partial agreement on some. We've stated our position or disagreements on others and are considering those positions, and I expect we'll meet and confer on probably a narrower set of disagreements.

You know, ideally we will come to ground on them,

but if not, I think Mr. Gronborg is probably correct, that there may be some things for the Court to resolve.

THE COURT:  All right.  So with regard to the discovery issues, I'm happy to hear -- get a joint application from counsel, each side stating their position.  Before we get to that point, I just need to give you a deadline to continue meeting and conferring before you realize this is the real impasse, and at this point, we write the Court.

So, you know, how much time do you think is needed to get to that point?

MR. GRONBORG:  Your Honor, if I may, and this may go to my procedural question that I have which -- and one of them, it refers to the Paragraph 7 of your scheduling order in the discovery application.  And in there it says, "All outstanding discovery issues not raised shall be deemed waived."

And what I was trying to figure out from that is if it meant all discovery issues that were ripe for resolution that aren't addressed, you know, in a letter, at a conference, are waived, or if it's with respect to an entire set of requests for production?

THE COURT:  Well, you have to make me --

MR. GRONBORG:  And to be --

THE COURT:  -- you have to make me aware.  So, for instance, if responses are due December 30th and by -- you haven't received those responses, you could advise the Court either, you know, we're still working this out, I just want to bring to your attention that these issues exist, so I am not waiving them, but also letting the Court know that we're attempting to work this out.  And just put, you know, another deadline in there.

I plan to update the Court maybe within two weeks to let you know if it's resolved or if the Court needs us to file a letter.  So typically that would protect you against, you know, any allegations that disputes were waived because they weren't timely brought to my attention.  Okay.

MR. GRONBORG:  And maybe to be more specific, for example here, I imagine that there will be a ripe dispute regarding specific categories of documents that we believe defendants could collect without the use of search terms or custodians or essentially going through emails.  We refer to those as sort of go-get documents.

And I could see that issue being ripe for resolution for the Court while the parties are still negotiating custodians and search terms, which is sort of a separate and sometimes lengthier process.

And what I want to confirm is if the meet and confer process has run its course, and we are prepared to file a

discovery application with respect to these go-get documents that we can do that, and if I understand what you're saying, we would probably in some correspondence say, we have other issues with respect to the document production regarding search terms, custodians, et cetera, but we are still meeting and conferring on them.

We can bring that discovery application to the Court, that we don't need to wait until sort of every dispute regarding an entire set of request for production is ripe.

THE COURT:  Yes.  And there are certain discretion and practicality issues.  So it's not my preference to -- even though one issue may be ripe and you're still trying to resolve nine other issues, I don't want to have a discovery dispute conference every month.

So it's -- if it's critical and it's holding up discovery, then I probably need to address it, but if it needs to wait so that everything can be brought at the same time, that's, you know, a better use of the Court's time as well as yours.

So it's a certain amount of discretion that's involved, and I do schedule conferences every two months, and I expect -- you know, you can raise it at these conferences, but as you said earlier, you know, we have a number of issues that we're working on.  They're not ripe, so at least I have some heads up that something is brewing, and at some point,

I'll expect a letter.

MR. GRONBORG:  Okay.

THE COURT:  So it's not -- you know, it's not to tell you, like, as soon as an issue is ripe, send it to me because that's not going to work either.

MR. GRONBORG:  No, no, I understand.

THE COURT:  Because when I schedule a conference, I want to be able to cover as much ground as I can.

MR. GRONBORG:  Okay.  I understand.

THE COURT:  Does that make sense to you?

MR. GRONBORG:  Yes.  And I think I understand both what we would tell the Court and I'm assuming if it looks like an issue is going to hold up discovery such that it will affect deadlines, we might bring it ahead even if we're meeting and conferring on other issues.

THE COURT:  Exactly.  Yes.

MR. GRONBORG:  Okay.  The other --

THE COURT:  And I -- and I do try to be reasonable, so my goal is to be reasonable and not to penalize the parties, so everything is taken in context.

MR. GRONBORG:  Understood.  The other sort of housekeeping issue and it may have just answered it, was in Section 7 it refers to not -- the discovery applications can't be filed less than 14 days before a conference but also suggests at the bottom, "The Court will schedule a conference

to address the disputes."

Should I understand that to mean, if we have a scheduled conference, obviously file it in time for the -- for a party to respond and you can review it, but that we don't -- we don't need to wait till that 14 days ahead of a conference. I mean, if a dispute is ripe and following what we just said, we should just file it and --

THE COURT:  Yes, bring it --

MR. GRONBORG:  -- if you want to schedule a conference earlier --

THE COURT:  -- yes, bring it to my attention.  I just want the parties to be thinking ahead of time what needs to be addressed at the conference, and if I do get a letter 14 days before saying, Judge, this is what we're having issues with and I think it's significant, I'll actually convert the status conference, the discovery hearing, and I may reschedule it to a different time and date where I can -- I'll look for, you know, maybe an hour, two hours, as opposed to the standard 30 minutes for discovery conferences.  So that's -- that's the intent behind that.

MR. GRONBORG:  Understood.  And then the last issue we have is a dispute has arisen with regard to certain third-party discovery and defendants' contention that they can review third-party documents for privilege.  We have a disagreement with that.  I anticipate that may raise an issue

with respect to us filing for a protective order.  And the question then is -- is a Rule 26 motion for a protective order, does that fall under the rubric of a discovery application, meaning that you --

THE COURT:  Start with the --

MR. GRONBORG:  -- you prefer we start with a letter?

THE COURT:  -- start with the letter, yes.

MR. GRONBORG:  Okay.  Understood.

THE COURT:  And sometimes what I try to do, if the issues are raised at a status conference and I am familiar with the issue, I can let you know how I've ruled on similar issues, you know, where I would likely end up, and it's my guide for future meet and confers, not that it's necessarily a ruling on that particular issue, but just to help you in the meet and confer process.

MR. GRONBORG:  Understood.  I appreciate that.  And that was all I had.

THE COURT:  All right.  Anything, Mr. Waldman?

MR. WALDMAN:  No, nothing -- nothing else from our side at the moment, Your Honor.  We're obviously pursuing discovery from plaintiffs as well, but there's -- there's nothing -- nothing ripe on that side as of yet.

THE COURT:  All right.  Sounds good.

I look forward to working on this case again.  As I said, when I -- this was literally I think it might have been

like one of my first cases when I was appointed, so I'm a lot more familiar and hope that we can make better progress.

So I'll schedule a status conference for two months. In the meantime, I hope everyone enjoys the holidays and I look forward to speaking with you again next year.  Take care.

MR. TORTORELLA:  Thanks very much, Your Honor

MR. GRONBORG:  You, too, Your Honor.

MR. WALDMAN:  Thank you, Your Honor.

THE COURT:  Bye-bye.

(Proceedings concluded at 10:20 a.m.)

* * *

15

**C E R T I F I C A T I O N**

I, Lois A. Vitarelli, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

<u>   /s/Lois A. Vitarelli   </u>      DATE:   <u>   12/15/25   </u>

LOIS VITARELLI

DIANA DOMAN TRANSCRIBING, LLC