[No. 229]

Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA &
BOYLE, P.C.**
437 Southern Blvd.
Chatham, New Jersey 07928
Tel: (973) 824-9300
kmarino@khmarino.com
jtortorella@khmarino.com

Michael B. Carlinsky (admitted *pro hac vice*)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
295 Fifth Avenue
New York, New York 10016
Tel: (222) 849-7000
michaelcarlinsky@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re MAIDEN HOLDINGS, LTD. SECURITIES LITIGATION | Case 1:19-cv-05296-CPO-SAK<br><br>Hon. Christine P. O'Hearn, U.S.D.J.<br><br>**ORDER TO SEAL<br>MATERIALS** |

**THIS MATTER** having come before the Court on the motion (the "Sealing Motion") of Defendants, Defendants Maiden Holdings, Ltd. ("Maiden"), Arturo Raschbaum, Karen Schmitt, and John Marshaleck (collectively "Defendants"), through their attorneys, Marino, Tortorella & Boyle, P.C. (Kevin H. Marino, Esq., appearing) and Quinn Emanuel Urquhart & Sullivan, LLP, for entry of an Order, pursuant to Local Civil Rules 5.3(c) and 7.1, permitting Defendants to maintain under seal a portion of Exhibit 3, and Exhibits 4, 5, 6, and 7 to the Declaration Of Laurence M. Rosen In Support Of Plaintiffs' Motion For Issuance Of Letters Rogatory For International Judicial Assistance To Take Discovery, including all attached exhibits (ECF No. 200) pursuant to Local Rule 5.3(c)(4) because they are not subject to a presumption of public access

08887-00002/17785767.1

and contain confidential business information (collectively "Sealed Materials"); and this Court having fully considered the Certification of John D. Tortorella in support of the Sealing Motion (the "Tortorella Certification"), including the Index required by Local Civil Rule 5.3(c) and any submissions in further support thereof, as well as the record before it, and no opposition thereto having been filed, the Court makes the following findings:

**THE COURT FINDS** that based on Defendants' representations the Sealed Materials contain confidential business information concerning Maiden;

**THE COURT FURTHER FINDS** that based on Defendants' representations Maiden has a legitimate interest in keeping its confidential information from public disclosure;

**THE COURT FURTHER FINDS** that based on Defendants' representations the Sealed Materials contain information constituting confidential business information that, if made public, would harm Maiden's business relationships and competitive position;

**THE COURT FURTHER FINDS** that there is no less restrictive alternative available at this time to prevent the defined and serious injury to the parties;

**THE COURT FURTHER FINDS** that that the Sealed Materials have not been the subject of any prior sealing orders in this action and that there are no known parties or non-parties that object to the requested sealing;

**THEREFORE, IT IS** on this 20th day of February , 2026:

**ORDERED** that the Sealing Motion be and hereby is granted in its entirety; and

**IT IS FURTHER ORDERED** that the following documents shall be maintained under seal by the Clerk of Court based on the foregoing findings of fact and conclusions of law:

- Exhibits 3, 4, 5, 6, and 7 to the Declaration Of Laurence M. Rosen In Support Of Plaintiffs' Motion For Issuance Of Letters Rogatory For International Judicial Assistance To Take Discovery, including all attached exhibits (ECF No. 200);

- That a redacted version of Exhibit 3, in accordance with Defendants' requests, will be entered on the public docket by March 6, 2026.

Dated: 2/20/26

Honorable Sharon A. King, U.S.M.J.

08887-00002/17785767.1

3