THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN
One Gateway Center, Suite 2600
Newark, NJ  07102
Telephone:  973/313-1887
973/833-0399 (fax)
lrosen@rosenlegal.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
PATTON L. JOHNSON
ASHLEY G. PYLE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
pjohnson@rgrdlaw.com
apyle@rgrdlaw.com

Co-Lead Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re MAIDEN HOLDINGS, LTD. SECURITIES LITIGATION | ) Master File No. 1:19-cv-05296-CPO-SAK |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| ALL ACTIONS. | ) OPPOSITION TO AMTRUST FINANCIAL SERVICES, INC.'S MOTION TO SEAL |
| | ) |

4916-2370-1403.v1

Lead Plaintiffs Boilermaker-Blacksmith National Pension Trust and Taishin International Bank Co., Ltd. (collectively, "Plaintiffs") submit this opposition to the Notice of Non-Party AmTrust Financial Services, Inc.'s Motion to Seal Papers Submitted in Connection with Plaintiffs' Motion to Compel (ECF 251) ("Motion"). For the reasons set forth below, the Motion must be denied.

## I.    RELEVANT FACTS

Pursuant to Local Rule 5.3(c), motions to seal must be filed as a joint motion within 14 days after the completion of briefing.  Accordingly, any motion to seal the declaration of Michael Rasnick (ECF 238-1) ("Rasnick Declaration") that was filed with AmTrust Financial Services, Inc.'s ("AmTrust") February 27, 2026 supplemental Brief in Opposition to Plaintiffs' Motion to Compel (ECF 238) was due by March 13, 2026.

On March 11, 2026, AmTrust asked Plaintiffs and Defendants for a one-week extension of the deadline.  Ex. 1 at 3.  When agreeing to AmTrust's request for an extension, Plaintiffs reminded AmTrust to: "***Please send us the joint motion for sealing with enough time to review before next Friday***," March 20, 2026.  Ex. 1at 2.[1]  Subsequently, the Court granted AmTrust's extension.  ECF 247.

On March 17, 2026, AmTrust provided Plaintiffs with only the index of redactions they proposed in the Rasnick Declaration, without any motion, brief, or any

---

[1]    Unless otherwise noted, citations are omitted and emphasis is added throughout.

- 1 -

accompanying materials, asking Plaintiffs if they opposed the motion they intended to file. Ex. 1 at 1. The following morning, Wednesday, March 18, 2026, Plaintiffs responded, asking again, "***Please send us the full filing for review***." *Id*. But AmTrust ignored Plaintiffs' request for the joint motion, and instead later that day asked Plaintiffs "to share your positions on the proposed sealing." Ex. 2 at 1. In response, Plaintiffs asked AmTrust again: "***Please circulate your full filing***." Ex. 2 at 1.

Finally, after failing to provide a draft for three weeks, on Friday, March 20, 2026, the filing deadline for the motion to seal, AmTrust sent its papers to Plaintiffs. Ex. 3 at 6-7. Many of the proposed redactions on their face did not seem to cover confidential information, and Plaintiffs were initially confused why no argument was being presented as to why these paragraphs in the Rasnick Declaration should remain sealed. Plaintiffs asked AmTrust for the motion. Ex. 3 at 6. AmTrust responded indicating that the motion was already included (Ex. 3 at 5), meaning that AmTrust was intending to only make generic, conclusory statements, proclaiming with no basis that the disclosure of the redacted information "is likely to cause serious injury to the affected individuals and the business of the affected parties" or "is highly likely to cause harm to its business and competitive position." *See, e.g.*, ECF 251-1 at 2, 5. Based on these bare statements, AmTrust would have the Court conclusively find, among other things, that "AmTrust has satisfied its burden of proving that the

Confidential Material is entitled to protection" and that "Public disclosure of the Confidential Material would cause clearly defined and serious injury and any public interest in the Confidential Material is outweighed by the interests of AmTrust and the parties in maintaining confidentiality".ECF 251-2 at 4-5.

