# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE MAIDEN HOLDINGS, LTD. SECURITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Master File No. 1:19-cv-05296-CPO-SAK<br><br>CLASS ACTION<br><br>**[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO SEAL** |

**THIS MATTER** having come before the Court upon the application of Non-Party AmTrust Financial Services, Inc. ("AmTrust"), pursuant to Civil Rule 5.3(c) of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey, to seal portions of the Declaration of Michael Rasnick dated February 27, 2026 (ECF No. 238-01) (the "Rasnick Declaration"), which AmTrust filed in connection with Lead Plaintiffs Boilermaker-Blacksmith National Pension Trust and Taishin International Bank Co. Ltd.'s ("Lead Plaintiffs") motion to compel the production of documents from AmTrust, and the Court having considered the written submission of AmTrust and any submissions of Lead Plaintiffs or Defendants, the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1.    Pursuant to Local Civil Rule 5.3(c), AmTrust moves for leave to file a redacted version of the Rasnick Declaration on the grounds that the portions of the

Rasnick Declaration that AmTrust seeks to redact (the "Confidential Material") are entitled to protection from public disclosure under Local Civil Rule 5.3(c).

2.    Based on AmTrust's representations, Tthe Confidential Material comprises non-public, confidential, and commercially sensitive information of AmTrust, disclosure of which is highly likely to cause significant harm to AmTrust's business.    Based on AmTrust's representations, Iit also includes information regarding AmTrust's document collection and process of responding to the Lead Plaintiffs' subpoena (including the names of specific individual custodians), which is subject to the Discovery Confidentiality Order entered in this case.  *See* ECF No. 107.  Conversely, there is no compelling public interest in the disclosure of the Confidential Material.

3.    Before the production of discovery in this case, the parties agreed to a Discovery Confidentiality Order (the "DCO") governing the treatment of confidential information. The Court entered the DCO on September 20, 2021.  *See* ECF No. 107.

4.    AmTrust contends that certain of the Confidential Materials are appropriate for designation as "Confidential" under the DCO.

5.    AmTrust seeks to seal the following:

    a.    Paragraph 5 of the Rasnick Declaration, which lists specific individuals related to AmTrust's document collection and process; and

b.    Paragraph 8 of the Rasnick Declaration, which includes sensitive, non-public business information relating to AmTrust's costs of responding to the Lead Plaintiffs' subpoena; and

c.    Paragraphs 11–15 of the Rasnick Declaration, which includes sensitive, non-public business information relating to AmTrust's internal business processes relating to its insurance business and internal systems.

*See* Declaration of Paul C. Kingsbery, Esq., dated March 13, 2026, Ex. 1 (the "Index").

6.    ~~AmTrust has complied with the terms of Local Civil Rule 5.3(c) by timely moving for leave to file the Confidential Material under seal and to file redacted versions thereof.[1]~~

## CONCLUSIONS OF LAW

1.    There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)).  However, this right is not absolute, and a party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).  Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure allows

---

[1]    ~~By Order dated March 13, 2026, the Court extended the time for any party to file a motion to seal pursuant to Local Civil Rule 5.3(c) in connection with Plaintiffs' application to compel AmTrust to produce certain documents to Friday, March 20. *See* ECF No. 248.~~

a court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information." Indeed, "[a] well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 644 (D.N.J. 2004) (citation omitted). Thus, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

2.      Local Civil Rule 5.3(c) places the burden of proof on the movant as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (i) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief is not available.

3.      The Court, having considered AmTrust's submissions and representations therein in support of this motion, including the Declaration of Paul C. Kingsbery, Esq. and the Index, finds that AmTrust has satisfied its burden of proving that the Confidential Material is entitled to protection at this time.

4.      Given the claimed sensitive nature of the Confidential Material, including confidential, and commercially sensitive information of AmTrust, the

Court finds that AmTrust has satisfied the standard set forth in Local Civil Rule 5.3(c). ~~Public disclosure of the Confidential Material would cause clearly defined and serious injury and any public interest in the Confidential Material is outweighed by the interests of AmTrust and the parties in maintaining confidentiality.~~

5.      The Court further finds that there is no less restrictive alternative available at this time.

**THEREFORE, IT IS** on this _____ day of _____, 2026;

**ORDERED** that AmTrust's motion for leave to file under seal is hereby GRANTED; and it is further

**ORDERED** that, pursuant to Local Civil Rule 5.3(c), AmTrust is directed to file the Rasnick Declaration (ECF No. 238-01) with all Confidential Material redacted and/or sealed as specified in the Index.

_____
HONORABLE SHARON A. KING
UNITED STATES MAGISTRATE JUDGE