UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL WIGGLESWORTH,           )   19-5296(CPO/SAK)
Individually and on Behalf      )
of All Others Similarly         )
Situated, et al,                )
                                )
        Plaintiffs,             )
                                )
    vs.                         )
                                )
MAIDEN HOLDINGS, LTD., et al,   )   Camden, NJ
                                )   April 1, 2026
        Defendants.             )   2:30 p.m.

TRANSCRIPT OF DISCOVERY DISPUTE CONFERENCE
BEFORE THE HONORABLE SHARON A. KING
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:         PATTON L. JOHNSON, ESQUIRE
                            TOR GRONBORG, ESQUIRE
                            ROBBINS GELLER RUDMAN & DOWD, LLP
                            655 West Broadway
                            Suite 1900
                            San Diego, CA    92101

                            JACOB GOLDBERG, ESQUIRE
                            DANIEL TYRE-KARP, ESQUIRE
                            THE ROSEN LAW FIRM
                            275 Madison Avenue
                            40th Floor
                            New York, NY    10016

For the Defendants:         JOHN TORTORELLA, ESQUIRE
                            MARINO TORTORELLA & BOYLE, PC
                            437 Southern Boulevard
                            Chatham Township, NJ    07928


                            JACOB J. WALDMAN, ESQUIRE
                            QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP
                            51 Madison Avenue
                            22nd Floor
                            New York, NY    10010

2

For AmTrust:                   PAUL KINGSBERY, ESQUIRE
                               CALCAGNI & KANEFSKY LLP
                               One Newark Center
                               1085 Raymond Blvd., 18th Floor
                               Newark, NJ 07102

                               JAYME JONAT, ESQUIRE
                               HOLWELL SHUSTER & GOLDBERG LLP
                               425 Lexington Avenue
                               New York, NY 10017


Audio Operator:                MARNIE MACCARIELLA


Transcribed by:                DIANA DOMAN TRANSCRIBING, LLC
                               3 Kingsbridge Road
                               Gibbsboro, New Jersey  08026-0129
                               Office:  (856) 435-7172
                               Fax:      (856) 435-7124
                               Email:    dianadoman@comcast.net



Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

Colloquy                                                3

(The following was heard in open court at 2:00 p.m.)

THE COURT:  Good afternoon, Council.  We are on the record in the matter of In re: Maiden holdings, Ltd. securities litigation, Civil Action Number 19-5296.  We're here for discovery conference.

I'm pausing because I'm not sure if we're recording.  Just bear with me.

We're here for a discovery conference, as well as a status conference.

Can I please have appearances of counsel beginning with plaintiff's counsel.

MR. JOHNSON:  Good afternoon, Your Honor.  This is Patton Johnson at the Robbins Geller firm on behalf of the plaintiffs here with me is Tor Gronborg also from our firm as well as Ashley Pyle.  Also, from Robbins Geller.  Good afternoon.

THE COURT:  Good afternoon.

MR. GOLDBERG:  Good afternoon, Your Honor, Jacob Goldberg from the Rosen law firm and with me is my partner, Daniel Tyre-Karp.  Also, on behalf of plaintiffs.

THE COURT:  Good afternoon.

And for the Maiden --

MR. TORTORELLA:  Good afternoon --

THE COURT:  -- Holding?  Go ahead.

MR. TORTORELLA:  Yes.  Good afternoon, Your Honor

Colloquy 4

John Tortorella from Marino, Tortorella & Boyle on behalf of Maiden Holdings.  With me is my colleague Jacob Waldman from the Quinn Emanuel firm.

THE COURT:  Good afternoon.

MR. WALDMAN:  Good afternoon.

MR. KINGSBERY:  Good afternoon, Your Honor.

MS. JONAT:  Good afternoon, Your Honor.

THE COURT:  Okay --

MS. JONAT:  Go ahead, Paul.

MR. KINGSBERY:  Good afternoon, Your Honor.  This is Paul Kingsbery of Calcagni & Kanefsky for non-party AmTrust.  And Mr. Barry Zyskind.  And with me from Holwell Shuster & Goldberg is Jayme Jonat.

THE COURT:  Good afternoon, everyone.  Hope you're all doing well.

Initially, this was scheduled to address the discovery issue with Mr. Zyskind, which would have been document 243 and 249.  Today I got a letter indicating that that issue was resolved.  I also got a stipulation, just need to confirm that the Court doesn't need to file -- to sign the stipulation.

