# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *IN RE MAIDEN HOLDINGS, LTD. SECURITIES LITIGATION*<br><br>This Document Relates to:<br><br>*ALL ACTIONS* | Master Case No.:<br>1:19-cv-05296-CPO-SAK<br><br>**REPLY BRIEF OF AMTRUST FINANCIAL SERVICES, INC. IN FURTHER SUPPORT OF ITS MOTION TO SEAL**<br><br>Motion Day: April 20, 2026 |

Shawn P. Barnes
Paul C. Kingsbery
**CALCAGNI & KANEFSKY LLP**
One Newark Center
1085 Raymond Blvd., 18th Floor
Newark, New Jersey 07102
(862) 208-1811
sbarnes@ck-litigation.com
pkingsbery@ck-litigation.com

Jayme Jonat (pro hac vice)
Jessica Marder-Spiro (pro hac vice)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
jjonat@hsgllp.com
jmarder-spiro@hsgllp.com

*Attorneys for Non-Party AmTrust Financial Services, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................ ii

I.      FACTUAL BACKGROUND ........................................................................1

II.     LEGAL STANDARD....................................................................................5

III.    ARGUMENT..................................................................................................7

        A.      AmTrust's Motion to Seal Complied with the Requirements
                of Local Civil Rule 5.3(c). ................................................................7

        B.      The Portions of the Rasnick Declaration That AmTrust Seeks
                to Redact Are Entitled to Protection from Public Disclosure...............11

IV.     CONCLUSION............................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Amato v. Subaru of Am., Inc.*,
   2024 WL 4025042 (D.N.J. Jan. 17, 2024) ...........................................................6

*Brooks v. Wal-Mart Stores, Inc.*,
   2020 WL 1969937 (D.N.J. Apr. 24, 2020) ..........................................................12

*Caldwell v. Amazon Services LLC*,
   2024 WL 4589776 (D.N.J. Oct. 28, 2024) ..........................................................13

*Centennial Mill by Del Webb Community Ass'n, Inc. v. Ply Gem Holdings, Inc.*,
   2018 WL 3085210 (D.N.J. June 22, 2018) ..........................................................12

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*,
   2016 WL 234838 (D.N.J. Jan. 19, 2016) .............................................................14

*Horizon Pharma AG v. Watson Labs. Inc.—Florida*,
   2015 WL 12859581 (D.N.J. Apr. 22, 2015) .........................................................13

*Immunomedics, Inc. v. Roger Williams Med. Ctr.*,
   2018 WL 11417043 (D.N.J. Sept. 18, 2018) ........................................................10

*In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*,
   924 F.3d 662 (3d Cir. 2019) ................................................................................12

*In re Caterpillar Inc., C13 and C15 Engine Prods. Liab. Litig.*,
   2015 WL 12830520 (D.N.J. Jan. 29, 2015) .........................................................13

*In re Cendant Corp.*,
   260 F.3d 183 (3d Cir. 2001) ..............................................................................5, 6

*In re Maiden Holdings, Ltd. Sec. Litig.*,
153 F.4th 354 (3d Cir. 2025)................................................................................1

*In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*,
2022 WL 974208 (D.N.J. Feb. 10, 2022) .........................................................13

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
998 F.2d 157 (3d Cir. 1993) ..................................................................... 6, 12, 13

*Nexus Pharmas., LLC v. Nevakar, Inc.*,
2024 WL 357815 (D.N.J. Jan. 31, 2024) ..........................................................14

*O'Brien v. BioBanc USA*,
2010 WL 2923283 (D.N.J. July 19, 2010).........................................................12

*Pa. Nat'l Mut. Cas. Ins. Co. v. New England Reinsurance Corp.*,
794 F. App'x 213 (3d Cir. 2019) ........................................................................12

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) ...................................................................................6

*Reilly v. Home Depot, USA, Inc.*,
2021 WL 12318159 (D.N.J. Sept. 13, 2021) ......................................................7

*Reilly v. Solar*,
2021 WL 248872 (D.N.J. Jan. 26, 2021) ...........................................................13

*Securimetrics, Inc. v. Iridian Techs., Inc.*,
2006 WL 827889 (D.N.J. Mar. 30, 2006).......................................................6, 12