As an accommodation to AmTrust, Plaintiffs offered to agree to AmTrust's request that the motion be filed as unopposed, if certain changes were made to the notice and proposed order.  In the notice, Plaintiffs made clear that they took "no position on the propriety of AmTrust's confidential designations or their arguments in support of the documents remaining under seal."  Ex. 4 at 2 (Plaintiffs' redline to AmTrust's draft notice).  In the proposed order, Plaintiffs made clear that the sealing of the information was based on AmTrust's representations, AmTrust was only entitled to protection at this time, and Plaintiffs attempted to limit the judicial findings sought by AmTrust to only those required by Local Rule 5.3(c).  *See* Ex. 5 (Plaintiffs' redline to AmTrust's draft proposed order).  AmTrust rejected Plaintiffs' comments to the proposed order without explanation, and instead responded tersely, saying "[l]et me know if I should inform the Court that Plaintiffs intend to oppose the motion without those changes."  Ex. 3 at 4.

Plaintiffs reminded AmTrust that the filing should be a joint motion and explained that "[t]here is a presumption that documents are publicly filed and AmTrust's vague claims of harm, among other things, do not meet your burden."

- 3 -

Ex. 3 at 3. Because it was already the date of the deadline when Plaintiffs received AmTrust's motion, and Plaintiffs would not be able to draft their opposition that afternoon, Plaintiffs stated "[w]e can create a joint motion next week but we will not be joining any motion today." *Id*. But AmTrust blamed Plaintiffs, indicating that the index it provided was all Plaintiffs needed. Ex. 3 at 2. And on March 20, 2026, AmTrust unilaterally filed, in violation of Local Rule 5.3(c), a motion to seal seven paragraphs contained in the Rasnick Declaration. ECF 251.

AmTrust's motion contains no argument or factual support as to why the paragraphs should be sealed. Instead, AmTrust merely thrusts on the Court the onus of proving its claims, without AmTrust showing why the information in the Rasnick Declaration is confidential, that disclosure will cause a clearly defined and serious injury, or the other requirements of Local Rule 5.3(c). And AmTrust cannot do so on reply. *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023) ("Arguments raised for the first time before a district court in a reply brief are deemed forfeited.")

## II.    LEGAL STANDARD

AmTrust acknowledges "[t]here exists in civil cases a common law public right of access to judicial proceedings and records." ECF 251-2 at 3. But ***this presumption "appl[ies] with even greater force" in class actions*** because "[p]rotecting the access right in class actions 'promotes [class members'] confidence' in the administration of the case." *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001).

- 4 -

There is a very high bar to overcome this presumption. The party seeking to seal the record "'bears the burden of showing that the material is the kind of information that courts will protect' *and* that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' In delineating the injury to be prevented, specificity is essential. ***Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient***. *Id.* at 194.

In addition, Local Rule 5.3(c)(3) further provides any motion to seal shall describe with particularity, among other things: (a) "the nature of the materials or proceedings at issue"; (b) "the legitimate private or public interest[s] which warrant[] the relief sought"; (c) "the clearly defined and serious injury that would result if the relief sought is not granted"; and (d) "why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3).

## III.   ARGUMENT

### A.   AmTrust Has Not Met Its Burden to Show that the Information Is Confidential or the Kind that Courts Protect

AmTrust has made no attempt to justify that the information it seeks to keep under seal is confidential, much less that its interest in doing so outweighs the presumption of public filings. *Cendant*, 260 F.3d at 194 ("'The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.'").