MR. JOHNSON:  That's correct, Your Honor.  The issue has been resolved and that stipulation is -- it's just between plaintiffs and Mr. Zyskind.

THE COURT:  All right.  Fair enough.  The letter

Colloquy                                           5

that was filed today also indicate that there's still an outstanding issue with regard to a protocol that the parties were supposed to reach with regard to the review of the party privilege information.  So I did take a look at the relevant documents, which were Number 237 and 242.

And before I address them, I just don't want to forget, just a note to counsel.  If you file any discovery application or motions on the seal.  Can you also send a hard copy to the Court.

MR. JOHNSON:   Yes, Your Honor.

THE COURT:  All right.  So I am, you know, I was -- I overlooked this application and to be honest with you, I was a little surprised that there was actually an application stemming from a stipulation on agreement that the parties had at the last discovery conference, just to, you know, create a process for reviewing for the party subpoenaed information. So I'm not going to hear arguments on that.  I did review both letters and this is my conclusions.

So the three paragraphs that's at issue.  This is how it should be addressed.  If defendant believes that a non-party responsive documents include defendants privilege information, including defendants attorney with product, defendant shall timely notify plaintiff of this belief and I would plan to conduct a review, a privilege review of those documents.  I don't think the Court needs to get into or

Colloquy                                                                6

defendant needs to get in or either party needs to get into the basis of the belief and sharing the basis of that belief suffice if there's a belief, then just let the other side know and I'm not going to say, let them know within two days, three days.  Just a timely notice, and I am going to expect counsel to be guided by reasonableness.  And I don't think I need to delve into the minutia or to make to granular, or ruling, otherwise the parties would be before me every time there is a -- an application.  And it's -- all counsel in this case are seasoned.  And I just expect counsel to act with a certain degree of reasonableness without getting the Court involved and all the minor issues.

Any questions with regard to that particular issue.

MR. TORTORELLA:  Not from Maiden Holdings, Your Honor.

MR. JOHNSON:  Not from plaintiffs, Your Honor, will incorporate that language into the stipulation and get a degree with defendants.

THE COURT:  All right.  if you need me to sign it, you know, file it on the docket and I'll go ahead and sign it. If it's a stipulation similar to the stipulation that was reached today, you can notify the Court.  It'll be on the docket, whether you need it filed or not.

So that addresses that and I think the final issue was simply the status of discovery.  And I'll hear first from

plaintiff's counsel on that.

MR. JOHNSON:  Yes, Your Honor and hopefully I may be speaking for both parties since we spoke in advance of this conference.  Discovery and particularly document discovery has been moving along.  It has been a bit of a lengthy process but not surprising given that we're dealing with several different sources of electronically stored information, e-mails, text, shared servers, and the parties have been cooperatively working to come up with a list of custodians and search terms to use for that.  As you can imagine, that involves a lot of testing, a lot of back and forth with different variations of terms and using different terms for different custodians.

So I would describe it, either while we -- the parties have had their differences.  It has been a cooperative endeavor.  I think we've been able to resolve just about all of our disputes and hopefully for the last few we will.  The upshot of it is, is that defendants like third parties have been producing documents.  But given the length of time and the complications getting to where we are with search terms and custodians, and they can speak, but they wouldn't be in position to meet this substantial completion deadline of April 17th.  You know, given their need to do quality control and even as the sources are being identified and documents are pulled, they obviously need have secondary steps that need to take place.

And so that led -- that was a reason to come to you is we have an understanding of why we're not here, sort of cast (indiscernible) on why the substantial completion deadline isn't being met. I think we have an understanding of it, given the complication. And so I think the parties jointly would like to discuss with you the best way of moving that date and sort of the commensurate dates back to accommodate a quick but sort of fulsome review and production of documents.

And so I'd say it's that deadline. I'm talking about the substantial completion deadline and then most of the other deadlines trail behind it. I think class certification stands aside. We've obviously filed our motion. I believe defendants are on track to file theirs on time and we don't see a need to move that. But with the other dates, we do jointly see a need to adjust the schedule.

THE COURT: What's the proposal?

MR. GRONBORG: Well, we talked about this yesterday. I think defendants wanted to get a real grasp on what the production will entail now that we're pretty close so that we're not coming back piecemeal. I think what we were talking about was probably two to two and a half months. But Mr. Waldman can also -- that was our discussion yesterday, correct me if he or let me know that's still probably the range.

THE COURT: Happy to hear from you, Mr. Waldman.