*Supernus Pharms., Inc. v Actavis, Inc.*,
2015 WL 12837642 (D.N.J. May 13, 2015).......................................................12

*UMG Recordings, Inc. v. RCN Telecom Servs., LLC*,
    2024 WL 4957158 (D.N.J. Nov. 13, 2024).............................................................6

*Vetter v. Rustoleum Corp.*,
    2024 WL 1907620 (D.N.J. Apr. 9, 2024).............................................................5


**RULES**

L. Civ. R. 5.3(c)............................................................................................... *passim*

L. Civ. R. 7.2(a).......................................................................................................7

Non-Party AmTrust Financial Services, Inc. ("AmTrust") submits this reply brief in further support of AmTrust's motion pursuant to Local Civil Rule 5.3(c) (ECF No. 251) for leave to file a redacted version of the Declaration of Michael Rasnick dated February 27, 2026 (ECF No. 238-01), which AmTrust filed in connection with Lead Plaintiffs Boilermaker-Blacksmith National Pension Trust and Taishin International Bank Co. Ltd.'s ("Lead Plaintiffs") motion to compel the production of documents from AmTrust. For the reasons explained in detail below, AmTrust's motion should be granted because AmTrust complied with all applicable requirements of Local Civil Rule 5.3(c) and because the portions of the Rasnick Declaration that AmTrust seeks to redact from the public docket meet this Court's requirements for protection from public disclosure.

## I.    FACTUAL BACKGROUND

AmTrust is not a party to this litigation, which concerns Lead Plaintiffs' allegation that Defendant Maiden Holdings, Ltd. ("Maiden") "unlawfully omitted known, materially adverse historical loss ratios that conflicted with Maiden's loss ratio estimates and loss reserve statements as reported in [Securities and Exchange Commission] disclosure forms." *In re Maiden Holdings, Ltd. Sec. Litig.*, 153 F.4th 354, 365 (3d Cir. 2025). AmTrust's involvement in this litigation began in October 2025, when Lead Plaintiffs' counsel issued a subpoena *duces tecum* to AmTrust seeking the production of thirty-five categories of documents. ECF No. 205-1.

AmTrust objected to the subpoena as, among other things, overbroad and unduly burdensome because, as issued by Lead Plaintiffs, the subpoena brought within its scope nearly every AmTrust document created over an almost six-year period.

AmTrust and Lead Plaintiffs were unable to resolve their disagreement regarding the scope of the subpoena, and on January 20, 2026, Lead Plaintiffs brought a letter application, ECF No. 205, seeking to compel AmTrust to produce certain categories of documents pursuant to Paragraph 7 of this Court's Scheduling Order dated November 13, 2025, ECF No. 189. AmTrust filed its own letter brief opposing the application on January 27, 2026. ECF No. 212. The Court heard AmTrust and Lead Plaintiffs on their discovery disputes during a conference on February 5, 2026, and, among other things, ordered supplemental briefing on Lead Plaintiffs' request for documents concerning AmTrust's accounting and internal processes. ECF Nos. 225, 226.

Pursuant to the terms of a scheduling stipulation approved by the Court, ECF Nos. 227, 228, Lead Plaintiffs filed their supplemental brief under temporary seal[1] on February 20, 2026, pursuant to Local Civil Rule 5.3(c)(4). ECF No. 235.

---

[1]    Lead Plaintiffs' supplemental brief was accompanied by a declaration of counsel that included as exhibits, *inter alia*, documents produced by Maiden subject to the Discovery Confidentiality Order in this case. Those documents are subject to a separate motion to seal brought by Maiden. ECF No. 250.

Likewise, AmTrust filed its supplemental brief under temporary seal pursuant to Local Civil Rule 5.3(c)(4) on February 27, 2026. ECF No. 238.

With the completion of briefing on Lead Plaintiffs' letter application on February 27, 2026, the deadline for any motion to seal materials submitted by either party was March 13, 2026. *See* L. Civ. R. 5.3(c)(2). Counsel for AmTrust contacted counsel for all parties in the case by email dated March 11, 2026, noting that AmTrust intended to request a one-week extension of that deadline. Decl. of Laurence M. Rosen in Opp. to AmTrust Mot. to Seal ("Rosen Decl.") Ex. 1 at 3–4, ECF No. 253-1. The parties' counsel did not object to the proposed extension, with Defendants' counsel noting that Defendants "are likely to put in papers as well," *id.* at 3, and Lead Plaintiffs' counsel stating: "Plaintiffs do not objection. [sic] We don't need to review the filing to extend the time, but will reserve our right to respond to the Court if there is anything objectionable. ¶ Please send us the joint motion for sealing with enough time to review before next Friday." *Id.* at 2.