- 5 -

4916-2370-1403.v1

AmTrust only offers conclusory statements that the material contains "non-public, personally and commercially sensitive information of AmTrust." ECF 251-1 at 2. This is clearly not enough as the Third Circuit mandates that AmTrust must establish that this "'is the kind of information that courts will protect.'" *Cendant*, 260 F.3d at 194. And yet, AmTrust wants the Court to make a litany of findings of fact and law based on its *ipse dixits*, including that "AmTrust has satisfied its burden of proving that the Confidential Material is entitled to protection." ECF 251-2 at 4. Courts reject such conclusory statements, even when they surpass what AmTrust has done here, because "'[c]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants.'" *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 2022 WL 974208, at *3 (D.N.J. Feb. 10, 2022) (quoting *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 677 (3d Cir. 2019)); *see also*, *Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, at *5 (D.N.J. Mar. 30, 2006) (Denying sealing because despite claim of "'sensitive and internal'" information, party "provides neither legal argument nor documentary evidence to support its assertions."); *Supernus Pharms., Inc. v. Actavis, Inc.*, 2015 WL 12837642, at *2 (D.N.J. May 13, 2015) (Denying sealing because party only "relies on broad and conclusory statements (*i.e.* 'the Confidential Materials contain the Defendants' trade

- 6 -

secret and other confidential research, development, commercial, and technical information.'").

AmTrust contends that its "document collection and process of responding to the Lead Plaintiffs' subpoena (including the names of specific individual custodians), [] is subject to a Discovery Confidentiality Order entered in this case (ECF No. 107)." ECF 251-1 at 2. But "'just because a document is marked confidential and subject to a protective order, does not automatically mean a document can be sealed.'" *Brooks v. Wal-Mart Stores, Inc.*, 2020 WL 1969937, at *7 (D.N.J. Apr. 24, 2020). "[I]t is well-settled that merely because a document is designated 'confidential' pursuant to a Discovery Confidentiality Order does not necessarily mean that the document satisfies the criteria for sealing pursuant to Local Civil Rule 5.3." *In re Caterpillar Inc., C13 & C15 Engine Prods. Liab. Litig.*, 2015 WL 12830520, at *2 (D.N.J. Jan. 29, 2015). Indeed, Courts "apply the more rigorous common law right of access when discovery materials are filed as court documents." *Avandia*, 924 F.3d at 670; *Pa. Nat'l Mut. Cas. Ins. Co. v. New England Reinsurance Corp.*, 794 F. App'x 213, 215-16 (3d Cir. 2019) (same). And the Discovery Confidentiality Order specifically states that Local Rule 5.3 still must be followed. ECF 107 at 6.[2] AmTrust has not met its "'burden of

---

[2]    Even if the Discovery Confidentiality Order applied, and Plaintiffs dispute that the materials at issue qualify as "Confidential," AmTrust has not met the "good cause" standard for a protective order. "Good cause means 'that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.' To that end, '[b]road allegations of harm, unsubstantiated by

- 7 -

showing that the material is the kind of information that courts will protect.'"

*Cendant*, 260 F.3d at 194.

> **B.    AmTrust Has Not Met Its Burden to Show a Clearly Defined and Serious Injury**

AmTrust has provided ***no "specific examples or articulated reasoning"*** as to the "'clearly defined and serious injury'" that will occur if the information was disclosed, despite the Third Circuit's clear direction that "specificity is essential." *Cendant*, 260 F.3d at 194.  Again, all AmTrust has done is make the general, boilerplate statement that, "[p]ublic disclosure of the Confidential Material is likely to cause serious injury to the affected individuals and the business of the affected parties."  ECF 251-1 at 2.  But this type of "general, cursory summary of the harms . . . fails to satisfy the burden under Local Rule 5.3(c) and controlling precedent." *O'Brien v. BioBancUSA*, 2010 WL 2923283, at *4 (D.N.J. July 19, 2010) (Denying sealing motion where party only "generally alleges that the document contains 'sensitive business information,' and that [it]'s interests will 'be seriously

---

specific examples or articulated reasoning, do not support a good cause showing.'" *Avandia*, 924 F.3d at 671 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994).  The good cause standard also has seven factors that Courts should consider, which AmTrust has not provided: "1. whether disclosure will violate any privacy interests; 2. whether the information is being sought for a legitimate purpose or for an improper purpose; 3. whether disclosure of the information will cause a party embarrassment; 4. whether confidentiality is being sought over information important to public health and safety; 5. whether the sharing of information among litigants will promote fairness and efficiency; 6. whether a party benefitting from the order of confidentiality is a public entity or official; and 7. whether the case involves issues important to the public." *Id.*