Colloquy                                                    9

MR. WALDMAN:  Thank you.  Thank you, Your Honor.  I think Mr. Gronborg's description of where the parties have been and the parties relative cooperation in the process is accurate.  We're just dealing with a very substantial volume of documents, Your Honor, in the hundreds of thousands.  You know, we have probably gone through with respect to first level review, maybe three hundred thousand documents.  (Indiscernible) have, you know, another -- it's hard to say exactly, but at least hundred thousand probably to go.  We have a very large team that's spending a very substantial number of hours going through the documents.  And so we have been moving the process along and committed a lot of time and a lot of resources.  And it's, I think, probably by the substantial completion deadline, our team's initial review. They will have put eyes probably on every document, but in order to meet our own obligations to quality check the production and to make sure we're producing documents that are responsive and aren't privileged.

There are, as Mr. Gronborg said, a number of additional quality check steps that the -- our review team and then the attorney teams are both going through.  And that will take in order to be, you know, to be of the quality necessary. We believe will take another -- would require adding another, perhaps sixty to seventy-five days to the overall schedule. We don't think -- and based on kind of our calculations now,

and our pacing, we don't believe that we would need to come back to the Court after that to request additional time.  We believe we can get it -- get done a quality checked production substantially complete with that amount of additional time.

The only other thing I'd add is that I also echo what Mr. Gronborg said that there's the -- the schedule for class certification does stand aside.  We expect to file our opposition on time at the end of this month.

THE COURT:  All right.  So how about if we do two-month extension for the substantial completion, which takes us from April 17th to June 17th?

MR. WALDMAN:  I think that would be fine, Your Honor.

THE COURT:  All right.

UNIDENTIFIED SPEAKER:  Your Honor, if I may.

THE COURT:  Yes.

UNIDENTIFIED SPEAKER:  If I may, it would be possible for the parties to put together using that as the guidepost, put together the remaining schedule.  And I say that in the sense of I know certain deadlines, if you just add sixty days or, you know, may hit on a holiday and we may want to adjust something a week forward or a week back.  But using that as a guidepost, would it be possible for the parties to work that out and say, by Friday or Monday, submit a joint proposed schedule?

Colloquy                                    11

THE COURT:  You actually read my mind --

UNIDENTIFIED SPEAKER:  Okay.

THE COURT:  -- because I was going to ask if you would submit a proposal.

UNIDENTIFIED SPEAKER:  Okay.

THE COURT:  So today is the 1st, Monday would be the 6th, April 6th (indiscernible) proposed schedule.

UNIDENTIFIED SPEAKER:  Thank you.

MR. WALDMAN:  Thank you, Your Honor.

THE COURT:  Anything else with regard to overall status, discovery status?

MR. JOHNSON:  Your Honor, we do have one outstanding discovery issue.  If the Court recalls at the last hearing, we had a dispute with regards to AmTrust and the Court asked for a supplemental briefing that has been completed to the extent the Court would like to discuss that today.  I'm prepared to do that.  Otherwise, those papers have been filed and are on the docket.

THE COURT:  So I am aware of that.

MR. JOHNSON:  Okay.

THE COURT:  I was hoping to be able to address that today.  Unfortunately, I'm not ready.  So I will continue to look at it to the extent I can issue a ruling without scheduling any further oral arguments.  I'll go ahead and do that.  But if I find that I need oral argument, I'll schedule

Colloquy                                          12

something and it's my hope to get around to this relatively soon.  I know it's been hanging out for a minute.

MR. JOHNSON:  Understand Your Honor.

THE COURT:  Yes.

MR. JOHNSON:  Completely understand.  I think from plaintiffs that -- we have nothing else, Your Honor.

MR. TORTORELLA:  Nothing further from Maiden Holdings, Your Honor.

THE COURT:  And from the respondent.

MR. KINGSBERY:  Nothing further from AmTrust or Mr. Zyskind.  Thank you.

THE COURT:  All right.  Thank you all.  And I do appreciate council working out the issue with regard to discovery from Barry Zyskind.  So I'll look forward to receiving your proposed order on the 6th, April 6th.  And I'll also schedule a status conference for another two months. Thank you all.  Take care.

ALL:  Thank you, Your Honor.

(Proceedings concluded at 2:50 p.m.)

* * *

13

# **C E R T I F I C A T I O N**

I, Bernadette Arlene, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings on April 06, 2026 in the above-entitled matter.

_/s/Bernadette Arlene_                    _04/06/2026_

BERNADETTE ARLENE                    DATE

DIANA DOMAN TRANSCRIBING, LLC