On Tuesday, March 17, 2026, AmTrust's counsel provided a proposed index in the form required by Appendix U to the DNJ Local Rules. Rosen Decl. Ex. 2 at 2. AmTrust identified the portions of the Rasnick Declaration which it intended to redact from the publicly filed version of that document, and "include[d] spaces for designating portions of the other papers filed under seal in connection with Plaintiffs' application to compel for redaction, in case one or both parties intend to join our

– 3 –

motion and seek additional redactions." *Id.* AmTrust's counsel further stated that "the other supporting materials in support of the motion to file under seal (notice of motion, supporting declaration, and proposed findings of fact and conclusions of law)" would be provided "once we know the other parties' positions on sealing." *Id.* AmTrust's counsel sent a reminder email the next day, again requesting the parties' positions on AmTrust's proposed sealing of portions of the Rasnick Declaration so that it could prepare the other motion papers required by Local Civil Rule 5.3(c). *Id.* at 1.

Lead Plaintiffs' counsel refused to provide Lead Plaintiffs' position on sealing the portions of the Rasnick Declaration identified by AmTrust until the "full filing" had been provided. *Id.; see also* Rosen Decl. Ex. 1 at 1. And Defendants' counsel, instead of joining in AmTrust's proposed motion, prepared a separate submission seeking to redact certain portions of Lead Plaintiffs' supplemental brief and the supporting documents submitted therewith. Rosen Decl. Ex. 3 at 7–8.

Accordingly, on the morning of Friday, March 20, 2026, AmTrust's counsel sent proposed motion papers for its anticipated motion to seal covering only the portions of the Rasnick Declaration. *Id.* at 6–7. Later that day, Lead Plaintiffs' counsel responded with proposed edits to AmTrust's motion papers indicating that they "do not oppose [AmTrust's motion] and take no position on the propriety of AmTrust's confidential designations or [its] arguments in support of the documents

remaining under seal." Rosen Decl. Ex. 4 at 2; *see also* Rosen Decl. Ex. 3 at 5. Lead Plaintiffs counsel did not express any desire to join the motion to seal—thus implicitly rejecting AmTrust's prior offer to file a joint motion—but nonetheless inexplicably proposed revisions to the Draft Proposed Findings of Fact, Conclusions of Law, and Order to Seal ("Proposed Findings") that AmTrust had provided. Rosen Decl. Ex. 5.  When AmTrust's counsel rejected those proposed edits to the Proposed Findings—for a motion to which Lead Plaintiffs were neither objecting or joining— Lead Plaintiffs' counsel suddenly changed its position on AmTrust's proposed redactions of the Rasnick Declaration, claiming, "[t]he proposed order extends outside the findings required for a sealing motion in LR 5.3(c)" and "[i]f you insist on keeping those extensions included, Plaintiffs will oppose AmTrust keeping these documents under seal." Rosen Decl. Ex. 3 at 3.

To avoid the dispute about the proper scope of the Proposed Findings, AmTrust filed its motion to seal and noted Lead Plaintiffs' opposition, as requested by Lead Plaintiffs. Rosen Decl. Ex. 3 at 2–3; AmTrust Mot. to Seal, ECF No. 251.

## II.    LEGAL STANDARD

There is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). However, "the right of public access is not absolute, and the presumption of public access is rebuttable." *Vetter v. Rustoleum Corp.*, 2024 WL 1907620, at *1 (D.N.J. Apr. 9, 2024) ("The

Court has the power to seal confidential information based upon its inherent supervisory authority over its own records and flies, and to deny public access to judicial records where those records might 'become a vehicle for improper purposes.'" (quoting *In re Cendent*, 260 F.3d at 194)). A party may overcome the "presumption of [the] public right of access" upon a showing that "'good cause' exists for the protection of the material at issue." *Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). To show good cause, a party must show "that the information is confidential in nature and that allowing the general public to access the information will cause a specific and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