4916-2370-1403.v1

harmed' by disclosure."). Indeed, AmTrust "has submitted no competent evidence to support its burden." *Supernus*, 2015 WL 12837642, at \*2. Simply making self-serving statements in the "index is not persuasive, as it does not state with particularity any harm that would result." *Centennial Mill by Del Webb Cmty. Ass'n, Inc. v. Ply Gem Holdings, Inc.*, 2018 WL 3085210, at \*5 (D.N.J. June 22, 2018). As "failure to put forth a specific and clearly defined risk of injury is fatal to any motion to seal," AmTrust's motion should be denied. *Reilly v. Solar*, 2021 WL 248872, at \*5 (D.N.J. Jan. 26, 2021).

### C. AmTrust Has Failed to Meet the Requirements of Local Rule 5.3(c)

AmTrust has not met the requirements of Local Rule 5.3(c) – submitting only a few paragraphs of entirely conclusory statements. But "Courts must make specific findings pursuant to the Local Rule 5.3(c)(3) factors when ruling on motions to seal or otherwise restricting public access." *Caldwell v. Amazon.com Servs. LLC*, 2024 WL 4589776, at \*8 (D.N.J. Oct. 28, 2024).

AmTrust will no doubt contend that it has described factor (a), "the nature of the materials or proceedings at issue." L. Civ. R. 5.3(c)(3). But it cannot say it has done so with "particularity" as is required. *Id*. And as discussed above, AmTrust has not met the burden of showing factor (b), "the legitimate private or public interest which warrants the relief sought," *i.e.* that the information is confidential, or factor (c), its "clearly defined and serious injury." L. Civ. R. 5.3(c)(3); *see Caterpillar*, 2015

- 9 -

4916-2370-1403.v1

WL 12830520, at *2 (D.N.J. Jan. 29, 2015) ("Conclusory language (*i.e.* that internal discussions are 'of a highly sensitive business nature') does not, in and of itself, establish a legitimate private or public interest or a clearly defined injury."); *Horizon Pharma AG v. Watson Lab'ys Inc.-Fla.*, 2015 WL 12859581, at *2 (D.N.J. Apr. 22, 2015). ("Conclusory assertions that fail to specify why the materials are confidential and what injury would occur as a result are insufficient to satisfy the requirements of the rule."). As for factor (d), AmTrust's bare statement in its index that "[a]ny less restrictive alternatives would risk the disclosure of confidential information" is simply a conclusion that describes nothing. ECF 251-1 at 2; *see Supernus*, 2015 WL 12837642, at *2 ("Last, the Court cannot determine whether Supernus has used the least restrictive means because it is unable to determine what legitimate private or public interest exists or what clearly defined injury will result if the materials are not sealed, if any.").

## IV.    CONCLUSION

For the reasons stated above, AmTrust's motion to seal portions of the Rasnick Declaration should be denied.

4916-2370-1403.v1

DATED: March 26, 2026

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN


/s/ *Laurence M. Rosen*


One Gateway Center, Suite 2600
Newark, NJ  07102
Telephone:  973/313-1887
973/833-0399 (fax)
lrosen@rosenlegal.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
PATTON L. JOHNSON
ASHLEY G. PYLE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
pjohnson@rgrdlaw.com
apyle@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Co-Lead Counsel for Lead Plaintiffs and
the Class

- 11 -

4916-2370-1403.v1

- 12 -

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Additional Counsel*

4916-2370-1403.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th of March a true and correct copy of the foregoing OPPOSITION TO AMTRUST FINANCIAL SERVICES, INC.'S MOTION TO SEAL was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen
Laurence M. Rosen

4916-2370-1403.v1