Additionally—and of critical importance for this motion—according to long-standing precedent in this Circuit, there is no presumptive right of access to discovery motions and supporting materials. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993); *Securimetrics*, 2006 WL 827889, at *2 (noting that, in contrast to discovery motions, the "presumption in favor of public access applies" to motions to amend a pleading); *see also UMG Recordings, Inc. v. RCN Telecom Servs., LLC*, 2024 WL 4957158 (D.N.J. Nov. 13, 2024); *Amato v. Subaru of Am., Inc.*, 2024 WL 4025042, at *2 (D.N.J. Jan. 17, 2024). While a movant must still demonstrate a "privacy" or "confidentiality" interest in the subject documents or materials, the showing required by L. Civ. R. 5.3(c) is a lower hurdle

because "[w]here . . . a party seeks to seal documents in connection with discovery motions, there is no such presumptive right to public access." *Reilly v. Home Depot, USA, Inc.*, 2021 WL 12318159, at *2 (D.N.J. Sept. 13, 2021).

## III.   ARGUMENT

### A.   AmTrust's Motion to Seal Complied with the Requirements of Local Civil Rule 5.3(c).

In this District, motions to seal court filings are governed by Local Rule 5.3(c), which states that "[a]ny motion papers shall include as part of an affidavit, declaration, certification . . . which shall be based on personal knowledge as required by Local Civil Rule 7.2(a), an index, substantially in form suggested by Appendix U, describing with particularity:

(a)   the nature of the materials or proceedings at issue;
(b)   the legitimate private or public interest which warrants the relief sought;
(c)   the clearly defined and serious injury that would result if the relief sought is not granted;
(d)   why a less restrictive alternative to the relief sought is not available;
(e)   any prior order sealing the same materials in the pending action; and
(f)   the identity of any party or nonparty known to be objecting to the sealing request.

Such index shall also include, as to each objection to seal any material:

(g)   the materials to which there is an objection;
(h)   the basis for the objection; and
(i)   if the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal."

L. Civ. R. 5.3(c)(3)(a)–(i). The movant is not required to file a brief in support of the motion "unless a party believes it will assist the Court," L. Civ. R. 5.3(c)(1), but the

– 7 –

movant must include Proposed Findings of Fact and Conclusions of Law. L. Civ. R. 5.3(c)(3).

In seeking to seal narrow and specifically identified portions of the Rasnick Declaration, AmTrust fully complied with the requirements of Local Civil Rule 5.3(c). Each of Lead Plaintiffs' contentions to the contrary are flawed and should be disregarded by the Court.

Lead Plaintiffs first contend that AmTrust failed to satisfy the requirements of L. Civ. R. 5.3(c)(3)(a) because it failed to describe "the nature of the materials or proceedings at issue" with the requisite "particularity." Pls.' Opp. Br. at 9, ECF No. 253. That contention is entirely without merit, as the index required by Local Rule 5.3(c), which was annexed to the supporting declaration of counsel, clearly and precisely identifies the specific paragraphs that AmTrust seeks to redact from the publicly filed version of the Rasnick Declaration. In their opposition, Lead Plaintiffs have failed entirely to articulate what additional "particularity" is required when a movant seeks to redact portions of a document.

In satisfaction of L. Civ. R. 5.3(c)(3)(b) and (c), the Index included with the declaration of counsel also specifies the claimed basis for sealing of each paragraph, noting that Paragraph 5 of the Rasnick Declaration "lists specific individuals related to AmTrust's document collection and process, which is governed by the Confidentiality Order," and noting that Paragraphs 8, 11, 12, 13, 14, and 15 are

– 8 –

entitled to sealing because each contains AmTrust's "sensitive, non-public business information." For the proposed redaction to Paragraph 5, the Index further noted that the public disclosure of information regarding its document collection and process is "highly likely to cause harm." And for the proposed redactions to Paragraphs 8, 11, 12, 13, 14, and 15, the Index notes that the public disclosure of "AmTrust's sensitive business information is highly likely to cause harm to its business and competitive position." *See* Kingsbery Decl. in Supp. of AmTrust Mot. to Seal Ex. 1, ECF No. 251-01 ("Kingsbery Decl."). Of course, each of these statements in the Index must be read in the context of the supporting declaration of counsel to which the Index is attached. In pertinent part, the declaration of counsel states:

> The portions of the Rasnick Declaration that AmTrust seeks to redact (the "Confidential Material") contain non-public, personally and commercially sensitive information of AmTrust. Public disclosure of the Confidential Material is likely to cause serious injury to the affected individuals and the business of the affected parties. Specifically, the Confidential Material includes: (i) confidential information regarding AmTrust's document collection and process of responding to the Lead Plaintiffs' subpoena (including the names of specific individual custodians), which is subject to a Discovery Confidentiality Order entered in this case (ECF No. 107); (ii) sensitive, non-public business information relating to AmTrust's costs of responding to the Lead Plaintiffs' subpoena; and (iii) sensitive, non-public information regarding AmTrust's insurance business and internal systems.

Kingsbery Decl. ¶ 3. Tellingly, Lead Plaintiffs' argument that AmTrust has failed to comply with the requirements of L. Civ. R. 5.3(c)(3)(b) and (c) omits any reference to the foregoing paragraph of AmTrust's supporting declaration. So while Lead

Plaintiffs claim that the materials offered in support of the motion to seal are "conclusory," *see* Pl.'s Opp. Br. at 9–10, Lead Plaintiffs have failed to address material portions of AmTrust's motion papers. Moreover, Lead Plaintiffs have failed entirely to address the standard for protection of such information in the context of discovery motions.

Similarly, Lead Plaintiffs claim that AmTrust's motion to seal fails to satisfy L. Civ. R. 5.3(c)(3)(d) because the submission does not identify "why a less restrictive alternative to the relief sought is not available." But again, Lead Plaintiffs mischaracterize the actual submission, which does not simply state that "[a]ny less restrictive alternatives would risk the disclosure of confidential information." *See* Pl.'s Opp. at 10. Rather, the Index specifically notes that AmTrust proposes filing a "redaction version of the document," and AmTrust did not seek to file the Rasnick Declaration under seal in its entirety. Here, filing the document with confidential information redacted is the least restrictive alternative available that is consistent with AmTrust's interest in protecting its confidential information. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, 2018 WL 11417043, at *2 (D.N.J. Sept. 18, 2018) (finding there was "no less restrictive alternative available" where "[o]nly the confidential portions of the foregoing documents will be restricted from public access."). And Lead Plaintiffs have proposed no alternative to the limited redactions AmTrust seeks.

Finally, Lead Plaintiffs claim that AmTrust "unilaterally filed" its motion to seal, in "violation of Local Rule 5.3(c)." Pls.' Opp. Br. at 4. That is not accurate. As described above, AmTrust offered to file a joint motion to seal and attempted to ascertain Lead Plaintiffs' position on sealing the designated portions of the Rasnick Declaration, but Lead Plaintiffs' counsel refused to provide its position without seeing the "full filing" AmTrust intended to make. And when the "full filing" was provided to Lead Plaintiffs, Lead Plaintiffs took the position that, if AmTrust made certain revisions to its Proposed Findings, it would neither join nor oppose the motion to seal. While Local Civil Rule 5.3(c) does require parties to meet and confer in advance of a sealing motion and to work cooperatively to file a joint motion if possible, it does not prohibit a movant from filing a motion to seal whenever another party in the litigation refuses to join or opposes it. And tellingly, Lead Plaintiffs have cited no cases in which a movant was barred from filing a motion to seal after attempting to confer in good faith with other interested parties regarding the proposed sealing.

**B.      The Portions of the Rasnick Declaration That AmTrust Seeks to Redact Are Entitled to Protection from Public Disclosure.**

In its sealing motion, AmTrust seeks to redact seven specifically identified paragraphs of the Rasnick Declaration. As described in AmTrust's supplemental brief, ECF No. 238, the Rasnick Declaration was submitted to support AmTrust's argument that complying with Lead Plaintiffs' discovery requests would be

– 11 –

exceedingly burdensome. In doing so, the Rasnick Declaration disclosed non-public information regarding AmTrust's collection efforts and process, the costs to AmTrust of responding to the Lead Plaintiffs' subpoena, and AmTrust's internal business processes relating to its insurance business.

First, any consideration of whether AmTrust has satisfied its burden on the motion to seal must take into account that, unlike materials submitted in the context of a non-discovery motion, materials submitted in connection with discovery motions are *not* entitled to the same presumption of public access. *Leucadia*, 998 F.2d at 164. The overwhelming majority of the cases on which Lead Plaintiffs rely for their opposition relate to non-discovery motions. *Securimetrics*, 2006 WL 827889, at *2 (motion to amend); *Supernus Pharms., Inc. v Actavis, Inc.*, 2015 WL 12837642, at *1 (D.N.J. May 13, 2015) (claim construction brief and supporting materials); *Brooks v. Wal-Mart Stores, Inc.*, 2020 WL 1969937, at *7 (D.N.J. Apr. 24, 2020) (summary judgment opposition exhibits); *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) (summary judgment motions); *Pa. Nat'l Mut. Cas. Ins. Co. v. New England Reinsurance Corp.*, 794 F. App'x 213 (3d Cir. 2019) (motion to compel arbitration); *O'Brien v. BioBanc USA*, 2010 WL 2923283, at *3 (D.N.J. July 19, 2010) (summary judgment motion); *Centennial Mill by Del Webb Community Ass'n, Inc. v. Ply Gem Holdings, Inc.*, 2018 WL 3085210 (D.N.J. June 22, 2018) (motion to remand to state court); *Reilly v.*

– 12 –

*Solar*, 2021 WL 248872, at *1 (D.N.J. Jan. 26, 2021) (motions to seal and preclude expert testimony); *Caldwell v. Amazon Services LLC*, 2024 WL 4589776, at *1 (D.N.J. Oct. 28, 2024) (summary judgment motion); *Horizon Pharma AG v. Watson Labs. Inc.—Florida*, 2015 WL 12859581, at *1 (D.N.J. Apr. 22, 2015) (motion to amend patent disclosures).

The only two cases cited by Lead Plaintiffs involving motions to seal materials submitted in support of discovery motions are *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, 2022 WL 974208 (D.N.J. Feb. 10, 2022) (Vanaskie, U.S.C.J. Ret., Special Master), which was an order issued by a retired judicial officer who had been appointed as a special master, and *In re Caterpillar Inc., C13 and C15 Engine Prods. Liab. Litig.*, 2015 WL 12830520, at *2 (D.N.J. Jan. 29, 2015). However, neither of these decisions purported to reject the rule in *Leucadia* that discovery motions are not entitled to a presumption of public access; it appears that the argument was not presented for the Special Master's nor the Court's consideration, respectively. *Valsartan*, 2022 WL 974208, at *3–4; *Caterpillar*, 2015 WL 12830520, at *2. As none of the decisions proffered by Lead Plaintiffs addresses the correct standard governing motions to seal documents filed in connection with discovery motions, none supports the denial of AmTrust's motion.

Second, each of the categories of information that AmTrust seeks to seal here constitutes protectable information that Courts have recognized to be entitled to

– 13 –

protection from public disclosure. Paragraphs 5 and 8 both contain AmTrust's confidential and sensitive business information—specifically relating to the employees whose documents it is collecting to respond to Lead Plaintiffs' subpoena and the costs of responding to the subpoena. *See City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, 2016 WL 234838, at *3 (D.N.J. Jan. 19, 2016). And Paragraphs 11, 12, 13, 14, and 15 contain confidential information regarding AmTrust's internal insurance business systems and processes for accounting and underwriting. *Nexus Pharmas., LLC v. Nevakar, Inc.*, 2024 WL 357815, at *2 (D.N.J. Jan. 31, 2024). Accordingly, even if the Court were to apply a strong presumption in favor of public access to AmTrust's motion, AmTrust respectfully submits that the portions of the Rasnick Declaration which it seeks to redact are appropriate for protection.

## IV.    CONCLUSION

For all the foregoing reasons, the Court should grant AmTrust's motion for leave to file a redacted version of the Rasnick Declaration.

Dated:    Newark, New Jersey
          April 13, 2026

By:    ___/s/ Paul C. Kingsbery___
       Shawn P. Barnes
       Paul C. Kingsbery
       CALCAGNI & KANEFSKY LLP
       One Newark Center
       1085 Raymond Blvd., 18th Floor
       Newark, New Jersey 07102
       Tel: (862) 397-1796
       sbarnes@ck-litigation.com
       pkingsbery@ck-litigation.com